E-filing

1  SEYFARTH SHAW LLP
   Andrew M. Paley (State Bar No. 149699)
2  apaley@seyfarth.com
   David D. Jacobson (State Bar No. 143369)
3  djacobson@seyfarth.com
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Tele: (310) 277-7200; Fax: (310) 201-5219
5
   Attorneys for Defendant
6  RADIOSHACK CORPORATION

7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

10

11  RICHARD STUART, individually, and       Case No. C07-04499
    on behalf of all others similarly situated
12  and the California general public; and    CLASS ACTION
    DOES 1 through 1000, inclusive,
13                                             NOTICE OF REMOVAL OF
              Plaintiffs,                      ACTION UNDER 28 U.S.C. §1453
14                                             (CLASS ACTION FAIRNESS ACT
          v.                                   OF 2005); DECLARATIONS OF
15                                             TOSS A. HOBBS AND ANDREW
    RADIOSHACK CORPORATION, a                  M. PALEY IN SUPPORT OF
16  Delaware corporation; and DOES 1          REMOVAL
    through 100, inclusive,
17                                             (Alameda Superior Court Case No.
              Defendants.                      RGO 7329680)
18

19

20

21      TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL

23  OF RECORD:

24      PLEASE TAKE NOTICE that Defendant RADIOSHACK CORPORATION

25  ("RadioShack" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C.

26  sections 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C.

27  section 1332(d)(2), to effect the removal of the above-captioned action, which was

28  originally commenced in the Superior Court of the State of California in and for

    the County of Alameda.  This Court has original jurisdiction over the action

LA1 6652016.1

1  pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following

2  reasons:

### BACKGROUND

4       1.     On or about June 7, 2007, plaintiff RICHARD STUART,

5  individually and on behalf of a class of others similarly situated, filed a "Class

6  Action Complaint" against Defendant in the Superior Court of the State of

7  California, County of Alameda, Case No. RGO 7329680 (the "Complaint").  The

8  Complaint purports to allege claims of failure to reimburse for mileage (Labor

9  Code § 2802, 2804) and unfair business practices (Bus. & Prof. Code § 17200 *et*

10 *seq*.)  A copy of the Complaint is attached hereto as Exhibit A.

11      2.     On or about July 27, 2007, Plaintiff filed a First Amended Complaint.

12 The First Amended Complaint contains the same class action claims for

13 reimbursement under Labor Code § 2802 and violation of Bus. & Prof. Code

14 17200, but adds a claim for recovery of penalties under the California Private

15 Attorney's General Act of 2004 (Labor Code §§ 2699 et seq.)  A copy of the First

16 Amended Complaint is attached hereto as Exhibit I.

17      3.     The Complaint seeks to certify a class of "All persons employed by

18 Defendants within the State of California, at any time during the past four (4) years

19 through the present who drove their personal vehicles less than 25 miles to and

20 from RadioShack Stores and who were not reimbursed for mileage."  First

21 Amended Complaint, ¶ 7.

### TIMELINESS OF REMOVAL

23      4.     RadioShack first received a copy of the First Amended Complaint on

24 August 6, 2007, when counsel for Plaintiff emailed a copy to counsel for

25 RadioShack.  Declaration of Andrew Paley, ¶ 2.

26      5.     RadioShack filed its Answer in State Court on August 29, 2007.  A

27 copy of the Answer is attached hereto as Exhibit O.

28 / / /

-2-
Notice of Removal

1    6.    RadioShack was not put on notice that Plaintiff seeks recovery of over

2  $5 million until Plaintiff sent RadioShack's counsel a copy of the First Amended

3  Complaint on August 6, 2007.  This Notice of Removal is timely as it is filed

4  within thirty (30) days of the first receipt by RadioShack of a copy of the First

5  Amended Complaint.  28 U.S.C. § 1446(b).

6           **ORIGINAL JURISDICTION — CLASS ACTION FAIRNESS ACT**

7    7.    This Court has original jurisdiction of this action under CAFA,

8  codified in pertinent part at 28 U.S.C. § 1332(d)(2).  As set forth below, this action

9  is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court

10  has original jurisdiction over the action, because the aggregated amount in

11  controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a

12  class action in which the named plaintiff is a citizen of a state that is different from

13  that of Defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of

14  putative class members is greater than 100.  28 U.S.C. § 1332 (d)(5)(B).

15  Declaration of Toss A. Hobbs, filed concurrently herewith, ¶ 8.

16             **DIVERSE CITIZENSHIP OF THE PARTIES**

17    8.    **Plaintiff's Citizenship.**  Defendant is informed and believes, and on

18  that basis alleges, that Plaintiff is, and at all relevant times herein was, a resident

19  of the State of California.  See First Amended Complaint ¶4.  For diversity

20  purposes, a person is a "citizen" of the state in which he is domiciled.  *Kantor v.*

21  *Wellesly Galleriees, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence

22  is prima facie evidence of his domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 29

23  F.3d 514, 520 (10th Cir. 1994).

24    9.    **Defendant's Citizenship.**  Pursuant to 28 U.S.C. § 1446(c), "a

25  corporation shall be deemed to be a citizen of any State in which it has been

26  incorporated, and of the State where it has its principal place of business."

27  Defendant is a corporation incorporated under the laws of Delaware, and its

28  principal place of business is in Texas.  See Hobbs Decl. ¶¶ 3-4.

LA1 6652016.1

### a.    Place of Operations Test

The principal place of business is determined by using one of two tests. The "place of operations" test examines which state "'contains a substantial predominance of corporate operations.'" *Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990) (*quoting Inland Rubber Corp. v. Triple A Tire Service, Inc.*, 220 F. Supp. 490, 496 (S.D.N.Y. 1963)). Courts in the Ninth Circuit analyze "a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place." *Tosco Corp. v. Comm. For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001) (*citing Industrial Tectonics*, 912 F.2d at 1094). Another relevant factor is the location of the defendant's executive and administrative functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003).

### b.    Nerve Center Test

The second test, the "nerve center test," locates a company's "principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp.*, 236 F.3d at 500 (citing *Industrial Tectonics*, 912 F.2d at 1092-93). The Ninth Circuit "applies the place of operations test unless the [company's] activities do not substantially predominate in any one state." *Tosco Corp.*, 236 F. 3d at 500. Where there is no substantial predominance of operations in any one state, the nerve center test applies: "This test is generally utilized when a corporation's activities are far flung and operations are conducted in many states." *Arellano*, 245 F. Supp. 2d at 1106 (citation omitted).

/ / /

/ / /

/ / /

/ / /

-4-

Notice of Removal

c.    **RadioShack's Operations Mandate Application of the**
**Nerve Center Test**

RadioShack's sales activities and business operations are widely dispersed throughout the United States. RadioShack operates over 4,400 stores and 700 kiosks in all 50 states, as well as Puerto Rico and the Virgin Islands. Hobbs Decl., ¶ 6. Because RadioShack's business operations are so widely dispersed throughout the United States, the "place of operations" test is not the applicable test to determine Defendant's principal place of business. *See Arellano*, 245 F. Supp. 2d at 1106-1108.

Rather, because RadioShack's business operations do not substantially predominate in any one state, the "nerve center test" is the applicable test. Some relevant considerations under this test include where the directors and owners meet and live, where the executives live and work, where the administrative and financial offices and records are located, where the "home office" is located, where policy decisions are made, and where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D.Cal. 1964).

In RadioShack's case, the company's corporate headquarters, where its high-level executive management and administrative functions are performed, is located in Texas. Hobbs Decl., ¶ 5. In addition, many of RadioShack's directors and executive officers reside and work in Texas. *Id*. The company's Texas corporate headquarters are where its primary policy decisions are made, and where day-to-day control of the business is exercised. *Id*. Additionally, California accounts for less than thirteen percent of RadioShack's stores, kiosks and sales. Hobbs Dec. ¶ 6. RadioShack employs less than eleven percent of its total workforce in California. Hobs Decl. ¶ 7. RadioShack employs more people in the State of Texas than it does in California. *Id*.

/ / /

-5-
Notice of Removal

1    Consequently, under the nerve center test, RadioShack's principal place of

2    business is located in Texas, and as a result, RadioShack is not now, and was not at

3    the time of the filing of the Complaint, a citizen of the state of California within the

4    meaning of the Acts of Congress relating to the removal of cases.

5                              **AMOUNT IN CONTROVERSY**

6        10.    Under CAFA, the claims of the individual members in a class action

7    are aggregated to determine if the amount in controversy exceeds the sum or value

8    of $5,000,000. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal

9    jurisdiction to be appropriate under CAFA "if the value of the matter in litigation

10   exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of

11   the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive

12   relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,

13   at 49. Moreover, the Senate Judiciary Committee's Report on the final version of

14   CAFA makes clear that any doubts regarding the maintenance of interstate class

15   actions in state or federal court should be resolved in favor of federal jurisdiction.

16   S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters

17   in controversy' in a purported class action 'do not in the aggregate exceed the sum

18   or value of $5,000,000,' the court should err in favor of exercising jurisdiction over

19   the case . . . . Overall, new section 1332(d) is intended to expand substantially

20   federal court jurisdiction over class actions. Its provisions should be read broadly,

21   with a strong preference that interstate class actions should be heard in a federal

22   court if properly removed by any defendant.").

23       11.    The alleged amount in controversy in this class action, in the

24   aggregate, exceeds $5,000,000. The First Amended Complaint alleges that the

25   putative class consists of "[a]ll persons employed by Defendants within the State

26   of California, at any time during the past four (4) years through the present who

27   drove their personal vehicles less than 25 miles to and from RadioShack Stores and

28   who were not reimbursed for mileage." First Amended Complaint, ¶ 7.

Notice of Removal

LA1 6652016.1

1  RadioShack currently has approximately 3,000 employees in its California stores.

2  Hobbs Decl. ¶ 8. Thus, on the face of the complaint, there are as many as 3,000

3  employees who potentially fall within Plaintiff's definition of the purported class

4  of aggrieved employees. *Id.*

5       On behalf of the alleged class, Plaintiff seeks to recover damages for failure

6  to reimburse for mileage, and, more importantly for purposes of removal

7  jurisdiction, Plaintiff seeks PAGA penalties of at least $100 per pay period under

8  Labor Code § 2699(f).

9       12.   The statute of limitations for recovery of penalties under Labor Code

10  § 2699 is one year. Cal. Code of Civ. Proc. § 340(a). RadioShack has twenty-six

11  pay periods per year. Hobbs Decl ¶ 9. Using the current number of California

12  employees—approximately 3,000—this amounts to potential PAGA penalties of at

13  least $7,800,000. Additionally, Plaintiff seeks an undisclosed amount for

14  reimbursement of mileage expenses during the last four years, as well as attorneys'

15  fees and costs. Consequently, it is clear that the amount in controversy in this class

16  action, as pled by Plaintiff, exceeds $5,000,000.00.

17       13.   Because diversity of citizenship exists, Plaintiff, being a citizen of the

18  state of California (and other putative class members presumably being citizens of

19  the state of California as well), and the Defendant being a citizen of Delaware,

20  with its principal place of business in the State of Texas, and because the amount

21  in controversy exceeds $5,000,000, this Court has original jurisdiction of this

22  action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore a proper one for

23  removal to this Court pursuant to 28 U.S.C. § 1441(a).

24                    **VENUE AND INTRADISTRICT ASSIGNMENT**

25       14.   Venue lies in the Oakland division of this Court pursuant to Local

26  Rule 3-2 and 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action

27  originally was brought in the Superior Court of the State of California, County of

28  / / /

Notice of Removal

LA1 6652016.1

1  Alameda, and allegedly arises out of Plaintiff's employment in Alameda County.

2  See First Amended Complaint (Exh. I) at ¶ 4.

3  <strong>NOTICE OF REMOVAL</strong>

4       15.    This Notice of Removal will be promptly served on Plaintiff and filed

5  with the Clerk of the Superior Court of the State of California in and for the

6  County of Alameda.

7       16.    In compliance with 28 U.S.C. section 1446(a), true and correct copies

8  of all "process, pleadings, and orders" on file in the state court action are attached

9  hereto as the following exhibits:

10          A—Complaint;

11          B--Summons on Complaint;

12          C--Civil Cover Sheet;

13          D--Court's Notice of Hearing re Complex Case Determination;

14          E--Plaintiff's Notice of Hearing re Complex Case Determination;

15          F--Proof of Service of Summons & Complaint, Civil Case Cover

16          Sheet and ADR Package;

17          G--Court minutes re Designation as Complex Case;

18          H--Court's Order Designating Case Complex;

19          I--First Amended Complaint;

20          J--Summons on First Amended Complaint;

21          K--Plaintiff's Case Management Statement;

22          L--Joint Complex Case Management Statement;

23          M--Court Minutes re Case Management Conference;

24          N--Court Case Management Conference Order

25          O--Defendant's Answer to First Amended Complaint.

26  / / /

27  / / /

28  / / /

-8-
Notice of Removal

LA1 6652016.1

1    WHEREFORE, Defendant requests that the above action pending before the

2  Superior Court of the State of California for the County of Alameda be removed to

3  the United States District Court for the Northern District of California.

4

5  DATED:   August 30, 2007                SEYFARTH SHAW LLP

6

7                                          By
                                              Andrew Paley
8                                             David D. Jacobson
                                           Attorneys for Defendant
9                                          RADIOSHACK CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal

LA1 6652016.1

## DECLARATION OF ANDREW M. PALEY

I, Andrew M. Paley, declare:

1.     I am a partner in the law firm of Seyfarth Shaw LLP, counsel of record for Defendant RadioShack Corporation ("RadioShack"), in the action entitled *Richard Stuart v. RadioShack Corporation*, currently pending in the Superior Court of California for the County of Alameda. I am licensed to practice in the State of California, and am admitted to the United States District Court for the Northern District of California. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so as follow:

2.     On or about August 6, 2007, I spoke with Plaintiff's counsel, Stephen Glick. Mr. Glick informed me that Plaintiff had filed a First Amended Complaint adding a Labor Code Private Attorney General Act cause of action. In response to Mr. Glick's inquiry, I agreed to accept service of the First Amended Complaint on behalf of RadioShack, and on August 6, 2007, at approximately 4:15 p.m., I received an e-mail from Mr. Glick attaching a copy of the First Amended Complaint. On August 8, 2007, I received another copy of the First Amended Complaint by U.S. Mail accompanied by a notice of acknowledgement and receipt. Prior to my conversation with Mr. Glick, I was unaware that a First Amended Complaint had been filed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 27th day of August, 2007 at Los Angeles, California.

Andrew M. Paley

-10-

LA1 6652250.1

## DECLARATION OF TOSS A. HOBBS

I, Toss A. Hobbs, declare as follows:

1.      I am a Senior Litigation Attorney for defendant RadioShack Corporation ("RadioShack"). I have been employed as an in-house attorney for RadioShack since 1984. As an in-house attorney for RadioShack, I am familiar with and have personal knowledge of RadioShack's organization and its general business and legal operations. As such, I have personal knowledge of the matters stated herein and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.      In addition to having personal knowledge, as part of my normal business responsibilities, I also have reviewed business records concerning the organization of RadioShack and its day-to-day operations. The information compiled below is based on my personal knowledge, as well as records I have reviewed that are maintained in the ordinary course of RadioShack's regularly conducted business activities, where the information included in those documents is recorded at or near the time of the acts, events or conditions indicated, by employees who are responsible for recording those acts, events or conditions.

3.      RadioShack is a Delaware corporation, organized under the laws of the State of Delaware, and was so organized as of July 27, 2007.

4.      RadioShack's principal place of business is located in the State of Texas.

5.      RadioShack operates its corporate headquarters out of offices located at 300 RadioShack Circle in Fort Worth, Texas. All of the company's high-level executive and administrative operations are managed from this location, including company-wide policy decisions and day-to-day control of the company's business operations. Many of RadioShack's

-11-

executive officers and directors live in Texas, near the company's corporate headquarters.

6.    RadioShack Corporation operates over 4,400 retail stores and over 700 kiosks in all 50 states, as well as Puerto Rico and the Virgin Islands. Less than 13% of the stores and kiosks are located in the State of California. For 2006, less than 13% of the sales of RadioShack Corporation originated in the State of California.

7.    RadioShack Corporation currently employs approximately 33,500 persons. Of those, less than 11% are employed in the State of California. RadioShack Corporation employs more persons in the State of Texas than in the State of California.

8.    I have reviewed Plaintiffs' First Amended Complaint, including paragraph 7, which identifies the purported "defined class" as "[a]ll persons employed by Defendants within the State of California, at any time during the past four (4) years through the present who drove their personal vehicles less than 25 miles to and from RadioShack Stores and who were not reimbursed for mileage." I have also reviewed RadioShack's records regarding the number of employees in California during the past year. RadioShack's records indicate that during the one year period preceding the filing of the complaint, it employed approximately 3,000 persons in its stores in California. Thus, on the face of the complaint, there are as many as 3,000 employees who potentially fall within Plaintiff's definition of the purported class of aggrieved employees.

9.    RadioShack pays its California employees every two weeks. There are twenty-six pay periods per year.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct

Declaration of Toss A. Hobbs

and that this Declaration was executed this 24th day of August 2007, at Fort Worth, Texas.

Toss A. Hobbs

Declaration of Toss A. Hobbs

# EXHIBIT "A"



*5713508*

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, State Bar No. 59404
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Facsimile: (213) 387-7872

FILED ALAMEDA COUNTY

JUN -7 2007

CLERK OF SUPERIOR COURT
BY *Alphonzo Oates* DEPUTY

**DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP**
Paul R. Fine, State Bar No. 53514
Scott A. Brooks, State Bar No. 160115
Craig S. Momita, State Bar No. 163347
1801 Century Park East, Ninth Floor
Los Angeles California 90067
Telephone: (310) 556-7900
Facsimile: (310) 556-2807

**LAW OFFICES OF IAN HERZOG**
Ian Herzog, State Bar No. 41396
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Telephone: (310) 458-6660
Facsimile: (310) 458-9065

Attorneys for Plaintiff Richard Stuart, individually and on behalf of all others similarly situated and the California general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA COUNTY

| | |
|---|---|
| RICHARD STUART, individually and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive,<br><br>                     PLAINTIFFS,<br><br>  vs.<br><br>RADIOSHACK CORPORATION., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>                    DEFENDANTS. | Case No.   **RG07329680**<br><br>**CLASS ACTION**<br><br>1. FAILURE TO REIMBURSE PLAINTIFFS FOR MILEAGE (Labor Code §§ 2802, 2804).<br><br>2. UNFAIR BUSINESS PRACTICES, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ. |

– 1 –
COMPLAINT

Comes now Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated, and complains and alleges as follows:

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

1.   Plaintiff RICHARD STUART (hereinafter "Stuart" or "Plaintiff") was an employee of RadioShack Corporation (hereinafter "RadioShack" or "Defendant") at RadioShack stores in California during 4 years last past.   Within 4 years last past, Stuart and the class of Defendant's employees that he represents, incurred necessary expenditures or losses in direct consequence of the discharge of their duties, and of their obedience to the directions of their employer, in that they used their personal vehicles to go a RadioShack store to pick up and/or deliver merchandise and other items and materials for their employer, RadioShack, to other RadioShack stores.

2.   At all times pertinent herein, RadioShack's written policy states that RadioShack will not compensate its employees, including Stuart and the class he represents, for use of their personal vehicles for RadioShack business trips of less than 25 miles which trips said employees were required to perform on behalf of RadioShack, in the normal course and scope of their employment with RadioShack and in the discharge of their duties.  The policy wherein RadioShack will not compensate RadioShack employees for use of the employees' personal vehicles for RadioShack business  trips of less than 25 miles on behalf of RadioShack is a violation of California law, including Labor Code §§ 2802 and 2804.

3.   This is a civil action seeking recovery of unpaid reimbursement of expenditures made by Stuart and the class he represents under California Labor Code §§ 2802 and 2804.  Plaintiff for himself and all other members of the class alleged herein brings an action for Defendant's violation of the Unfair Competition Law (Business and Professions Code §§ 17200 et seq.) including full restitution and/or disgorgement of all reimbursement for all expenditures made by Stuart and the class he represents and the benefit of those expenditures retained by Defendant as a result of the unlawful, unfair and fraudulent business practice as well (*Cortez v. Purolator Air Filtration Products Co.,* (2000) 23 Cal.4th 164, 178.).

4.  Stuart is an individual employed within the last 4 years by Defendant Radioshack Corporation within the County of Alameda County, State of California.

5.  Stuart is informed and believes, and based thereon alleges, that Defendant Radioshack is a corporation duly organized under the laws of the State of Delaware, and is duly qualified under the laws of the State of California to conduct business within the State of California. Stuart is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 100, inclusive; and they are therefore sued pursuant to Code of Civil Procedure § 474. When their true names and capacities are ascertained, Stuart will amend this complaint by inserting their true names and capacities herein. Stuart is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully, maliciously, intentionally and negligently; that each is responsible in some manner for the events and happenings complained of herein; and that the damages and wrongs complained of by Stuart and the plaintiffs he represents, as alleged herein, were proximately caused by Defendants DOES, either through said Defendant's own conduct or through the conduct of their agents and/or employees.

6.  Stuart is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants, whether named or fictitiously named as DOE (hereinafter, with RadioShack, collectively referred to as "Defendants"), was the merging entity, merged entity, subsidiary, acquiring corporation, agent and/or employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment with the knowledge, advice, permission and consent of each other.

## CLASS ALLEGATIONS

7.  Stuart is a member of the class he represents:

Class 1: All persons employed by Defendants within the State of California, at any time during the past four (4) years through the present who drove their

- 3 —
COMPLAINT

16

personal vehicles less than 25 miles to and from RadioShack Stores and who were not reimbursed for mileage.

8. Stuart and the class he represents are collectively referred to herein as "Plaintiffs."

9. There is a well-defined community of interest in the questions of law and fact affecting the Plaintiffs' classes in that:

    a. each of the Plaintiffs has been employed by Defendants within the State of California within the last 4 years;

    b. each of the Plaintiffs in the course and scope of their employment with RadioShack drove to a RadioShack Store in their personal vehicle on behalf of RadioShack to pick up merchandise and transported the merchandise and other things to another RadioShack Store wherein the trip was less than 25 miles;

    c. each of the Plaintiffs has not been reimbursed for mileage for using their personal vehicle on behalf of RadioShack.

10. Common questions of law and fact predominate over any questions of law or fact that may affect only individual class members. The law applicable to each of the Plaintiffs and to each of the Defendants is the same. The unfair, unlawful business practice alleged herein was and is a written and oral policy of RadioShack.

11. Within four (4) years last past, Stuart was employed by Defendant RadioShack, he was treated in the same manner that Defendants treated all other Plaintiffs; and the claims of Stuart are typical of those of all other Plaintiffs in the class.

12. Stuart is capable of fairly and adequately representing the interests of the class.

13. Maintaining this lawsuit as a class action is a fair and efficient method for adjudication of the controversies involved and will benefit the parties and the court for the following reasons:

    a. The bringing of separate actions involving these common issues of fact and law would prove more costly and inefficient than bringing this as a single action;

– 4 –
COMPLAINT

17

b.   Separate actions will create the risk of disparate and conflicting results;

c.   The individual Plaintiffs in the class are so numerous that joinder of all such persons is impracticable, making the disposition of their claims in a single class action, instead of numerous individual actions, of benefit to the parties;

d.   The individual amounts involved are small in relation to the difficulty of the litigation required, so that individual actions or other individual remedies are impracticable;

e.   The costs of litigating individual actions would be much higher than the costs of litigating this class action and would unreasonably consume the amounts that would be recovered;

f.   The burden imposed on the judicial system by numerous individual actions would far outweigh any burden imposed on the system by this class action;

g.   Defendants will benefit in that they will not be compelled to respond to multiple duplicative complaints, motions, interrogatories, demands to produce, depositions, etc.;

h.   The courts of Alameda County and this State will be burdened with multiple individual actions and multiple duplication of effort in resolving similar and identical issues of fact and law; and,

i.   The prosecution of individual remedies by members of the plaintiff class would tend to establish inconsistent standards of conduct for the Defendants and to result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

14.   Stuart has incurred, and during the pendency of this action will continue to incur, expenses for attorneys' fees and costs herein.  Such attorneys' fees and costs are necessary for the prosecution of this action and will result in a benefit to each of the members of this class.

- 5 -

COMPLAINT

18

## FIRST CAUSE OF ACTION

### FAILURE TO REIMBURSE PLAINTIFFS FOR MILEAGE

#### Brought by Stuart and the Plaintiff class against all Defendants

#### (Labor Code §§ 2802, 2804)

15. Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully set forth herein.

16. Within 4 years last past, Stuart and the members of the class he represents, drove their personal vehicle on behalf of RadioShack in the course and scope of their employment with RadioShack to pick up and/or deliver merchandise and other things to and from a RadioShack Store wherein the entire trip was less than 25 miles and they were not reimbursed for the use of their personal vehicle.

17. At all times herein mentioned Defendants were subject to Labor Code § 2802 which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

18. At all times herein mentioned Defendants were subject to Labor Code § 2804 which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

19. As a proximate result of Defendants' policies in violation of Labor Code §§ 2802 and 2804, Plaintiffs were damaged in sums which will be shown according to proof to be in excess of the jurisdictional minimum of this Court.

20. Plaintiff and the class he represents are entitled to attorneys' fees, expenses, and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

21. Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in

- 6 -

COMPLAINT

19

1   civil actions.  Interest shall accrue from the date on which the employee incurred the necessary

2   expenditure.  Plaintiff and the class he represents are entitled to said interest.

3

4   ### SECOND CAUSE OF ACTION

5   ### UNFAIR BUSINESS PRACTICES

6   **Brought by Stuart and the Plaintiff class against all Defendants**

7   **(Bus. and Prof. Code §§ 17200 et seq.)**

8       22.  Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

9   set forth herein.

10      23.  Stuart and the class he represents is suing DEFENDANTS for unfair competition under

11  the Unfair Competition Law (Business and Professions Code §§ 17200 et seq.; Cortez v.

12  Purolator Air Filtration Products Co., (2000) 23 Cal. 4th 163, 167)).

13      24.  By violating the statutes and regulations as alleged herein including Labor Code §§

14  2802 and 2804, Plaintiffs allege that Defendants' acts constitute unlawful and unfair business

15  practices under California's Unfair Competition Law set forth in Business & Professions Code

16  §§ 17200, et seq.  For the last four (4) years prior to the filing of this complaint, Defendants

17  violated and continue to violate the law, as expressed in Labor Code §§ 2802 and 2804; Ralphs

18  Grocery Co. v. Superior Court (2003) 112 Cal. App. 4th 1090; 5 Cal. Rptr. 3d 687 (2nd App.

19  Dist.), and Business & Professions Code §§ 17200, et seq.  In other words, Plaintiffs contend that

20  by not properly reimbursing the class for mileage for using their personal vehicle on behalf of

21  RadioShack, Defendants violated the Unfair Competition Law set forth in Business &

22  Professions Code §§ 17200, et. seq.

23      25.  Defendants' violations of the statutes and regulations as alleged herein are business

24  practices done repeatedly over a significant period of time, in California, and in a systematic

25  manner to the detriment of Plaintiffs.

26      26.  The harm to Plaintiffs outweighs any utility of Defendant's policies and practices, as

27  alleged herein, and consequently constitute unfair business acts or practices within the meaning

28

- 7 –

COMPLAINT

1  of Business & Professions Code §§ 17200 et seq.

2      27.  As a direct and proximate result of the aforementioned acts by Defendants, Defendants

3  wrongfully retained and continue to retain funds earned by and due and owed to Plaintiffs,

4  according to proof at the time of trial.

5      28.  The unfair and unlawful business acts and practices described herein present a

6  continuing threat to Plaintiffs and the California general public.  Plaintiffs are informed and

7  believe and on such basis allege that Defendants have engaged in such practices over a number

8  of years and have failed to indicate, in any way, that they plan to cease such activities any time in

9  the future.

10     29.  For the past four (4) years prior to the filing of this complaint, Plaintiffs have made

11 expenditures of mileage and wear and tear on their personal vehicles and request reimbursement

12 of expenditures and/or restitution of all monies and profits from Defendants in an amount

13 according to proof at time of trial, but in excess of the Court's jurisdiction requirement,

14 generally, including all awardable amounts, is over the jurisdictional minimum of this Court.

15     30.  Pursuant to Business & Professions Code §§ 17200 et seq., and pursuant to the equitable

16 powers of this Court, Defendants should be preliminarily and permanently enjoined from their

17 unfair and unlawful business acts and practices.

18     31.  Pursuant to the Unfair Competiton Law, Business & Professions Code §§ 17200 et seq.,

19 and pursuant to the equitable powers of this Court, Defendants should be ordered to disgorge,

20 and restore to Plaintiffs, all funds Defendants retained by means of the unfair and unlawful

21 business acts and practices alleged herein.

22     32.  Plaintiffs also seek interest pursuant to Business & Professions Code § 17203; *Ballard*

23 *vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

24 *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to California Code

25 of Civil Procedure § 1032.

26     33.  Plaintiffs are entitled to interest on all money recovered under Business & Professions

27 Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163,

28

1   1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

2       34.   Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

3   Court shall award interest on all due and unpaid wages at the rate of interest specified in

4   subdivision (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall

5   accrue from the date that the wages were due and payable[.]" Stuart and the class he represents

6   are entitled to said interest.

### PRAYER FOR RELIEF

7       WHEREFORE, Plaintiff Stuart and the class he represents pray for judgment against

8   Defendants, and each of them, jointly and severally, as follows:

9

10

11  ### FIRST CAUSE OF ACTION

12  1.      For reimbursement and/or indemnification for all sums expended for mileage on

13          their personal vehicles by Plaintiff and the class he represents on behalf of

14          Defendant;

15  2.      For all costs incurred;

16  3.      For attorney fees pursuant to labor Code Section § 2802(c);

17  4.      For interest on all sums according to proof pursuant to Labor Code § 2802(b);

18  5.      For all such other and further relief the court deems proper.

19

20  ### SECOND CAUSE OF ACTION

21  6.      For injunctive relief ordering Defendants to discontinue the unfair and unlawful

22          practices as alleged herein;

23  7.      That Defendants be ordered to be disgorged of all monies they obtained as a result

24          of their unlawful and unfair business acts and practices, including all funds

25          Defendant retained from expenditures made by Plaintiffs for mileage on their

26          personal vehicles, by means of the unfair and unlawful business acts and practices

27          alleged herein

28

– 9 –

COMPLAINT

8.     That Defendants be ordered to restore to Plaintiffs all funds Defendant retained from expenditures made by Plaintiffs for mileage on their personal vehicles, by means of the unfair and unlawful business acts and practices alleged herein;

9.     That Defendant be ordered to restore all expenditures made by Plaintiffs for Defendants' benefit in an amount according to proof at time of trial;

10.    For enforcement of the civil penalties imposed by the Labor Code pursuant to Business & Professions Code § 17202;

11.    For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

12.    For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

## ALL CAUSES OF ACTION

13.    For costs and reasonable attorneys' fees under Labor Code 2802;

14.    For court-determined class representative enhancements;

15.    For such other and further relief as the court deems just and proper.

DATED: June ___, 2007

                     LAW OFFICES OF STEPHEN GLICK
                     DANIELS, FINE, ISRAEL, SCHONBUCH &
                     LEBOVITS, LLP
                     LAW OFFICES OF IAN HERZOG

                     By: _____
                     Stephen Glick
                     Attorneys for Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated, and the California general public.

- 10 -
COMPLAINT

23

# EXHIBIT "B"




## SUMMONS
### (CITACION JUDICIAL)

*5713512*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RADIOSHACK CORPORATION, a Delaware corporation; and
DOES 1 through 100 inclusive,

FILED ALAMEDA COUNTY

JUN -7 2007

CLERK OF SUPERIOR COURT
BY *Alphonsine Oates*
                          DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD STUART, individually and on behalf of all
others similarly situated and the California general
public; and DOES 1 through 1000, inclusive

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>ALAMEDA SUPERIOR COURT<br>1225 Fallon St.<br><br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*  RG07329680 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*   (213)387-3400   (213)387-7872
STEPHEN GLICK SBN 59404
LAW OFFICES OF STEPHEN GLICK
1055 WILSHIRE BLVD., STE. 1480
LOS ANGELES, CA 90017

| | | |
|---|---|---|
| DATE:    JUN - 7 2007    PAT S. SWEETEN | Clerk, by *Alphonsine Oates* | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure §§ 412.20, 465



24

# EXHIBIT "C"

*5713504*

FOR

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
STEPHEN GLICK SBN 59404
LAW OFFICES OF STEPHEN GLICK
1055 WILSHIRE BLVD., STE. 1480

LOS ANGELES, CA 90017
TELEPHONE NO.: (213)387-3400   FAX NO.: (213)387-7872
ATTORNEY FOR *(Name):* RICHARD STUART

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 2233 SHORELINE DR.
MAILING ADDRESS:
CITY AND ZIP CODE: ALAMEDA, CA 94501
BRANCH NAME:

FILED ALAMEDA COUNTY
JUN -7 2007
CLERK OF SUPERIOR COURT
BY _____ DEPUTY

CASE NAME: RICHARD STUART et al. v. RADIOSHACK

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG 07329680 |
| | | JUDGE: |
| | | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify):* 2

5. This case [x] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 6, 2007

STEPHEN GLICK SBN 59404
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

25

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties In Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

26

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| RICHARD STUART et al. v. RADIOSHACK | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

|  |  |
|---|---|
| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04)<br>Product liability (24)<br>Medical malpractice (45)<br>Other PI/PD/WD tort (23) | [ ] 75 Asbestos (D)<br>[ ] 89 Product liability (not asbestos or toxic tort/environmental) (G)<br>[ ] 97 Medical malpractice (G)<br>[ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07)<br>Civil rights (08)<br>Defamation (13)<br>Fraud (16)<br>Intellectual property (19)<br>Professional negligence (25)<br>Other non-PI/PD/WD tort (35) | [ ] 79 Bus tort / unfair bus. practice (G)<br>[ ] 80 Civil rights (G)<br>[ ] 84 Defamation (G)<br>[ ] 24 Fraud (G)<br>[ ] 87 Intellectual property (G)<br>[ ] 59 Professional negligence - non-medical (G)<br>[ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)<br>Other employment (15) | [ ] 38 Wrongful termination (G)<br>[X] 85 Other employment (G)<br>[ ] 53 Labor comm award confirmation<br>[ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)<br>Collections (09)<br>Insurance coverage (18)<br>Other contract (37) | [ ] 04 Breach contract / Wrnty (G)<br>[ ] 81 Collections (G)<br>[ ] 86 Ins. coverage - non-complex (G)<br>[ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)<br>Wrongful eviction (33)<br>Other real property (26) | [ ] 18 Eminent domain / Inv Cdm (G)<br>[ ] 17 Wrongful eviction (G)<br>[ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31)<br>Residential (32)<br>Drugs (38) | [ ] 94 Unlawful Detainer - commercial  Is the deft. in possession<br>[ ] 47 Unlawful Detainer - residential  of the property?<br>[ ] 21 Unlawful detainer - drugs  [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05)<br>Petition re: arbitration award (11)<br>Writ of Mandate (02)<br><br>Other judicial review (39) | [ ] 41 Asset forfeiture<br>[ ] 62 Pet. re: arbitration award<br>[ ] 49 Writ of mandate<br>Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No<br>[ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03)<br>Construction defect (10)<br>Claims involving mass tort (40)<br>Securities litigation (28)<br>Toxic tort / Environmental (30)<br>Ins covrg from cmplx case type (41) | [ ] 77 Antitrust / Trade regulation<br>[ ] 82 Construction defect<br>[ ] 78 Claims involving mass tort<br>[ ] 91 Securities litigation<br>[ ] 93 Toxic tort / Environmental<br>[ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment<br>[ ] 08 Confession of judgment |
| Misc Complaint | RICO (27)<br>Partnership / Corp. governance (21)<br>Other complaint (42) | [ ] 90 RICO (G)<br>[ ] 88 Partnership / Corp. governance (G)<br>[ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name<br>[ ] 69 Other petition |

A-13

202-19 (5/1/00)

# EXHIBIT "D"

```
┌  Law Office of Steven Glick        ┐   ┌  Radio Shack Corporation, a Delaware  ┐
   Attn:  Glick, Steven                     corporation
   1055 Wilshire Blvd.
   Suite 1480
└  Los Angeles, CA   90017          ┘   └                                        ┘
```

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Stuart          Plaintiff/Petitioner(s)<br><br>vs.<br><br>Radio Shack Corporation, a Delaware corporation<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG07329680</u><br><br><br>NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing<br>Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/19/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/22/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
             1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6165.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 272-6165.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 06/12/2007

Executive Officer / Clerk of the Superior Court

By

_____
                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/12/2007.

By

_____
                                    Deputy Clerk

29

# EXHIBIT "E"

  ORIGINAL 

*5712009*

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, State Bar No. 59404
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Facsimile: (213) 387-7872

**DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS**
Paul R. Fine, State Bar No. 53514
Scott A. Brooks, State Bar No. 160115
Craig S. Momita, State Bar No. 163347
1801 Century Park East, Ninth Floor
Los Angeles California 90067
Telephone: (310) 556-7900
Facsimile: (310) 556-2807

**LAW OFFICES OF IAN HERZOG**
Ian Herzog, State Bar No. 41396
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Telephone: (310) 458-6660
Facsimile: (310) 458-9065

FILED
ALAMEDA COUNTY

JUN 2 5 2007

CLERK OF THE SUPERIOR COURT
By _Jashra Pessag_
Deputy

Attorneys for Plaintiff Richard Stuart, individually and on behalf of all others similarly situated
and the California general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA COUNTY

| | |
|---|---|
| RICHARD STUART, individually and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive, <br><br> PLAINTIFFS, <br><br> vs. <br><br> RADIOSHACK CORPORATION., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> DEFENDANTS. | Case No. RG07329680 <br><br> **CLASS ACTION** <br><br> **NOTICE OF HEARING** |

– 1 –

**NOTICE OF HEARING**

1   **NOTICE IS HEREBY GIVEN** that the court made the following orders: Attached is a copy of
2   the 6/12/07 Notice of Hearing.

3

4   DATED: June ___, 2007

5                                          LAW OFFICES OF STEPHEN GLICK
6                                          DANIELS, FINE, ISRAEL, SCHONBUCH &
                                           LEBOVITS, LLP
7                                          LAW OFFICES OF IAN HERZOG

8
    By: _____
9                                          Stephen Glick
10                                         Attorneys for Plaintiff RICHARD STUART,
                                           individually and on behalf of all others
11                                         similarly situated, and the California general
                                           public.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of Steven Glick
Attn: Glick, Steven
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA    90017

Radio Shack Corporation, a Delaware
corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Stuart | | |
|---|---|---|
| | Plaintiff/Petitioner(s) | No. <u>RG07329680</u> |
| VS. | | |
| Radio Shack Corporation, a Delaware corporation | | NOTICE OF HEARING |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/19/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
                        1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/22/2007    TIME: 02:00 PM    DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
                        1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 272-6165.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

32

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 272-6165.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated:  06/12/2007                                    Executive Officer / Clerk of the Superior Court

                                    By

                                                                          Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/12/2007.

                                    By

                                                                          Deputy Clerk

33

**PROOF OF SERVICE**
1013(a)CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On June ___, 2007, I served copies of the following documents:

**NOTICE OF HEARING**

enclosed in a sealed envelope addressed as follows:

See service list

_____    (BY FACSIMILE) I transmitted an accurate copy via facsimile machine to the following person and telephone number:

_____    (BY PERSONAL SERVICE) I caused such document to be delivered by hand to the addresses(s).

__X__    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this June ___, 2007, at Los Angeles, California.

Kharen Perez

34

Service List


Paul R. Fine
Scott A. Brooks
Craig S. Momita
DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 Century Park East, Ninth Floor
Los Angeles California 90067
Facsimile: (310) 556-2807


Ian Herzog
LAW OFFICES OF IAN HERZOG
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Facsimile: (310) 458-9065

Radio Shack Corporation
CSC Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA 95852

# EXHIBIT "F"

1  **LAW OFFICES OF STEPHEN GLICK**
   Stephen Glick, State Bar No. 59404
   1055 Wilshire Boulevard, Suite 1480
2  Los Angeles, California 90017
   Telephone: (213) 387-3400
3  Facsimile: (213) 387-7872

4  **DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP**
   Paul R. Fine, State Bar No. 53514
5  Scott A. Brooks, State Bar No. 160115
   Craig S. Momita, State Bar No. 163347
6  1801 Century Park East, Ninth Floor
   Los Angeles California 90067
7  Telephone: (310) 556-7900
   Facsimile: (310) 556-2807
8

9  **LAW OFFICES OF IAN HERZOG**
   Ian Herzog, State Bar No. 41396
10 233 Wilshire Boulevard, Suite 550
   Santa Monica, California 91401
11 Telephone: (310) 458-6660
   Facsimile: (310) 458-9065
12

13 Attorneys for Plaintiff Richard Stuart, individually and on behalf of all others similarly situated
   and the California general public
14

15          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16             **FOR THE COUNTY OF ALAMEDA COUNTY**

17 RICHARD STUART, individually and on behalf    Case No. RG07329680
   of all others similarly situated and the California
18 general public; and DOES 1 through 1000,       **CLASS ACTION**
   inclusive,
19                                                 **PROOF OF SERVICE OF SUMMONS &**
20                                                 **COMPLAINT; CIVIL CASE COVER**
                  PLAINTIFFS,                      **SHEET (Complex Case); AND ADR**
21                                                 **PACKAGE**
        vs.
22

23 RADIOSHACK CORPORATION., a Delaware
   corporation; and DOES 1 through 100, inclusive,
24

25          DEFENDANTS.

26

27

28
                                    – 1 –
   **PROOF OF SERVICE OF SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET**
              **(Complex Case); AND ADR PACKAGE**

**FILED BY FAX**
ALAMEDA COUNTY
July 17, 2007
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy
CASE NUMBER:
RG07329680

36

1     Attached hereto is the original Proof of Service of Summons & Complaint, Civil Case Cover

2 Sheet (Complex Case) and ADR Package.

3

4 DATED: July 17, 2007

5                                  LAW OFFICES OF STEPHEN GLICK

6                                  DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP

7                                  LAW OFFICES OF IAN HERZOG

8                                  By: _____

9                                     Stephen Glick

10                                  Attorneys for Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated, and the California general public.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**PROOF OF SERVICE OF SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET (Complex Case); AND ADR PACKAGE**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | 01-66031 | FOR COURT USE ONLY |
|---|---|---|
| STEPHEN GLICK, Bar No.: 59404 | | |
| STEPHEN GLICK, APC     al | | |
| 1055 WILSHIRE BLVD., SUITE 1480 | | |
| LOS ANGELES, CA 90017 | | |
| TELEPHONE NO.: (213) 387-3400 | | |
| ATTORNEY FOR *(Name):* PLAINTIFF | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: ALAMEDA |
|---|
| STREET ADDRESS: Per Cal. Rule of Court 982.9.(a)(8): |
| MAILING ADDRESS: The address of the court is not required |
| CITY AND ZIP CODE: |
| BRANCH NAME: OAKLAND - UNLIMITED |

| PLAINTIFF/PETITIONER: STUART | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIOSHACK CORPORATION | RG07329680 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|
| | 00969355-01 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   - a. ☒ summons
   - b. ☒ complaint
   - c. ☒ Alternative Dispute Resolution (ADR) package
   - d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☒ other *(specify documents):* SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET (Complex Case); ADR PACKAGE;

3. a. Party served *(specify name of party as shown on documents served):* RADIOSHACK CORPORATION, A DELAWARE CORPORATION BY SERVING CSC - LAWYERS INCORPORATING SERVICE
   b. person served: ☐ party in item 3a ☒ other *(specify name and relationship to the party named in item 3a):* RHONDA MCCARTY, CLERK (Authorized agent to accept service of process)

4. Address where the party was served: 2730 GATEWAY OAKS DRIVE, SUITE 100
   SACRAMENTO, CA 95833 (B)

5. I served the party *(check proper box)*
   - a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 06/19/07 (2) at *(time):* 11:57 am
   - b. ☐ by substituted service. On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3):*
     - (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the documents were left (Code Civ. Proc.,§415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Computer-generated form<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]<br>GO: 11<br>BETTY HAFEY (EXT. 288) | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, § 417.10<br>11103 /CFC<br>00969355-01 |
|---|---|---|

| PLAINTIFF/PETITIONER: **STUART** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **RADIOSHACK CORPORATION** | **RG07329680** |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.
  (1) on (date):                    (2) from (city):
  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt *(form 982(a)(4).)* (Code of Civ. Proc., § 415.30).)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ by other means *specify means of service and authorizing code section):*

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*
  c. ☒ on behalf of *(specify):* RADIOSHACK CORPORATION, A DELAWARE CORPORATION BY SERVING CSC - LAWYERS INCORPORATING SERVICE

   under the following Code of Civil Procedure section:
   ☒ CCP 416.10 (corporation)                    ☐ CCP 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)               ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                     ☐ 415.46 (occupant)
                                                 ☐ other:

7. Person who served papers
  a. Name: *I. KING*
  b. Address: 7124 Owensmouth Ave., #106, Canoga Park, Ca  91303
  c. Telephone number: (818) 763-6931
  d. The fee for service was: $ *71.95*
  e. I am:
     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code Section 22350(b).
     (3) ☒ registered California process server:
        (i) ☒ Employee or independent contractor.
        (ii) Registration No.: *2006-60*
        (iii) County: *SACRAMENTO*

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: *6-19-07*


*I. KING*
_____         _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

POS-10 [Rev. January 1, 2004]              **PROOF OF SERVICE OF SUMMONS**              Page 2 of 2
GO: 11                                                                     11102 /SN2  00969355-01
GRACY RODRIGUEZ (EXT. 264)

39

## PROOF OF SERVICE
### 1013(a)CCP

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On July ___, 2007, I served copies of the following documents:

**PROOF OF SERVICE OF SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET (Complex Case); AND ADR PACKAGE**

enclosed in a sealed envelope addressed as follows:

See service list

____ (BY FACSIMILE) I transmitted an accurate copy via facsimile machine to the following person and telephone number:

____ (BY PERSONAL SERVICE) I caused such document to be delivered by hand to the addresses(s).

__X__ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this July ___, 2007, at Los Angeles, California.

_____
Kharen Perez

**40**

Service List


Paul R. Fine
Scott A. Brooks
Craig S. Momita
DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS
1801 Century Park East, Ninth Floor
Los Angeles California 90067
Facsimile: (310) 556-2807


Ian Herzog
LAW OFFICES OF IAN HERZOG
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Facsimile: (310) 458-9065


Radio Shack Corporation
CSC Lawyers Incorporating Service
P.O. Box 526036
Sacramento, CA 95852