# EXHIBIT "G"

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Stuart** | No. RG07329680 |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Radio Shack Corporation, a Delaware corporation** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   20                    Honorable   Robert Freedman            , Judge

Cause called for: Complex Determination Hearing on July 19, 2007.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of
Court. The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court.
Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation,
including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop
box when court is in session. The Court may also direct that certain filings be supplemented by an
electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in
Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft
Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved
in a Microsoft Word document). Each separate document (notice, points and authorities, declarations,
requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be
identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and
Authorities.doc," Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT
"Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media
submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at
http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall
reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at
Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 272-6165,
but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both
factually and legally, as well as the projected management of the case at each stage. This is not a
perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just,
speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement
of the issues presented, including each theory of liability and defense and a summary of the facts
supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g.,
liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1)  unserved parties and the reasons for the failure to serve;

(2)  unserved and/or unfiled cross-complaints;

(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4)  any possible jurisdictional or venue issues that may arise;

(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

The order will be issued by the court.

Minutes of   07/19/2007
Entered on   07/26/2007

Executive Officer / Clerk of the Superior Court

Digital

By   _Dollie M. Adams_____

Deputy Clerk

---

M3854484

# EXHIBIT "H"

Law Office of Steven Glick
Attn: Glick, Steven
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA   90017

Radio Shack Corporation, a Delaware
corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Stuart <br><br> Plaintiff/Petitioner(s) <br><br> VS. <br><br> Radio Shack Corporation, a Delaware corporation <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. RG07329680 <br><br> Order <br><br> Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 07/19/2007 at 02:00 PM in Department 20 before the Honorable Robert Freedman. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes to Department 20 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Courtesy (bench) copies of all filing should be delivered directly to Dept. 20 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.20@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 20). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.dcc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.

All motions and ex parte applications shall be noticed for hearing in Department 20. The parties shall reserve hearing dates and times by contacting the Department 20 courtroom clerk via email at Dept.20@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 272-6165, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a

Order

44

just, speedy and economical determination of the litigation.

The CCMC statements must address the following issues when applicable:

A.    A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date;  and

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

Dated:  07/19/2007

facsimile

Judge Robert Freedman

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG07329680
Order After Hearing Re: of 07/19/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 07/26/2007.

Executive Officer / Clerk of the Superior Court

By _Dollie M. Adamic_

Deputy Clerk

**46**

# EXHIBIT "I"

ORIGINAL



**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, State Bar No. 59404
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Facsimile: (213) 387-7872

**DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP**
Paul R. Fine, State Bar No. 53514
Scott A. Brooks, State Bar No. 160115
Craig S. Momita, State Bar No. 163347
1801 Century Park East, Ninth Floor
Los Angeles California 90067
Telephone: (310) 556-7900
Facsimile: (310) 556-2807

**LAW OFFICES OF IAN HERZOG**
Ian Herzog, State Bar No. 41396
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Telephone: (310) 458-6660
Facsimile: (310) 458-9065

FILED
ALAMEDA COUNTY

JUL 2 7 2007

BY _____

Attorneys for Plaintiff Richard Stuart, individually and on behalf of all others similarly situated and the California general public

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA COUNTY

RICHARD STUART, individually and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive,

PLAINTIFFS,

vs.

RADIOSHACK CORPORATION., a Delaware corporation; and DOES 1 through 100, inclusive,

DEFENDANTS.

Case No. RG0 7329680

**CLASS ACTION**

FIRST AMENDED COMPLAINT FOR:

1. FAILURE TO REIMBURSE PLAINTIFFS FOR MILEAGE (Labor Code §§ 2802, 2804).

2. UNFAIR BUSINESS PRACTICES, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.

3. RECOVERY OF PENALTIES UNDER THE LABOR CODE PRIVATE

- 1 -

FIRST AMENDED COMPLAINT

ATTORNEY'S GENERAL ACT OF 2004
(LABOR CODE § 2699)

Comes now Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated, and complains and alleges as follows:

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

1.  Plaintiff RICHARD STUART (hereinafter "Stuart" or "Plaintiff") was an employee of RadioShack Corporation (hereinafter "RadioShack" or "Defendant") at RadioShack stores in California during 4 years last past.   Within 4 years last past, Stuart and the class of Defendant's employees that he represents, incurred necessary expenditures or losses in direct consequence of the discharge of their duties, and of their obedience to the directions of their employer, in that they used their personal vehicles to go a RadioShack store to pick up and/or deliver merchandise and other items and materials for their employer, RadioShack, to other RadioShack stores.

2.  At all times pertinent herein, RadioShack's written policy states that RadioShack will not compensate its employees, including Stuart and the class he represents, for use of their personal vehicles for RadioShack business trips of less than 25 miles which trips said employees were required to perform on behalf of RadioShack, in the normal course and scope of their employment with RadioShack and in the discharge of their duties.  The policy wherein RadioShack will not compensate RadioShack employees for use of the employees' personal vehicles for RadioShack business  trips of less than 25 miles on behalf of RadioShack is a violation of California law, including Labor Code §§ 2802 and 2804.

3.  This is a civil action seeking recovery of unpaid reimbursement of expenditures made by Stuart and the class he represents under California Labor Code §§ 2802 and 2804.  Plaintiff for himself and all other members of the class alleged herein brings an action for Defendant's violation of the Unfair Competition Law (Business and Professions Code §§ 17200 et seq.)

-2-

FIRST AMENDED COMPLAINT

1   including full restitution and/or disgorgement of all reimbursement for all expenditures made by

2   Stuart and the class he represents and the benefit of those expenditures retained by Defendant as

3   a result of the unlawful, unfair and fraudulent business practice as well (*Cortez v. Purolator Air*

4   *Filtration Products Co.*, (2000) 23 Cal.4th 164, 178.).

5       4.   Stuart is an individual employed within the last 4 years by Defendant Radioshack

6   Corporation within the County of Alameda County, State of California.

7       5.   Stuart is informed and believes, and based thereon alleges, that Defendant Radioshack is

8   a corporation duly organized under the laws of the State of Delaware, and is duly qualified under

9   the laws of the State of California to conduct business within the State of California. Stuart is

10  ignorant of the true names or capacities of the defendants sued herein under the fictitious names

11  DOES 1 through 100, inclusive; and they are therefore sued pursuant to Code of Civil Procedure

12  § 474. When their true names and capacities are ascertained, Stuart will amend this complaint by

13  inserting their true names and capacities herein. Stuart is informed and believes, and based

14  thereon alleges, that Defendants DOES 1 through 100, inclusive, hereinafter collectively referred

15  to as "DOES," acted wrongfully, maliciously, intentionally and negligently; that each is

16  responsible in some manner for the events and happenings complained of herein; and that the

17  damages and wrongs complained of by Stuart and the plaintiffs he represents, as alleged herein,

18  were proximately caused by Defendants DOES, either through said Defendant's own conduct or

19  through the conduct of their agents and/or employees.

20      6.   Stuart is informed and believes, and based thereon alleges, that at all relevant times, each

21  of the Defendants, whether named or fictitiously named as DOE (hereinafter, with RadioShack,

22  collectively referred to as "Defendants"), was the merging entity, merged entity, subsidiary,

23  acquiring corporation, agent and/or employee of each of the remaining Defendants and, in doing

24  the things hereinafter alleged, was acting within the course and scope of such agency and/or

25  employment with the knowledge, advice, permission and consent of each other.

26

27

28

- 3 –

FIRST AMENDED COMPLAINT

49

## CLASS ALLEGATIONS

7.  Stuart is a member of the class he represents:

> <u>Class 1</u>:  All persons employed by Defendants within the State of California, at any time during the past four (4) years through the present who drove their personal vehicles less than 25 miles to and from RadioShack Stores and who were not reimbursed for mileage.

8.  Stuart and the class he represents are collectively referred to herein as "Plaintiffs."

9.  There is a well-defined community of interest in the questions of law and fact affecting the Plaintiffs' classes in that:

> a.  each of the Plaintiffs has been employed by Defendants within the State of California within the last 4 years;
>
> b.  each of the Plaintiffs in the course and scope of their employment with RadioShack drove to a RadioShack Store in their personal vehicle on behalf of RadioShack to pick up merchandise and transported the merchandise and other things to another RadioShack Store wherein the trip was less than 25 miles;
>
> c.  each of the Plaintiffs has not been reimbursed for mileage for using their personal vehicle on behalf of RadioShack.

10.  Common questions of law and fact predominate over any questions of law or fact that may affect only individual class members.  The law applicable to each of the Plaintiffs and to each of the Defendants is the same.  The unfair, unlawful business practice alleged herein was and is a written and oral policy of RadioShack.

11.  Within four (4) years last past, Stuart was employed by Defendant RadioShack, he was treated in the same manner that Defendants treated all other Plaintiffs; and the claims of Stuart are typical of those of all other Plaintiffs in the class.

12.  Stuart is capable of fairly and adequately representing the interests of the class.

– 4 –

FIRST AMENDED COMPLAINT

13.   Maintaining this lawsuit as a class action is a fair and efficient method for adjudication of the controversies involved and will benefit the parties and the court for the following reasons:

    a.   The bringing of separate actions involving these common issues of fact and law would prove more costly and inefficient than bringing this as a single action;

    b.   Separate actions will create the risk of disparate and conflicting results;

    c.   The individual Plaintiffs in the class are so numerous that joinder of all such persons is impracticable, making the disposition of their claims in a single class action, instead of numerous individual actions, of benefit to the parties;

    d.   The individual amounts involved are small in relation to the difficulty of the litigation required, so that individual actions or other individual remedies are impracticable;

    e.   The costs of litigating individual actions would be much higher than the costs of litigating this class action and would unreasonably consume the amounts that would be recovered;

    f.   The burden imposed on the judicial system by numerous individual actions would far outweigh any burden imposed on the system by this class action;

    g.   Defendants will benefit in that they will not be compelled to respond to multiple duplicative complaints, motions, interrogatories, demands to produce, depositions, etc.;

    h.   The courts of Alameda County and this State will be burdened with multiple individual actions and multiple duplication of effort in resolving similar and identical issues of fact and law; and,

    i.   The prosecution of individual remedies by members of the plaintiff class would tend to establish inconsistent standards of conduct for the Defendants and to result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

14.   Stuart has incurred, and during the pendency of this action will continue to incur,

- 5 -

FIRST AMENDED COMPLAINT

1 | expenses for attorneys' fees and costs herein. Such attorneys' fees and costs are necessary for the

2 | prosecution of this action and will result in a benefit to each of the members of this class.

3

4 | **FIRST CAUSE OF ACTION**

5 | **FAILURE TO REIMBURSE PLAINTIFFS FOR MILEAGE**

6 | **Brought by Stuart and the Plaintiff class against all Defendants**

7 | **(Labor Code §§ 2802, 2804)**

8 | 15. Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

9 | set forth herein.

10 | 16. Within 4 years last past, Stuart and the members of the class he represents, drove their

11 | personal vehicle on behalf of RadioShack in the course and scope of their employment with

12 | RadioShack to pick up and/or deliver merchandise and other things to and from a RadioShack

13 | Store wherein the entire trip was less than 25 miles and they were not reimbursed for the use of

14 | their personal vehicle.

15 | 17. At all times herein mentioned Defendants were subject to Labor Code § 2802 which

16 | states that "an employer shall indemnify his or her employees for all necessary expenditures or

17 | losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

18 | his or her obedience to the directions of the employer."

19 | 18. At all times herein mentioned Defendants were subject to Labor Code § 2804 which

20 | states that "any contract or agreement, express or implied, made by any employee to waive the

21 | benefits of this article or any part thereof, is null and void, and this article shall not deprive any

22 | employee or his personal representative of any right or remedy to which he is entitled under the

23 | laws of this State."

24 | 19. As a proximate result of Defendants' policies in violation of Labor Code §§ 2802 and

25 | 2804, Plaintiffs were damaged in sums which will be shown according to proof to be in excess of

26 | the jurisdictional minimum of this Court.

27 | 20. Plaintiff and the class he represents are entitled to attorneys' fees, expenses, and costs of

28

- 6 -

FIRST AMENDED COMPLAINT

1   suit pursuant to Labor Code § 2802(c) for bringing this action.

2      21.   Pursuant to Labor Code § 2802(b), in any action brought for the reimbursement of

3   necessary expenditures under this section shall carry interest at the same rate as judgments in

4   civil actions.  Interest shall accrue from the date on which the employee incurred the necessary

5   expenditure.  Plaintiff and the class he represents are entitled to said interest.

6

7                          **SECOND CAUSE OF ACTION**

8                          **UNFAIR BUSINESS PRACTICES**

9              **Brought by Stuart and the Plaintiff class against all Defendants**

10                      **(Bus. and Prof. Code §§ 17200 et seq.)**

11     22.   Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

12   set forth herein.

13     23.   Stuart and the class he represents is suing DEFENDANTS for unfair competition under

14   the Unfair Competition Law (Business and Professions Code §§ 17200 et seq.; Cortez v.

15   Purolator Air Filtration Products Co., (2000) 23 Cal. 4th 163, 167)).

16     24.   By violating the statutes and regulations as alleged herein including Labor Code §§ 2802

17   and 2804, Plaintiffs allege that Defendants' acts constitute unlawful and unfair business

18   practices under California's Unfair Competition Law set forth in Business & Professions Code

19   §§ 17200, et seq.  For the last four (4) years prior to the filing of this complaint, Defendants

20   violated and continue to violate the law, as expressed in Labor Code §§ 2802 and 2804; Ralphs

21   Grocery Co. v. Superior Court (2003) 112 Cal. App. 4th 1090; 5 Cal. Rptr. 3d 687 (2nd App.

22   Dist.), and Business & Professions Code §§ 17200, et seq.  In other words, Plaintiffs contend that

23   by not properly reimbursing the class for mileage for using their personal vehicle on behalf of

24   RadioShack, Defendants violated the Unfair Competition Law set forth in Business &

25   Professions Code §§ 17200, et. seq.

26     25.   Defendants' violations of the statutes and regulations as alleged herein are business

27   practices done repeatedly over a significant period of time, in California, and in a systematic

28

                                    **- 7 -**
                          _____
                          **FIRST AMENDED COMPLAINT**

1   manner to the detriment of Plaintiffs.

2       26.   The harm to Plaintiffs outweighs any utility of Defendant's policies and practices, as

3   alleged herein, and consequently constitute unfair business acts or practices within the meaning

4   of Business & Professions Code §§ 17200 et seq.

5       27.   As a direct and proximate result of the aforementioned acts by Defendants, Defendants

6   wrongfully retained and continue to retain funds earned by and due and owed to Plaintiffs,

7   according to proof at the time of trial.

8       28.   The unfair and unlawful business acts and practices described herein present a

9   continuing threat to Plaintiffs and the California general public.  Plaintiffs are informed and

10  believe and on such basis allege that Defendants have engaged in such practices over a number of

11  years and have failed to indicate, in any way, that they plan to cease such activities any time in

12  the future.

13      29.   For the past four (4) years prior to the filing of this complaint, Plaintiffs have made

14  expenditures of mileage and wear and tear on their personal vehicles and request reimbursement

15  of expenditures and/or restitution of all monies and profits from Defendants in an amount

16  according to proof at time of trial, but in excess of the Court's jurisdiction requirement,

17  generally, including all awardable amounts, is over the jurisdictional minimum of this Court.

18      30.   Pursuant to Business & Professions Code §§ 17200 et seq., and pursuant to the equitable

19  powers of this Court, Defendants should be preliminarily and permanently enjoined from their

20  unfair and unlawful business acts and practices.

21      31.   Pursuant to the Unfair Competiton Law, Business & Professions Code §§ 17200 et seq.,

22  and pursuant to the equitable powers of this Court, Defendants should be ordered to disgorge,

23  and restore to Plaintiffs, all funds Defendants retained by means of the unfair and unlawful

24  business acts and practices alleged herein.

25      32.   Plaintiffs also seek interest pursuant to Business & Professions Code § 17203; *Ballard*

26  *vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

27  *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to California Code of

28

- 8 -

FIRST AMENDED COMPLAINT

54

1   of Civil Procedure § 1032.

2       33.   Plaintiffs are entitled to interest on all money recovered under Business & Professions

3   Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163,

4   1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

5       34.   Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

6   Court shall award interest on all due and unpaid wages at the rate of interest specified in

7   subdivision (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall

8   accrue from the date that the wages were due and payable[.]"  Stuart and the class he represents

9   are entitled to said interest.

10

11                          **THIRD CAUSE OF ACTION**

12   **RECOVERY UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

13                                    **OF 2004**

14        **Brought by Stuart and all other aggrieved employees against all Defendants**

15      **(Labor Code §§ 2802 and 2699; IWC Order 7-2001 §§ 8; (Title 8 Cal. Code of Reg. §**

16                                    **11070);**

17       35.   Plaintiffs refer to and incorporate all of the paragraphs of this complaint as though fully

18   set forth herein.

19       36.   At all times herein mentioned, DEFENDANT was subject to the Labor Codes of the

20   State of California, and to the existing and applicable Industrial Welfare Commission Order 7

21   (Title 8, California Code of Regulations § 11070).

22       37.   Labor Code § 2699(a) specifically provides for a private right of action to recover

23   penalties for violations of the Labor Code: "Notwithstanding any other provision of law, any

24   provision of this code that provides for a civil penalty to be assessed and collected by the Labor

25   and Workforce Development Agency or any of its departments, divisions, commissions, boards,

26   agencies, or employees, for a violation of this code, may, as an alternative, be recovered through

27   a civil action brought by an aggrieved employee on behalf of himself or herself and other current

28

                                    - 9 -

                          FIRST AMENDED COMPLAINT

1 | or former employees."

2 | 38. Labor Code § 2699.3(a) states, "A civil action by an aggrieved employee pursuant to

3 | subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section

4 | 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved

5 | employee or representative shall give written notice by certified mail to the Labor and Workforce

6 | Development Agency and the employer of the specific provisions of this code alleged to have

7 | been violated, including the facts and theories to support the alleged violation. 2(A) The agency

8 | shall notify the employer and the aggrieved employee or the representative by certified mail that

9 | it does not intend to investigate the alleged violation within 30 calendar days of the postmark

10 | date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice

11 | is provided within 33 calendar days of the postmark date the notice given pursuant to paragraph

12 | (1), the aggrieved employee may commence a civil action pursuant to Section 2699."

13 | 39. Stuart has exhausted his administrative remedies pursuant to Labor Code § 2699.3 in

14 | that on May 10, 2007, he gave written notice by certified mail to the Labor and Workforce

15 | Development Agency and DEFENDANT, of the specific provisions of the labor code that

16 | DEFENDANT has violated against Stuart and all current and former employees, including the

17 | facts and theories to support the violations (A copy of the letter is attached as Exhibit 1). On

18 | June 7, 2007, the Labor and Workforce Development Agency notified Stuart that it did not

19 | intend to investigate the allegations (A copy of the letter is attached as Exhibit 2). Upon receipt

20 | of that notice of the agency's intention not to investigate, Stuart may commence a civil action to

21 | recover penalties for himself and other current or former employees under Labor Code § 2699

22 | pursuant to § 2699.3.

23 | 40. By amending this complaint Stuart is adding a cause of action for penalties for himself

24 | and other current or former employees under Labor Code § 2699(f) pursuant to Labor Code §

25 | 2699.3.

26 | 41. Labor Code § 2699 sets forth penalties to be awarded against a DEFENDANT who

27 | violates any provision of the Labor Code that does not mandate penalties of any type: "For all

28 |

- 10 –

FIRST AMENDED COMPLAINT

1  provisions of this code except those for which a civil penalty is specifically provided, there is

2  established a civil penalty for a violation of these provisions[.]" The penalty is $100 for the first

3  violation and $200 for each aggrieved employee per pay period for each subsequent violation.

4  The aggrieved employee is entitled to recover these penalties for himself and other current or

5  former employees through a civil action filed on his own behalf. Plaintiff is entitled to an award

6  of these penalties as set forth in Labor Code § 2699, if it is determined at the time of trial that

7  DEFENDANT violated any Labor Code provision for which no penalty is specified. These

8  penalties are in addition to all other remedies permitted by law.

9      42.   As alleged more fully in the First Cause of Action, so incorporated herein by referenced

10  thereto, DEFENDANT failed to comply with Labor Code § 2802 by failing to reimburse Stuart

11  and the class he represents for use of their personal vehicles for RadioShack business trips of less

12  than 25 miles. Stuart is therefore entitled to penalties for himself and other current or former

13  employees under Labor Code § 2699(f), pursuant to Labor Code § 2699, for each and every pay

14  period that DEFENDANT violated § 2802, if it is found there is no civil penalty specifically

15  provided by the Labor Code for violation of 2802. These penalties are in an amount not less than

16  are owed.

17      43.   In addition, Stuart seeks an award of reasonable attorney's fees and costs pursuant to

18  Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be

19  entitled to an ward of reasonable attorney's fees and costs."

20      44.   Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

21  Court shall award interest on all due and unpaid wages at the rate of interest specified in

22  subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall

23  accrue from the date that the wages were due and payable[.]" Stuart and the class he represents

24  are entitled to said interest.

25

26                    **PRAYER FOR RELIEF**

27      WHEREFORE, Plaintiff Stuart and the class he represents pray for judgment against

28

- 11 -

FIRST AMENDED COMPLAINT

1    Defendants, and each of them, jointly and severally, as follows:

2

3                              **FIRST CAUSE OF ACTION**

4    1.    For reimbursement and/or indemnification for all sums expended for mileage on

5          their personal vehicles by Plaintiff and the class he represents on behalf of

6          Defendant;

7    2.    For all costs incurred;

8    3.    For attorney fees pursuant to labor Code Section § 2802(c);

9    4.    For interest on all sums according to proof pursuant to Labor Code § 2802(b);

10   5.    For all such other and further relief the court deems proper.

11

12                            **SECOND CAUSE OF ACTION**

13   6.    For injunctive relief ordering Defendants to discontinue the unfair and unlawful

14         practices as alleged herein;

15   7.    That Defendants be ordered to be disgorged of all monies they obtained as a result

16         of their unlawful and unfair business acts and practices, including all funds

17         Defendant retained from expenditures made by Plaintiffs for mileage on their

18         personal vehicles, by means of the unfair and unlawful business acts and practices

19         alleged herein

20   8.    That Defendants be ordered to restore to Plaintiffs all funds Defendant retained

21         from expenditures made by Plaintiffs for mileage on their personal vehicles, by

22         means of the unfair and unlawful business acts and practices alleged herein;

23   9.    That Defendant be ordered to restore all expenditures made by Plaintiffs for

24         Defendants' benefit in an amount according to proof at time of trial;

25   10.   For enforcement of the civil penalties imposed by the Labor Code pursuant to

26         Business & Professions Code § 17202;

27   11.   For interest pursuant to Business & Professions Code § 17203; *Ballard vs.*

28

- 12 -

FIRST AMENDED COMPLAINT

1     *Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and

2     *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

3     12.    For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

4

5               **THIRD CAUSE OF ACTION**

6     13.    Pursuant to Labor Code § 2699(a), for penalties on behalf of Stuart and all other

7         current and former aggrieved employees as set forth in Labor Code § 2699(f) for

8         violation of § 2802 as alleged herein or according to proof;

9     14.    For reasonable attorney's fees and costs as provided by Labor Code § 2699(g);

10

11

12               **ALL CAUSES OF ACTION**

13     15.    For costs and reasonable attorneys' fees under Labor Code 2802;

14     16.    For court-determined class representative enhancements;

15     17.    For such other and further relief as the court deems just and proper.

16

17 DATED: July 23, 2007

18                      LAW OFFICES OF STEPHEN GLICK

19                      DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP

20                      LAW OFFICES OF IAN HERZOG

21

22             By: _____

23                      Stephen Glick
Attorneys for Plaintiff RICHARD STUART,

24                      individually and on behalf of all others

25                      similarly situated, and the California general public.

26

27

28

                                  - 13 -

FIRST AMENDED COMPLAINT

# EXHIBIT 1

*Law Offices of*

# STEPHEN GLICK
A PROFESSIONAL CORPORATION
SUITE 1480
1055 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90017

STEPHEN GLICK*

*A PROFESSIONAL CORPORATION

TELEPHONE (213) 387-3400
FAX (213) 387-7872
www.glicklegal.com

May 10, 2007

*Sent Via Certified U.S. Mail*

Radioshack Corporation
ATTN: CORPORATE COUNSEL ONLY
300 Radioshack Circle MS CF3-201
Fort Worth, TX 76102

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:    Richard Stuart on behalf of himself and other current and former employees v. Radioshack, Corporation

Please take notice that pursuant to the procedures specified in California Labor Code § 2699.3 RICHARD STUART on behalf of himself and other current or former employees (hereinafter EMPLOYEES) claims RADIOSHACK, CORPORATION (hereinafter "EMPLOYER") violated California Labor Code §§ 2802.

2802:  Within 4 years last past, EMPLOYEES drove from one Radio Shack Store to another in their personal vehicle on behalf of Radio Shack to pick up merchandise. RICHARD STUART and all other current and former employees have not been reimbursed for mileage for using their personal vehicle on behalf of EMPLOYER.EMPLOYER failed to indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. EMPLOYER is thus subject to a civil penalty set forth under section 2699(f)(2).

Sincerely,
LAW OFFICES OF STEPHEN GLICK

Stephen Glick

**61**

# EXHIBIT 2



# Labor & Workforce Development Agency

June 7, 2007

**Governor**
*Arnold Schwarzenegger*

**Secretary**
*Victoria L. Bradshaw*

Agricultural
Labor
Relations
Board

California
Unemployment
Insurance
Appeals
Board

California
Workforce
Investment
Board

Department of
Industrial
Relations

Economic
Strategy
Panel

Employment
Development
Department

Employment
Training
Panel

Steven Glick
Law Offices of Steven Glick
1055 Wilshire Boulevard, Suite 1480
Los Angeles, CA 90017

Radioshack Corporation
Attn: Corporate Counsel Only
300 Radioshack Circle MS CF3-201
Fort Worth, TX 76102

Re:     LWDA No: 2256
        Employer:   Radioshack Corporation
        Employee:   Richard Stuart et al

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked May 10, 2007 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows:  75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code".  Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

Doug Hoffner
Undersecretary

# EXHIBIT "J"

# SUMMONS ON FIRST AMENDED COMPLAINT
## (CITACION JUDICIAL)

*5816336*

(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RADIOSHACK CORPORATION, a Delaware corporation; and
DOES 1 through 100 inclusive,

**FILED**
ALAMEDA COUNTY

JUL 2 7 2007

By _____

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD STUART, individually and on behalf of all
others similarly situated and the California general
public; and DOES 1 through 1000, inclusive

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>ALAMEDA SUPERIOR COURT<br>2233 SHORELINE DR.<br><br>ALAMEDA, CA 94501 | CASE NUMBER:<br>*(Número del Caso):* RG07329680 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEPHEN GLICK SBN 59404          (213) 387-3400    (213) 387-7872
LAW OFFICES OF STEPHEN GLICK
1055 WILSHIRE BLVD., STE. 1480
LOS ANGELES, CA 90017

DATE: _____ Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**
**ON FIRST AMENDED COMPLAINT**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

64

# EXHIBIT "K"

*5883466*

10

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
STEPHEN GLICK SBN 59404
LAW OFFICES OF STEPHEN GLICK
1055 WILSHIRE BLVD., STE. 1480

LOS ANGELES, CA 90017
TELEPHONE NO.: (213)387-3400    FAX NO. *(Optional):* (213)387-7872
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* RICHARD STUART

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 2233 SHORELINE DR.
MAILING ADDRESS:
CITY AND ZIP CODE: ALAMEDA, CA 94501
BRANCH NAME:

PLAINTIFF/PETITIONER: RICHARD STUART et al.

DEFENDANT/RESPONDENT: RADIOSHACK CORPORATION

**FILED**
ALAMEDA COUNTY

AUG - 8 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  [x] UNLIMITED CASE (Amount demanded exceeds $25,000) | [ ] LIMITED CASE (Amount demanded is $25,000 or less) | RG07329680 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 22, 2007     Time: 2:00 p.m.     Dept.: 20     Div.:     Room:

Address of court *(if different from the address above):*
Administration Building, Fourth Floor
1221 Oak Street, Oakland, California

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [x] This statement is submitted by party *(name):* Plaintiff
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 7, 2007
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [x] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  [x] complaint   [ ] cross-complaint   *(describe, including causes of action):*
      Class action. Failure to reimburse plaintiffs for mileage Labor Code 2802;
      and Unfair business practices, business and professions code.

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720-3.730

**CM-110**

| PLAINTIFF/PETITIONER: RICHARD STUART et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIOSHACK CORPORATION | RG07329680 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Class action.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. ☐ Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* 20
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☒ by the following:
a. Attorney: Scott A. Brooks, Paul Fine, Craig Momita
b. Firm: DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
c. Address: 1801 Century Park East, 9th Floor, Los Angeles, CA 90067
d. Telephone number: (310) 556-7900
e. Fax number: (310) 556-2807
f. E-mail address:
g. Party represented: Plaintiff
☒ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☒ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**66**

**CM-110**

| PLAINTIFF/PETITIONER: RICHARD STUART et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIOSHACK CORPORATION | RG07329680 |

10. d.  The party or parties are willing to participate in *(check all that apply)*:

   (1) [x] Mediation

   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) [ ] Binding judicial arbitration

   (5) [ ] Binding private arbitration

   (6) [ ] Neutral case evaluation

   (7) [ ] Other *(specify):*

   e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

   [ ] The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

   a. [ ] Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: [ ] Yes [ ] No

   c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

   [ ] Bankruptcy [ ] Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

   a. [ ] There are companion, underlying, or related cases.

     (1) Name of case:

     (2) Name of court:

     (3) Case number:

     (4) Status:

     [ ] Additional cases are described in Attachment 14a.

   b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**15. Bifurcation**

   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

   [x] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

     Plaintiffs' Motion to Certify

     Plaintiffs' Motion for Summary Judgment

---

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: RICHARD STUART et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: RADIOSHACK CORPORATION | RG07329680 |

**17. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiffs | PMK Depositions & Notice to Produce Documents | When scheduled |
| Plaintiffs | Written Discovery | When due |

   c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 6 2007

Stephen Glick
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

| PETITIONER/PLAINTIFF: RICHARD STUART et al. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: RADIOSHACK CORPORATION | RG07329680 |

Ian Herzog
LAW OFFICES OF IAN HERZOG
233 Wilshire Boulevard, Suite 550
Santa Monica, California 91401
Telephone: (310) 458-6660
Facsimile: (310) 458-9065
Plaintiffs



**PROOF OF SERVICE**
**1013(a)CCP**

1

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and
4   not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los
    Angeles, California 90017.
5
6          I am "readily familiar" with the firm's practice of collection and processing correspondence
    for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same
7   day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.
    I am aware that on motion of the party served, service is presumed invalid if postal cancellation date
8   or postage meter date is more than one day after date of deposit for mailing in affidavit.

9          On August 11 , 2007, I served copies of the following documents:

10
11  **CASE MANAGEMENT STATEMENT**

12  enclosed in a sealed envelope addressed as follows:

13  SEE ATTACHED SERVICE LIST

14          _____      (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the
                      addressee(s).
15
16          X         (BY FACSIMILE) I transmitted an accurate copy via facsimile machine to the
                      following person and telephone number:
17
18          X         (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in
                      the United States mail at Los Angeles, California.
19
20          I declare under penalty of perjury under the laws of the State of California that the foregoing
    is true and correct.

21          Executed on this 11  day of August 2007, at Los Angeles, California.
22
23
24                                              Kharen Perez
25
26
27
28

70

<u>**Service List**</u>

1

2

Paul R. Fine

3
Scott A. Brooks
Craig S. Momita

4
DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS

5
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

6
Fax (310) 556-2807

7

Ian Herzog

8
LAW OFFICES OF IAN HERZOG
233 Wilshire Blvd., Suite 550

9
Los Angeles, CA 90401
Fax (310) 458-9065

10

11
Andrew M. Paley
SEYFARTH SHAW LLP

12
2029 Century Park East, Suite 3300
Los Angeles, CA 90067

13
Fax: (310) 282-6924

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "L"

ORIGINAL

1   SEYFARTH SHAW LLP
    Andrew M. Paley (State Bar No. 149699)
2   David D. Jacobson (State Bar No. 143369)
    2029 Century Park East, Suite 3300
3   Los Angeles, California 90067-3063
    Telephone:    (310) 277-7200
4   Facsimile:    (310) 201-5219

5   Attorneys for Defendant
    RadioShack Corporation

6
    Stephen Glick (State Bar No.: 59404)
7   LAW OFFICES OF STEPHEN GLICK
    1055 Wilshire Blvd., Suite 1480
8   Los Angeles, CA 90017
    Tel:   (213) 387-3400
9   Fax:   (213) 387-7872

10  Attorney for Plaintiff Richard Stuart

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF ALAMEDA

13  RICHARD STUART, individually and on        )   Case No. RGO 7329680
    behalf of all others similarly situated and the )
14  California general public; and DOES 1 through )   **CLASS ACTION**
    1000, Inclusive                             )
15                                              )   **JOINT COMPLEX CASE**
                    Plaintiffs,                 )   **MANAGEMENT CONFERENCE**
16                                              )   **STATEMENT**
            v.                                  )
17                                              )   Date:       August 22, 2007
    RADIOSHACK CORPORATION, a Delaware          )   Time:       2:00 p.m.
18  corporation; and DOES 1 through 100,        )   Department: 20
    Inclusive,                                  )
19                                              )   Complaint Filed:           06/07/07
                    Defendants.                 )   First Amended Complaint:   07/27/07
20                                              )

21

22      Plaintiff, Richard Stuart, and Defendant, RadioShack Corporation, through their

23  respective counsel, submit the following Joint Complex Case Management Conference

24  Statement:

25  ///

26  ///

27  ///

28  ///

LA1 6651104.1

FILED
ALAMEDA COUNTY
AUG 21 2007
By

FAXED

08/21/2007  12:24   4155030905   WORLDWIDE-ABC-SF   PAGE 01/01

1. **Nature of Case:**

   a.   **Plaintiff:**

      Plaintiff seeks to represent a class of all persons employed by Defendant in California during the past four years who have incurred non-reimbursed mileage expenses. Plaintiff alleges three theories of recovery: (1) failure to reimburse for mileage incurred in connection with business-related trips (Labor Code § 2802); (2) violation of Bus. & Prof. Code 17200 et seq. as a result of the alleged violation of Labor Code § 2802; and (3) PAGA penalties under Labor Code 2699 et seq. as a result of the alleged violation of Labor Code section 2802. Plaintiff alleges that Defendant had a written policy not to reimburse for expenses for business-related trips within the city or suburb where the Radio Shack Store that they are/were employed in was/is located Plaintiff alleges that store employees made various short trips within the city or suburb where the Radio Shack store that they are/were employed in was/is located with the employee's personal vehicles, specifically traveling to a neighboring store to pick up product, for which they were not reimbursed mileage.

   b.   **Defendant:**

      Defendant denies that it violated Labor Code § 2802 and denies that Plaintiff or any putative class member has been damaged in any manner whatsoever.

2. **Number of Parties:**

      The parties are currently limited to the present named Plaintiff and Defendant. The parties do not anticipate that any additional parties will be added except that, Plaintiff anticipates filing a motion for class certification by February 2008.

3. **Representation:**

      **Plaintiff:** Plaintiff is represented by Stephen Glick of The Law Offices of Stephen Glick. Mr. Glick's address is 1055 Wilshire Blvd., Ste. 1480, Los Angeles, California

-2-

LAI 6651104.1

73

1   90017. Mr. Glick's telephone number is (213) 387-3400 and his fax is (213) 387-7872.

2   Additional trial counsel for Plaintiff will be Scott Brooks, Paul Fine and Craig Momita of the law

3   firm Daniels, Fine, Israel, Schonbuch & Lebovits, LLP, 1801 Century Park East, 9th Floor, Los

4   Angeles, California 90067. The telephone number for Daniels *et al.* is (310) 556-7900 and their

5   fax number is (310) 556-2807. Ian Herzog of the Law offices of Ian Herzog 233 Wilshire Blvd.

6   #550 Santa Monica, CA 90401. The telephone number for Ian Herzog is (310) 458 6660 and the

7   fax number is (310) 458-9065.

8        **Defendant:** Defendant is represented by Andrew Paley and David Jacobson of

9   Seyfarth Shaw LLP. The telephone number for Defendant's counsel is (310) 277-7200 and the

10   fax number is (310) 201-5219.

11      **4.**   <u>Deadlines and Limits on Joinder of Parties and Amended or Additional</u>

12          <u>Pleadings:</u>

13        The parties do not anticipate any additional parties, and believe it is unlikely that

14   any pleadings will be amended.

15      **5.**   <u>Proposed Schedule for the Conduct of the Litigation:</u>

16        The parties agree that a detailed schedule for the conduct of the litigation is

17   premature at this point. Plaintiff filed an Amended Complaint on July 27, 2007. Defendant was

18   served with the Amended Complaint by mail with a Notice of Acknowledgement and Receipt on

19   August 6, 2007. Defendant has not yet filed a response to the complaint. Defendant may

20   remove the action under CAFA. Plaintiff anticipates filing a motion for class certification by

21   February 2008.

22        If the case is not removed, Defendant contends that discovery should be

23   bifurcated, with phase 1 limited to issues relating to class certification. The discovery cutoff for

24   phase 1 discovery would be the hearing date for the class certification motion. Phase 2 discovery

25   would focus on liability and damages. Plaintiff alleges that the certification and liability issues

26   are mixed, and therefore discovery should not be limited.

27   ///

28   ///

-3-

JOINT COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT

LA1 6651104.1

6.    **Identification of Potential Evidentiary Issues Involving Confidentiality or Protected Evidence:**

The parties anticipate that there may be issues regarding production of documents containing employees' social security numbers. Plaintiff contends that Defendant's records will show by social security number which employees made various transfers between stores. Plaintiff anticipates that the last 4 numbers of the employee's social security numbers will be all that is necessary. Defendant anticipates the need for an appropriate protective order before producing any documents containing employee social security numbers.

7.    **Description of the Procedural Posture of the Case and Outstanding Procedural Issues:**

a.    **Unserved parties:**

All parties have been served. Defendant was served with the amended complaint by mail with a Notice of Acknowledgement and Receipt on August 6, 2007. Defendant has not yet responded to the amended complaint. Defendant may remove the case under CAFA.

b.    **Unserved and/or unfilled cross-complaints:**

Defendant is at present unaware of facts that would lead it to file a cross-complaint.

c.    **Related actions and potential for consolidation or coordination:**

There are no related actions.

d.    **Possible jurisdictional or venue issues:**

Defendant may remove to federal court under CAFA.

e.    **Unresolved law and motion matters:**

None at present.

f.    **Requests for, or opposition to, ADR:**

The parties agree to participate in private mediation after appropriate discovery has been completed.

///

-4-

JOINT COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT

LA1 6651104.1

75

g.  **Severance of issues for trial:**

Defendant may file a motion to bifurcate liability from damages.

h.  **Calendar conflicts:**

Both parties agree that scheduling a trial date is premature.  Defendant has not yet responded to the Amended Complaint, and Defendant may remove the action to federal court.

Plaintiff anticipates filing a motion for class certification by February 2008.  The parties agree that a case management conference should be scheduled after the class certification hearing to discuss the scheduling of a trial date and remaining deadlines in the case.

i.  **Suggestions for streamlining the litigation:**

Counsel are amenable to e-filing and to service by email with a hard copy by U.S. mail.

DATED:  August 21, 2007                SEYFARTH SHAW LLP


By _____
    Andrew M. Paley
    David D. Jacobson
Attorneys for Defendant
RadioShack Corporation


DATED:  August 21, 2007                LAW OFFICES OF STEPHEN GLICK


By _____
    Stephen Glick
Attorney for Plaintiff Richard Stuart

-5-

JOINT COMPLEX CASE MANAGEMENT CONFERENCE STATEMENT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

     On August 21, 2007 I served the following described as **Joint Complex Case Management Conference Statement** on the interested parties in this action:

[XX]  by placing the true copies thereof enclosed in sealed envelopes, addressed as stated on the attached mailing list:

                [and/or]

[  ] by placing [xx] the original and/or [  ] true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[XX]  (VIA U.S. MAIL)

     [   ] I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage fully prepaid.

     [xx] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed August 21, 2007 at Los Angeles, California.

[  ]    (BY PERSONAL SERVICE)  I delivered such envelope by hand to the offices of the addressee.

Executed on _____ at Los Angeles, California.

[XX]   (STATE) I declare under penalty under the laws of the State of California that the above is true and correct.

[  ]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

LA1 6650247.1

1

**SERVICE LIST**

2

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

| | | |
|---|---|---|
| 3 | Stephen Glick, Esq. | Attorneys for Plaintiff |
| | LAW OFFICES OF STEPHEN GLICK | Richard Stuart, individually and on behalf of |
| 4 | 1055 Wilshire Blvd., Suite 1480 | all others similarly situated and the California |
| | Los Angeles, CA 90017 | general public |
| 5 | Tel:    (213) 387-3400 | |
| | Fax:    (213) 387-7872 | |

6

| | | |
|---|---|---|
| 7 | Paul R. Fine, Esq. | Attorneys for Plaintiff |
| | Scott A. Brooks, Esq. | Richard Stuart, individually and on behalf of |
| | Craig S. Momita, Esq. | all others similarly situated and the California |
| 8 | 1801 Century Park East, Ninth Floor | general public |
| | Los Angeles, CA 90067 | |
| 9 | Tel:    (310) 556-7900 | |
| | Fax:    (310) 556-7900 | |

10

| | | |
|---|---|---|
| 11 | Ian Herzog, Esq. | Attorneys for Plaintiff |
| | Law Offices of Ian Herzog | Richard Stuart, individually and on behalf of |
| | 233 Wilshire Blvd., Suite 550 | all others similarly situated and the California |
| 12 | Santa Monica, CA 91401 | general public |
| | Tel:    (310) 458-6660 | |
| 13 | Fax:    (310) 458-9065 | |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6650247.1

78

# EXHIBIT "M"

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Stuart** | No. RG07329680 |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Radio Shack Corporation, a Delaware corporation** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department     20                          Honorable   Robert Freedman_____ , Judge
Reporter       Shirley Walker CSR# 2449

Cause called for Case Management Conference on August 22, 2007.

Plaintiff Richard Stuart represented by Steven Glick via conference call.
Defendant Radio Shack Corporation, a Delaware corporation represented by Andrew M. Paley via conference call.

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference is scheduled for 09/20/2007 at 02:00 PM in Dept. 20.

OTHER ORDERS

1. The Court conducted an Initial Case Management Conference this date with counsel for the parties participating telephonically.
2. The CMC is continued to permit defendant to determine whether or not to seek removal under CAFA.
3. If the action has not been removed counsel shall meet and confer and submit an updated joint statement not later than 5 court days before the further CMC. The statement should identify any unresolved issues relating to discovery and propose a schedule for class certification briefing and hearing, any other contemplated motion practice, and ADR.
4. If the parties jointly agree that a further CMC on the above date is not necessary or premature given the hiatus to consider removal, the Court will entertain any reasonable joint suggestions for resetting the next conference.


NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website  http://www.alameda.courts.ca.gov/domainweb.


Minutes of     08/22/2007
Entered on     08/22/2007

Executive Officer / Clerk of the Superior Court

**Minutes**

M3915376

79

By _____
                    Deputy Clerk

---

# EXHIBIT "N"

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Stuart <br>                        Plaintiff/Petitioner(s) <br><br> VS. <br><br> Radio Shack Corporation, a Delaware corporation <br><br>             Defendant/Respondent(s) <br>     (Abbreviated Title) | No. <u>RG07329680</u> <br><br> Case Management Order <br><br> Date: 08/22/2007 <br> Time: 02:00 PM <br> Dept: 20 <br> Judge: Robert Freedman |

ORDER re: CASE MANAGEMENT

The Court has ordered the following at the conclusion of a judicially supervised Case Management Conference.

FURTHER CASE MANAGEMENT CONFERENCE

A further Case Management Conference is scheduled for 09/20/2007 at 02:00 PM in Dept. 20.

OTHER ORDERS

1. The Court conducted an Initial Case Management Conference this date with counsel for the parties participating telephonically.
2. The CMC is continued to permit defendant to determine whether or not to seek removal under CAFA.
3. If the action has not been removed counsel shall meet and confer and submit an updated joint statement not later than 5 court days before the further CMC. The statement should identify any unresolved issues relating to discovery and propose a schedule for class certification briefing and hearing, any other contemplated motion practice, and ADR.
4. If the parties jointly agree that a further CMC on the above date is not necessary or premature given the hiatus to consider removal, the Court will entertain any reasonable joint suggestions for resetting the next conference.

NOTICES

The Court orders counsel and/or self-represented parties to obtain a copy of this order from the court's website http://www.alameda.courts.ca.gov/domainweb.

Any delay in the trial, caused by non-compliance with any order contained herein, shall be the subject of sanctions pursuant to CCP 177.5.

Dated: 08/22/2007

_____
Judge Robert Freedman

# EXHIBIT "O"



1   SEYFARTH SHAW LLP
    Andrew M. Paley (State Bar No. 149699)
2   David D. Jacobson (State Bar No. 143369)
    2029 Century Park East, Suite 3300
3   Los Angeles, California 90067-3063
    Telephone:    (310) 277-7200
4   Facsimile:    (310) 201-5219

5   Attorneys for Defendant
    RadioShack Corporation
6

7

**ENDORSED
FILED
ALAMEDA COUNTY**

**AUG 2 9 2007**

CLERK OF THE SUPERIOR COURT
By Dorothy E. Lee, Deputy

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ALAMEDA

10

11  RICHARD STUART, individually and on          Case No. RGO 7329680
    behalf of all others similarly situated and the
12  California general public; and DOES 1 through    **CLASS ACTION**
    1000, Inclusive
13                                                  **DEFENDANT'S ANSWER TO
                    Plaintiffs,                      PLAINTIFF'S UNVERIFIED FIRST
14                                                   AMENDED COMPLAINT**
15          v.

16  RADIOSHACK CORPORATION, a Delaware           Complaint Filed:            06/07/07
    corporation; and DOES 1 through 100,          First Amended Complaint Filed: 07/27/07
17  Inclusive,

18                  Defendants.

19          Defendant RadioShack Corporation ("Defendant"), hereby answers the unverified

20  complaint of Richard Stuart ("Plaintiff") as follows:

21          Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d),

22  Defendant denies, generally and specifically, each and every allegation, statement, matter and

23  each purported cause of action contained in the First Amended Complaint, and without limiting

24  the generality of the foregoing, denies, generally and specifically, that plaintiff, or any member

25  of the putative class, have been damaged in the manner or sums alleged, or in any way at all, by

26  reason of any acts or omissions of Defendant.

27

28          In further answer to the First Amended Complaint, and as separate and distinct

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

LA1 6652058.1

82

affirmative defenses to the purported causes of action set forth in the First Amended Complaint,
Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action - All Causes of Action)

1.     The First Amended Complaint fails to state facts sufficient to constitute any cause
of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations - All Causes of Action)

2.     Plaintiff's claims, in whole or in part, are barred by the applicable statutes of
limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338,
339, 340, and California Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel - All Causes of Action)

3.     Plaintiff, by his conduct, is estopped to assert any cause of action against
Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver - All Causes of Action)

4.     The First Amended Complaint, and each and every cause of action alleged
therein, is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches - All Causes of Action)

5.     Plaintiff has delayed inexcusably and unreasonably in the filing of this action
causing substantial prejudice to Defendant and, thus, Plaintiff's claims are barred by the
equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands - All Causes of Action)

6.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of
unclean hands.

-2-

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

LA1 6652058.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages - All Causes of Action)

7.    Plaintiff is barred from recovering any compensatory damages, and/or any recovery for compensatory damages must be reduced, by virtue of his failure to exercise reasonable diligence to mitigate his alleged damages.

### PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff and  the putative class take nothing by the First Amended Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorney's fees according to proof;

4.    That Defendant be awarded the costs of suit herein incurred; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED:   August 29, 2007            SEYFARTH SHAW LLP


By _____
   Andrew M. Paley
   David D. Jacobson
Attorneys for Defendant
RadioShack Corporation

**84**

-3-

LA1 6652058.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On August 29, 2007 I served the following described as **Defendant's Answer to Plaintiff's Unverified First Amended Complaint** on the interested parties in this action:

[XX] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated on the attached mailing list:

[and/or]

[  ] by placing [xx] the original and/or [  ] true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[XX]  **(VIA U.S. MAIL)**

[  ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid.

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed August 29, 2007 at Los Angeles, California.

[  ]  (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ at Los Angeles, California.

[XX]  (STATE) I declare under penalty under the laws of the State of California that the above is true and correct.

[  ]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

1

## SERVICE LIST

2

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

3

| | |
|---|---|
| Stephen Glick, Esq. | Attorneys for Plaintiff |
| LAW OFFICES OF STEPHEN GLICK | Richard Stuart, individually and on behalf of |
| 1055 Wilshire Blvd., Suite 1480 | all others similarly situated and the California |
| Los Angeles, CA 90017 | general public |
| Tel:    (213) 387-3400 | |
| Fax:    (213) 387-7872 | |

4

5

6

7

| | |
|---|---|
| Paul R. Fine, Esq. | Attorneys for Plaintiff |
| Scott A. Brooks, Esq. | Richard Stuart, individually and on behalf of |
| Craig S. Momita, Esq. | all others similarly situated and the California |
| 1801 Century Park East, Ninth Floor | general public |
| Los Angeles, CA 90067 | |
| Tel:    (310) 556-7900 | |
| Fax:    (310) 556-7900 | |

8

9

10

11

| | |
|---|---|
| Ian Herzog, Esq. | Attorneys for Plaintiff |
| Law Offices of Ian Herzog | Richard Stuart, individually and on behalf of |
| 233 Wilshire Blvd., Suite 550 | all others similarly situated and the California |
| Santa Monica, CA 91401 | general public |
| Tel:    (310) 458-6660 | |
| Fax:    (310) 458-9065 | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6650247.1

**86**

1   **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the County of Los Angeles, State of California.  I am over
    the age of 18 years and not a party to the within action; my business address is
4   2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

5         On August 30, 2007, I served the following described as **Notice of Removal
    of Action Under 28 US.C. § 1453 (Class Action Fairness Act of 2005);
6   Declarations of Toss A. Hobbs and Andre M. Paley in Support of Removal**
    interested parties in this action:
7
    [XX]  by placing the true copies thereof enclosed in sealed envelopes, addressed as
8   stated on the attached mailing list:

9                                        [and/or]

10  [ ] by placing [xx] the original and/or [ ] true copies thereof enclosed in sealed
    envelopes addressed as stated on the attached mailing list.
11
    [XX] **(VIA U.S. MAIL)**
12
          [   ] I deposited such envelope in the mail at Los Angeles, California.  The
13    envelope was mailed with postage fully prepaid.

14        [xx] As follows:  I am "readily familiar" with the firm's practice of
      collection and processing correspondence for mailing.  Under that practice it
15    would be deposited with U.S. postal service on the same day with postage
      thereon fully prepaid at Los Angeles, California in the ordinary course of
16    business.  I am aware that on motion of the party served, service is presumed
      invalid if postal cancellation date or postage meter date is more than one day
17    after day of deposit for mailing in affidavit.

18        Executed August 30, 2007 at Los Angeles, California.

19  [ ]    (BY PERSONAL SERVICE)  I delivered such envelope by hand to the
           offices of the addressee.
20
          Executed on _____ at Los Angeles, California.
21
    [XX] (FEDERAL) I declare that I am employed in the office of a member of the
22    bar of this court at whose direction the service was made.

23
                                        _____
24                                      Cherie Thompson

25

26

27

28

LA1 6650247.1

**SERVICE LIST**

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

| | |
|---|---|
| Stephen Glick, Esq.<br>LAW OFFICES OF STEPHEN GLICK<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017<br>Tel:  (213) 387-3400<br>Fax:  (213) 387-7872 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Paul R. Fine, Esq.<br>Scott A. Brooks, Esq.<br>Craig S. Momita, Esq.<br>1801 Century Park East, Ninth Floor<br>Los Angeles, CA 90067<br>Tel:  (310) 556-7900<br>Fax:  (310) 556-7900 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Ian Herzog, Esq.<br>Law Offices of Ian Herzog<br>233 Wilshire Blvd., Suite 550<br>Santa Monica, CA 91401<br>Tel:  (310) 458-6660<br>Fax:  (310) 458-9065 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |