1  **SEYFARTH SHAW LLP**
   Andrew M. Paley (SBN 149699)
2  *apaley@seyfarth.com*
   David D. Jacobson (SBN 143369)
3  *djacobson@seyfarth.com*
   2029 Century Park East, Suite 3300
4  Los Angeles, CA 90067-3063
   Telephone:  (310) 277-7200
5  Facsimile:   (310) 201-5219

6  Attorneys for Defendant
   RADIOSHACK CORPORATION
7
   **LAW OFFICES OF STEPHEN GLICK**
8  Stephen Glick (SBN 59404)
   *sglick@glicklegal.com*
9  1055 Wilshire Blvd., Suite 1480
   Los Angeles, CA 90017
10 Telephone:  (213) 387-3400
   Facsimile:   (213) 387-782
11
   Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
12 Scott A. Brooks (SBN 160115)
   *brooks@dfis-law.com*
13 1801 Century Park East, Ninth Floor
   Los Angeles, California 90067
14 Telephone (310) 556-7900
   Facsimile (310) 556-2807
15
   **LAW OFFICES OF IAN HERZOG**
16 Ian Herzog (SBN 41396)
   *IH@avlaw.info*
17 233 Wilshire Boulevard, Suite 550
   Santa Monica, California 90405
18 Telephone (310) 458-6660
   Facsimile (310) 458-9065
19
   Attorneys for Plaintiff
20 RICHARD STUART, individually and on behalf of all others similarly situated
   and the California general public
21
                  UNITED STATES DISTRICT COURT
22
          NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)
23

| 24 | RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive, | ) ) ) ) ) | Case No. C07-04499 EMC<br><br>[Assigned to Magistrate Judge Edward M. Chen, Courtroom C] |
|---|---|---|---|
| 26 | Plaintiffs, | ) ) ) | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT FOLLOWING RULE 26 MEETING (LOCAL RULE 16-9)** |
| 27 | v. | ) ) | |
| 28 | | ) | |

LA1 6667932.1

| | | |
|---|---|---|
| 1<br>2<br>3 | RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br>　　　　　Defendants. | Date:　　December 20, 2007<br>Time:　　10:00 a.m.<br>Courtroom:　C |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 16-9, and the Court's August 30, 2007 Order Setting Initial Case Management Conference and ADR Deadlines, Plaintiff Richard Stuart ("Plaintiff") and Defendant Radioshack Corporation ("Defendant"), submit this joint report of their early meeting of counsel.

1. **Jurisdiction and Service**

    *A.    Jurisdiction:*

    This case was removed to this Court from the Alameda County Superior Court. Defendant maintains this Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d)(2). Defendant maintains the action was properly removed, pursuant to 28 U.S.C. § 1441(a), because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which the named plaintiff is a citizen of a state that is different from that of Defendant. Further, the number of putative class members is greater than 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff does not know or concede that the aggregated amount exceeds $5,000,000.00 and Plaintiff does not concede that the Defendant is not citizen of California in that Defendant's Principal place of business, e.g. the majority of its employees are citizens of California. As set forth in its removal papers, Defendant contends that (1) it is not a citizen of California, (2) its principal place of business is in Fort Worth, Texas and (3) the majority of its employees are not citizens of California.

    *B.    Service:*

    RadioShack is the only defendant. There are no unserved parties.

2

LA1 6667932.1

2.  **Facts**

    A.   *Plaintiff:*

    Plaintiff seeks to represent a class of all persons employed by Defendant in California during the past four years who have incurred non-reimbursed mileage expenses, and such subclasses as may be necessary and appropriate. Plaintiff alleges three primary theories of recovery: (1) failure to reimburse for mileage incurred in connection with business-related trips (Labor Code § 2802; *Estrada v. FedEx Ground Package System*, 154 Cal.App.4th 1, 64 Cal.Rptr.3d 327 (Cal.App. 2 Dist., 2007) and *Gattuso v. Harte-Hanks Shoppers, Inc.* ___ Cal.Rptr.3d ___, 2007 WL 3243861 Cal.,2007, November 05, 2007); (2) violation of Bus. & Prof. Code §§ 17200 et seq. as a result of the alleged violation of Labor Code § 2802; and (3) Private Attorneys General Act ("PAGA") penalties under Labor Code §§ 2699 *et seq.* as a result of the alleged violation of Labor Code § 2802.

    Plaintiff alleges that Defendant's policy and practice, including a written policy, was to refuse to reimburse its employees for expenses for travel within the course and scope of employment and as part of their regular duties as employees of RadioShack. Plaintiff alleges that store employees were required to travel to other stores with their personal vehicles for such things as to pick up and deliver product for RadioShack, and that they were not reimbursed for mileage. Plaintiff alleges that Defendant maintains written records of the dates, times and places of such trips and the employee who made them.

    B.   *Defendant:*

    Defendant denies that it violated Labor Code § 2802 and denies that Plaintiff or any putative class member has been damaged in any manner whatsoever.

3.  **Legal Issues**

    The parties are in agreement that California Labor Code § 2802 requires employers to reimburse its employees for reasonable expenses incurred in

3

LA1 6667932.1

1  connection with the performance of their job duties. The primary legal issues
2  arising from Plaintiff's claims include:
3      (1) Defendant contends that one of the issues is whether this case can be
4  maintained as a class action under Fed. R. Civ. Proc. 23(a) and (b)(3). Plaintiff
5  contends that the class must meet the requirements for a class action under
6  applicable law.
7      (2) Whether Labor Code § 2802 requires reimbursement of expenses every
8  pay period. Plaintiff relies upon *Estrada v. FedEx Ground Package System*, 154
9  Cal.App.4th 1, 64 Cal.Rptr.3d 327 (Cal.App. 2 Dist., 2007) and *Gattuso v. Harte-
10 Hanks Shoppers, Inc.* ___ Cal.Rptr.3d ___, 2007 WL 3243861 Cal.,2007,
11 November 05, 2007.
12     (3) Whether Defendant's alleged violation of Labor Code § 2802 was an
13 unlawful, fraudulent or unfair business act or practice in violation of the Unfair
14 Competition Law, Business & Professions Code §§ 17200 *et seq.*
15     (4) Whether Labor Code § 218.6, which provides for interest on unpaid
16 wages, is applicable to any recovery by Plaintiff. Defendant contends that
17 expenses are not "wages" under Section 218.6 and that therefore Section 218.6 is
18 not applicable.
19     (5) Whether PAGA (Labor Code §§ 2699 *et seq.*), is applicable and, if so,
20 how penalties thereunder are calculated. Plaintiff asserts that it is entitled to assert
21 PAGA claims and recover PAGA penalties on behalf of all current or former
22 employees, even if the class is not certified.
23     Defendant asserts that pursuit of PAGA claims and penalties on behalf of
24 unnamed parties is a violation of due process. *Hansberry v. Lee* (1940) 311 U.S.
25 32, 37; *Hutnick v. United States Fidelity Guaranty Co.* (1988) 47 Cal. 3d 456,
26 469; *Bronco Wine Co. v. Frank A. Logoluso Farms* (1989) 214 Cal. App. 3d 699,
27 717; *Richard v. Jefferson County, Alabama* (1996) 517 U.S. 793, 798, *quoting*
28 *Martin v. Wilks* (1989) 490 U.S. 755, 762.

LA1 6667932.1

   (6) Whether damages for alleged violations of Labor Code § 2802 can be determined only by making individual inquiries with respect to each employee's type of car, insurance expense, gas mileage, etc. *Gattuso v. Harte-Hanks Shoppers, Inc.*, ___ Cal.Rptr.3d ___, 2007 WL 3243861 Cal.,2007, November 05, 2007. Plaintiff contends that Defendant had a written policy of reimbursing employees using personal cars for business trips of more than 25 miles <u>only</u> and that reimbursement rate is the same rate which is used by the Internal Revenue Service. Plaintiff contends that the rate printed in the Defendant's written policy is the proper rate of reimbursement to be used under *Gattuso*. Plaintiff also alleges that the individual inquiries referred to are inquires regarding damages which do not prevent certification of a class. Plaintiff relies on the wealth of settled authority, including the 1966 Advisory Comments to Rule 23, stating that individual damages cannot defeat class treatment.

   Defendant contends that *Gattuso* requires individualized inquiry with respect to each employee to determine damages.

**4.**  <u>**Motions**</u>

   The parties anticipate the filing of the following motions:

   a. Class Certification (Plaintiff);

   b. Motions for Summary Judgment (Plaintiff and Defendant);

   c. Motion to deny Class Certification (Defendant).

**5.**  <u>**Amendment of Pleadings and Joinder of Additional Parties**</u>

   The parties do not anticipate that any additional parties will be joined. The parties agree that it is unlikely that any amended pleadings will be filed. Defendant proposes a deadline of December 5, 2007 for joinder of additional parties or the filing of amended pleadings. Plaintiff proposes a deadline of January 5, 2008 for joinder of additional parties or the filing of amended pleadings, without prejudice to Plaintiff's right to amend to add a representative plaintiff, if necessary.

LA1 6667932.1

6. **Evidence Preservation**

The parties discussed evidence preservation at the early meeting of counsel and agreed to preserve the following documents, to the extent such documents exist: (1) Inter-company Stock Transfer Forms; (2) Store Operating Manuals; (3) Payroll or Accounting records evidencing reimbursements for use of personal automobiles; (4) Corporate memos regarding inter-company transfer policies; (5) Emails evidencing company policies regarding reimbursement for expenses (mileage) for use of personal automobiles to perform job duties; and (6) RadioShack forms in use in California for requests for reimbursement of expenses (mileage) for use of personal automobiles to perform job duties.

7. **Disclosures**

The parties agreed at the early meeting of counsel to provided initial disclosures by December 19, 2007. The parties have disclosed potentially relevant documents as listed in Section 6 above. The parties agreed to supplement their initial disclosures as new information becomes available.

Defendant contends that, unless this case is certified as a class action, Rule 26 disclosures shall be limited to information that the parties intend to rely on regarding the named Plaintiff's individual claims and information reasonably expected to be used in support of the parties' respective positions regarding whether the case can be maintained as a class action.

Plaintiff contends that the Labor Code § 2699 cause of action does not need to be certified as a class action, that Plaintiff can bring such an action on behalf of himself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3. Plaintiff requests that Defendant faithfully comply with Rule 26 including the disclosure of all information necessary to address class certification, and including that encompassed by well-settled authority regarding the intertwining of merits and class issues.

6

LA1 6667932.1

Defendant contends that, if the case is not certified as a class action, Plaintiff is not entitled to pursue PAGA penalties on behalf of current or former employees who are not named as Plaintiffs.

**8.   Discovery**

There has been no discovery conducted to date. The parties propose the following discovery plan:

   *A.   Limitation on Discovery Rules:*

   *Plaintiff*: Plaintiff proposes that discovery should not be limited.

   *Defendant*: Defendant suggests that discovery be conducted in phases. Phase I will be limited to certification issues, with the discovery cut-off being set for the date of the class certification motion hearing. Phase II of the discovery process will deal with liability and damages. Defendant requests that the Court set a further Case Management Conference on a date after the class certification motion hearing wherein the parties will propose additional deadlines for Phase II discovery. Under this proposal, the parties would propose additional discovery deadlines within two weeks after a ruling on the class certification hearing. Alternatively, Defendant proposes a discovery cut-off for Phase II discovery to be 90 days prior to trial.

   *B.   Depositions:*

   Defendant currently anticipates deposing Plaintiff and any declarants used in support of Plaintiff's motion for class certification. If this case is certified as a class action, Defendant may depose additional class members.

   Plaintiff intends to depose Defendant with respect to its policies and procedures regarding reimbursement of expenses in California.

   *C.   Written Discovery:*

   Both sides intend to serve document requests, written interrogatories and Requests for Admissions. The Parties anticipate that they will be able to agree on a procedure to safeguard any sensitive/confidential employee information.

LA1 6667932.1

D.   *Discovery Cutoff:*

*Plaintiff:* Plaintiff proposes a discovery cutoff of 30 days before the trial date.

*Defendant:* Defendant proposes as follows:

*Pre-Certification:* Defendant proposes a pre-certification discovery cutoff of the date of the class certification hearing.

*Post-Certification:* Defendant proposes that post-certification discovery issues be postponed until after the court determines whether the proposed class should be certified. Defendant proposes that the parties submit additional deadlines within fourteen days after receipt of the Court's decision regarding Plaintiff's motion for class certification. Alternatively, Defendant proposes a discovery cutoff of 90 days before the trial date. Plaintiff proposes a discovery cutoff of 30 days before the trial date.

**9.   Procedure for Certification/non-Certification of Class**

Defendant contends that the court has jurisdiction of this class action under CAFA. Plaintiff does not admit that the action is subject to CAFA, that $5,000,000 is in issue or that California, where it operates hundreds of stores, is not one of the places of citizenship of Defendant. This action is proposed as a class action under applicable law. Defendant contends that Fed. R. Civ. Proc. 23(a) and 23(b)(3) are applicable to the determination of whether the action can be maintained as a class action. The parties propose the following deadlines for class certification:

May 2, 2008. Deadline for Plaintiff to file a motion for class certification.

June 2, 2008. Deadline for Defendant to file its opposition to the motion for class certification.

June 16, 2008. Deadline for Plaintiff to file a reply to Defendant's opposition to the motion for class certification.

8

LA1 6667932.1

June 30, 2008. Hearing on the motion for class certification.

**10.** **Related Cases**

The Parties are at this time unaware of any related cases.

**11.** **Relief:**

Plaintiff seeks the following relief:

(1) Plaintiff seeks relief under Labor Code § 2802 for unreimbursed expenses (mileage) by employees for travel within the course and scope of employment and/or as part of their regular duties as employees of RadioShack, to pick up product from one store and transfer the product to another store. Defendant asserts that all employees have been properly reimbursed for expenses.

(2) Plaintiff seeks relief under the UCL. Plaintiff asserts that Defendant's alleged failure to pay expenses as required by Labor Code § 2802, constitutes an unlawful business practice. *Estrada v. FedEx Ground Package System*, 154 Cal.App.4th 1, 64 Cal.Rptr.3d 327 (Cal.App. 2 Dist., 2007) and *Gattuso v. Harte-Hanks Shoppers, Inc.* ___ Cal.Rptr.3d ___, 2007 WL 3243861 Cal.,2007, November 05, 2007. Plaintiff further asserts that Defendant's conduct constitutes a fraudulent and unfair business act or practice in violation of the UCL. Defendant asserts that is has not violated Labor Code § 2802, and therefore there is no liability under the UCL.

(3) Plaintiff seeks interest on any recovery pursuant to Labor Code § 218.6, which provides for interest on recoveries for due and unpaid wages. Defendant asserts that expenses

|   |   |   |
|---|---|---|
| 1 | | allegedly due under Labor Code § 2802 are not "wages," |
| 2 | | and therefore Labor Code § 218.6 is not applicable. |
| 3 | (4) | Plaintiff seeks recovery of PAGA penalties, including $100 |
| 4 | | for the first violation and $200 for each aggrieved |
| 5 | | employee per pay period for each subsequent violation. |
| 6 | | Defendant asserts that there have been no violations that |
| 7 | | trigger penalties under PAGA, and further asserts that, if |
| 8 | | the proposed class is not certified, Plaintiff is not entitled to |
| 9 | | recover PAGA penalties on behalf of parties not named as |
| 10 | | Plaintiffs. |
| 11 | (5) | Plaintiff asserts that Defendant failed to establish some |
| 12 | | means to identify the portion of overall compensation that |
| 13 | | was intended as expense reimbursement, and further failed |
| 14 | | to comply with Labor Code § 2804's requirement that the |
| 15 | | amounts so identified be sufficient to fully reimburse |
| 16 | | employees for all expenses actually and necessarily |
| 17 | | incurred. Defendant asserts that, as set forth in the |
| 18 | | November 5, 2007 California Supreme Court decision of |
| 19 | | *Gattuso v. Harte-Hanks Shoppers, Inc.*, ___ Cal.Rptr.3d |
| 20 | | ___, 2007 WL 3243861 Cal.,2007, November 05, 2007, |
| 21 | | damages for alleged violations of Labor Code § 2802 can |
| 22 | | be determined only by making individual inquiries with |
| 23 | | respect to each employee's type of car, insurance expense, |
| 24 | | gas mileage, etc. Plaintiff relies on the wealth of authority, |
| 25 | | including the 1966 Advisory Comments to Rule 23, stating |
| 26 | | that individual damage issues cannot defeat class treatment. |

27  **12.  Settlement and ADR**

28  The Parties have agreed to use a private mediator. The Parties are in

10

discussions about possible early mediation with voluntary disclosure of information necessary to facilitate meaningful mediation.

**13.  Consent to Magistrate Judge for all Purposes**

The Parties consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14.  Other References**

The parties are presently unaware of any facts or proceedings that would make this case suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The Parties are unaware of any issues that can be narrowed at this time by agreement, motion, or by suggestions to expedite the presentation of evidence.

**16.  Expedited Schedule**

This is not the type of case that can be handled on an expedited basis or with streamlined procedures.

**17.  Scheduling**

The parties submit that it is premature to schedule a trial date or a date for a pre-trial conference until after the hearing on the motion for class certification. The parties request that a trial date not be set until after Plaintiff's motion for class certification has been heard and decided. Pre-certification discovery cutoffs are proposed in Section 8 above.

**18.  Trial**

Plaintiff requests a jury trial. If Plaintiff's motion for class certification is granted, the parties anticipate that trial will be 30-45 days. If Plaintiff's motion for class certification is denied, the parties estimate that the trial will be 2-3 days.

**19.  Disclosure of Non-party Interested Entities or Persons**

The parties have filed the Certification of Interested Entities or Persons required by Local Rule 3-16.

11

LA1 6667932.1

1     Defendant states that the only persons or entities known by it to have any
2 kind of interest in the subject matter in controversy are Plaintiff Richard Stuart
3 and RadioShack Corporation. If the proposed class is certified, other presently
4 unknown individuals will have an interest in the controversy.

5     Plaintiff states that the only persons or entities known by it to have any
6 interest in the subject matter in controversy are Plaintiff individually and on behalf
7 of the proposed class and Defendant RadioShack Corporation. If the proposed
8 class is certified, other presently unknown individuals will have an interest in the
9 controversy.

10 **20. Other Matters**

11     The major issue in this case is whether it proceeds as a class action.

12 DATED: December 4, 2007.    SEYFARTH SHAW LLP

14 By _____
    Andrew M. Paley
    David D. Jacobson
    Attorneys for Defendant
    RADIOSHACK CORPORATION

19 DATED: December 4, 2007    LAW OFFICES OF STEPHEN GLICK

    DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP

    LAW OFFICES OF IAN HERZOG

By _____
    Scott A. Brooks
    Attorneys for Plaintiff
    RICHARD STUART, individually and on behalf of all others similarly situated and the California general public

LA1 6667932.1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On December 6, 2007 I served the following described as **Joint Case Management Conference Statement Following Rule 26 Meeting (Local Rule 16-9)** on the interested parties in this action as stated on the attached mailing list:

[XX] **Electronically by using the Court's ECFCM System.**

  **AND**

[XX] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated on the attached mailing list:

[XX] **(VIA U.S. MAIL)**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid.

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed December 6, 2007 at Los Angeles, California.

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ at Los Angeles, California.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

LA1 6652085.1

## SERVICE LIST

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

| | |
|---|---|
| Stephen Glick, Esq.<br>LAW OFFICES OF STEPHEN GLICK<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017<br>Tel:  (213) 387-3400<br>Fax: (213) 387-7872 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Paul R. Fine, Esq.<br>Scott A. Brooks, Esq.<br>Craig S. Momita, Esq.<br>DANIELS, FINE, ISRAEL, SCHONBUCH<br>    & LEBOVITS LLP<br>1801 Century Park East, Ninth Floor<br>Los Angeles, CA 90067<br>Tel:  (310) 556-7900<br>Fax: (310) 556-2807 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Ian Herzog, Esq.<br>LAW OFFICES OF IAN HERZOG<br>233 Wilshire Blvd., Suite 550<br>Santa Monica, CA 91401<br>Tel:  (310) 458-6660<br>Fax: (310) 458-9065 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |

LA1 6652085.1