**SEYFARTH SHAW LLP**
Andrew M. Paley (SBN 149699)
apaley@seyfarth.com
David D. Jacobson (SBN 143369)
djacobson@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, CA 90067-3063
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
RADIOSHACK CORPORATION

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick (SBN 59404)
sglick@glicklegal.com
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017
Telephone:  (213) 387-3400
Facsimile:   (213) 387-782

Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
Scott A. Brooks (SBN 160115)
brooks@dfis-law.com
1801 Century Park East, Ninth Floor
Los Angeles, California 90067
Telephone (310) 556-7900
Facsimile (310) 556-2807

LAW OFFICES OF IAN HERZOG
Ian Herzog (SBN 41396)
IH@avlaw.info
233 Wilshire Boulevard, Suite 550
Santa Monica, California 90405
Telephone (310) 458-6660
Facsimile (310) 458-9065

Attorneys for Plaintiff
RICHARD STUART, individually and on behalf of all others similarly situated and the California general public

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive,<br><br>Plaintiffs,<br><br>v. | Case No. C07-04499 EMC<br><br>[Assigned to Magistrate Judge Edward M. Chen, Courtroom C]<br><br>**UPDATE TO JOINT CASE MANAGEMENT CONFERENCE STATEMENT (PER COURT ORDER DATED MAY 21, 2008)** |

LA1 6714028.1

| | | | |
|---|---|---|---|
| RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | ) ) ) ) ) ) ) | Date:<br>Time:<br>Courtroom: | July 23, 2008<br>2:30 p.m.<br>C |

Per the Court's Order dated May 21, 2008, the parties hereby submit the following updated Case Management Conference Statement.

1.   **Discovery**:  The parties met and conferred several times since the Court's Order of December 20, 2007 and agreed to the following:

**Identification of Relevant Documents**:  Defendant previously determined that there are no records in its computer data base that will reflect whether transfers of products between stores were physically made by store employees.  Defendant identified approximately one year's worth of hard-copy records called Inter-Company Stock Transfer Forms ("ICSTs") that reflect inter-company transfers of product which may contain information concerning the method of delivery.  Those documents are stored at each of the approximately 550 RadioShack stores in California and are retained for a period of one year.

**Production of Documents:**

For purposes of the mediation, the parties agreed that RadioShack would produce a sample of one month's Inter-Company Transfer Forms ("ICSTs") from a random sample of 30 of RadioShack's California stores.  RadioShack provided Plaintiff's counsel with a list of store numbers for all California stores and Plaintiff's counsel designated the thirty stores for which ICSTs would be produced.  RadioShack produced one month's records from each of the stores designated by Plaintiff's counsel, and those records were the basis for the parties' July 7, 2008 mediation efforts.[1]

---

[1] The parties originally agreed that samples would be produced from 50 stores.  However, Defendant was not able to collect the ICSTs from all of the stores in time for the mediation.  Hence, the parties agreed to the smaller sample of 30 stores.

2

LA1 6714028.1

*Plaintiff's Contentions:*

Plaintiff contends that Defendant's retention of relevant documents was 5 years but that Defendant changed its policy and may have destroyed relevant documents despite an obligation to maintain those records. Plaintiff contends that he sent Defendant a letter dated May 9, 2007 advising Defendant of the alleged violations that became the subject of this lawsuit. Plaintiff contends that at the time of the May 9, 2007 letter, Defendant's written document retention policy required that documents be retained for five (5) years. However, according to Plaintiff's most recent information, three days after the May 9, 2007 catalyst letter was sent (on May 12, 2007), Defendant changed its retention policy to one (1) year and with exceptions claims to have destroyed all relevant documents of more than one year.

However, Plaintiff has determined and believes that Defendant *does* have records showing inter-company transfers in its computers and in hard copy for more than one year. Plaintiff contends that these records are in the form of *"Inter Company Transfer Forms"* and *"Daily Reports"*. These documents show the person responsible and the date and store from and to which the merchandise was transferred. It remains to be confirmed and determined exactly what data remains available and how it may be accessed.

*Defendant's Contentions:*

Plaintiff's assertion that Defendant has changed its document retention policies or destroyed relevant documents is completely without basis. ICSTs are maintained only in hard copy and only for a one year period. Shortly after learning of this lawsuit, Defendant instituted a proper litigation hold to ensure retention of relevant documents. The ICSTs are the only documents of which Defendant is aware that reflect whether a transfer was made via personal delivery by an employee. Although RadioShack maintains an electronic record of whether a stock transfer occurred, the electronic record does not reflect whether the transfer

was done in person or by other means, such as Fed-X. In preparation for mediation, the parties specifically agreed upon production of one month's ICSTs reflecting personal deliveries from a random sample of 30 stores that were chosen by Plaintiff. At the mediation, Plaintiff's attorneys for the first time announced that they did not believe the data reflected in the ICSTs produced and that they believe that RadioShack must have additional information. There is no support for Plaintiff's assertions. Faced with the fact that the objective data does not support Plaintiff's claims, Plaintiff has resorted to the invention of scandalous accusations with no evidence whatsoever of any wrongdoing.

2. **Mediation**: The parties conducted private mediation with Joel Grossman on July 7, 2008. The mediation was not fruitful.

Plaintiff's attorneys do not believe the data represented by the 30-store sample. The data indicates that, in the 30 store sample, there were approximately 3 personal transfers per month for each store. Plaintiff's attorneys assert that anecdotal evidence from their client and other employees suggests that the data regarding the average number of transfers per store personally delivered by employees each month is not accurate. Plaintiff asserts that, instead of three transfers per month per store, the real number is three transfers, per employee, per store. With an average of 5-6 employees per store, this amounts to an increase over the number of transfers indicated in the data by a factor of at least five.

Plaintiff's attorneys believe that they need to conduct discovery to verify the data produced by Defendant. Defendant asserts that all documents have been produced and that the data is what it is—Defendant has not altered the data in any way and has not withheld any documents from production.

3. **Discovery After Mediation**: The parties agree to meet and confer regarding production of additional documents.

*Plaintiff's Contentions:*

For Plaintiffs, the most pressing inquiry is their most recent concern

4

regarding the document retention policy, what documents are still available and whether any documents were destroyed and, if so, when.

In addition, Defendant maintains that necessary information which was on the computer was routinely transferred to a computer database at Defendant's home office but that the name of the employee who used their private car to make the transfer was not part of the information that was transferred/stored in the system. Plaintiffs are exploring and will further explore whether that information may be obtained through other sources such as hard drives or other sources including from testimony of a sample of putative class members.

Plaintiff's contend that if documents were destroyed following Defendant's receipt of the May 9, 2007 catalyst letter, Plaintiffs may be required to address this, whether by amendment of the complaint or other appropriate means.

In any event, from Plaintiff's perspective, the first task to undertake is to further discern what information is out there, how it is maintained, and how it may be obtained and used for purposes of class certification, liability and damages. The answers to these questions will be the starting place for a determination of the appropriate use of representative sampling and other techniques in each phase of this matter.

*Defendant's Contentions:*

As previously discussed, Defendant asserts that Plaintiff's contentions regarding Defendant's document retention policy is utterly without merit. RadioShack has not altered documents or destroyed documents. RadioShack intends to depose Plaintiff and any individuals Plaintiff many use in support of a class certification motion.

4. **Class Certification Expert Reports and Motions**:

The current deadlines regarding class certification are as follows:

Aug. 1, 2008:   Deadline for Plaintiff to file expert report and motion for class certification.

LA1 6714028.1

| | | |
|---|---|---|
| 1 | Sept. 2, 2008: | Deadline for Defendant to file expert report and opposition to motion for class certification. |
| 3 | Sept. 15, 2008: | Deadline for Plaintiff to file Reply brief in support of class certification. |
| 5 | Oct. 1, 2008: | Hearing on motion for class certification. |

*Plaintiff's Position:*

Given the information obtained by Plaintiff's to date, and particularly with regard to the availability (or not) of Defendant's records, Plaintiff submits that the above time periods need to be modified to build in sufficient time for formal discovery regarding Defendant's records, retention policies, changes to retention policies, what information remains and how it may be accessed and used, and amendment of the complaint, if necessary. Plaintiff intends to move to amend the complaint for the reasons stated above and to expand the class definition to include Inter-Company Stock Transfers of more than 25 miles.

*Defendant's Position:*

Defendant believes that the current class certification deadlines do not need to be modified. In light of the schedule previously agreed to by the parties regarding certification, Defendant submits that any proposed amendment to the complaint by Plaintiff at this late date is untimely and improper.

DATED: July 16, 2008                    SEYFARTH SHAW LLP

                                        By /s/ Andrew M. Paley
                                           Andrew M. Paley
                                           David D. Jacobson
                                        Attorneys for Defendant
                                        RADIOSHACK CORPORATION

6

LA1 6714028.1

| | | |
|---|---|---|
| 1 | DATED: July 16, 2008 | LAW OFFICES OF STEPHEN GLICK |
| 2 | | DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP |
| 3 | | |
| 4 | | LAW OFFICES OF IAN HERZOG |

By _____
Stephen Glick
Attorneys for Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated and the California general public

LA1 6714028.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On July 16, 2008 I served the following described as **Updated to Joint Case Management Conference Statement (Per Court Order Dated May 21, 2008)** on the interested parties in this action as stated on the attached mailing list:

[XX] **Electronically by using the Court's ECFCM System.**

    **AND**

[XX] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated on the attached mailing list:

[XX] **(VIA U.S. MAIL)**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid.

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed July 16, 2008 at Los Angeles, California.

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ at Los Angeles, California.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

LA1 6652085.1

## SERVICE LIST

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

| | |
|---|---|
| Stephen Glick, Esq.<br>LAW OFFICES OF STEPHEN GLICK<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017<br>Tel: (213) 387-3400<br>Fax: (213) 387-7872 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Paul R. Fine, Esq.<br>Scott A. Brooks, Esq.<br>Craig S. Momita, Esq.<br>DANIELS, FINE, ISRAEL, SCHONBUCH<br>    & LEBOVITS LLP<br>1801 Century Park East, Ninth Floor<br>Los Angeles, CA 90067<br>Tel: (310) 556-7900<br>Fax: (310) 556-2807 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Ian Herzog, Esq.<br>LAW OFFICES OF IAN HERZOG<br>233 Wilshire Blvd., Suite 550<br>Santa Monica, CA 91401<br>Tel: (310) 458-6660<br>Fax: (310) 458-9065 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |

LA1 6652085.1