1  Andrew M. Paley (SBN 149699)
   *apaley@seyfarth.com*
2  David D. Jacobson (SBN 143369)
   *djacobson@seyfarth.com*
3  **SEYFARTH SHAW LLP**
   2029 Century Park East, Suite 3300
4  Los Angeles, CA 90067-3063
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   RADIOSHACK CORPORATION
7

   Stephen Glick (SBN 59404)
8  *sglick@glicklegal.com*
   **LAW OFFICES OF STEPHEN GLICK**
9  1055 Wilshire Blvd., Suite 1480
   Los Angeles, CA 90017
10 Telephone:  (213) 387-3400
   Facsimile:  (213) 387-782
11

   Scott A. Brooks (SBN 160115)
12 *brooks@dfis-law.com*
   **DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP**
13 1801 Century Park East, Ninth Floor
   Los Angeles, California 90067
14 Telephone (310) 556-7900
   Facsimile (310) 556-2807
15

   Ian Herzog (SBN 41396)
16 *IH@avlaw.info*
   **LAW OFFICES OF IAN HERZOG**
17 233 Wilshire Boulevard, Suite 550
   Santa Monica, California 90405
18 Telephone (310) 458-6660
   Facsimile (310) 458-9065
19

   Attorneys for Plaintiff
20 RICHARD STUART, individually and on behalf of all others similarly situated
   and the California general public

21
22                    UNITED STATES DISTRICT COURT

23         NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive, | Case No. C07-04499 EMC<br><br>[Assigned to Magistrate Judge Edward M. Chen, Courtroom C] |
| Plaintiffs, | **UPDATE TO JOINT CASE MANAGEMENT CONFERENCE STATEMENT (PER COURT ORDER DATED AUGUST 6, 2008)** |
| v. | |

LA1 6718982.1

| | | |
|---|---|---|
| RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive, | Date: | August 20, 2008 |
| | Time: | 2:30 p.m. |
| | Courtroom: | C |
| Defendants. | | |

Per the Court's August 6, 2008 Order, the parties hereby submit the following update to the Status Conference Statements previously filed.

1. **Discovery**:

*Plaintiff:*

Plaintiff has noticed the deposition of Defendant's Person(s) Most Knowledgeable for September 10, 2008 on categories pertaining to the motion for class certification as well as the document retention issues and which also requests the production of documents. As Plaintiff stated in the last Status Conference, Plaintiff has obtained information that Defendant's retention of relevant documents was 5 years but Defendant changed its policy to a one year retention period at almost exactly the time at which a "catalyst" letter was sent and when this lawsuit was filed; the retention policy bears a "revised" date of May 12, 2007. Plaintiff is particularly interested in what efforts, if any, were undertaken by Defendant to preserve records, particularly upon being sent the May 9, 2007 catalyst letter and served with the lawsuit just over a month later. Given that Defendant maintains that records were stored at some 550 RadioShack locations, it would seem likely that not all of those locations would have destroyed four years of documents in the short period during which the May 9, 2007 catalyst letter was sent, the May 12, 2007 record retention policy revision was distributed (presently unknown, but certainly some time after May 12, 2007), and this lawsuit was filed (June 7, 2007) and served (June 19, 2007).

Plaintiff is also conducting discovery regarding the existence of other materials which may be used to establish the transfers which occurred prior to Defendant's change in its record retention policy which documents may include

2

Plaintiff's counsel have not yet seen but were advised do exist. For instance, Defendant maintains that Daily Reports were forms filled out at the store level and showed which employee performed a stock transfer and whether a stock transfer was made by another means such as FedEx. However, while other information was input from the Daily Reports into Defendant's computer database, the information which showed which employee performed a stock transfer and whether the stock transfer was by another means such as FedEx was <u>not</u>. Therefore, Defendant maintains, it is not possible to use the computer data base to determine which employees made a transfer of how many transfers were by an employee or by other means such as FedEx. At the same time, Defendant also maintains that the hard copies of the Daily Reports which would provide this information are no longer available due to the change in the retention policy[1] Plaintiff anticipates that this information may be available by other means. For instance, Plaintiff believes that records of any FedEx transfers would be shown through accounting and other records, and any such transfers may even have been charged to the stores as part of the store's profit and loss reports. At the very least, Defendant's accounting department would have records relating to any use of FedEx or similar services, not to mention FedEx itself, which must maintain meticulous records deriving from its package tracking services.

   Plaintiff is also exploring the use of sample statistical evidence. The sample statistical evidence may be used to fill in the gaps in evidence due to the latter's destruction by Defendant.

/ / /

/ / /

/ / /

---

[1] Plaintiff submits that no "scandalous accusations", *infra*, have been made against anyone. Rather, Defendant asserts, even in this document, that ICST documents no longer exist and so in light of the timing of the revisions to the retention policy, Plaintiff is entitled to explore at what point in time documents were destroyed.

3

LA1 6718982.1

*Defendant:*

a. Plaintiff's 30(b)(6) Deposition Notice

Defendant asserts that Plaintiff's PMK deposition notice is incredibly broad. It is sixteen pages long (without exhibits), it identifies fifteen numbered topics, each with lengthy subparts. The Court's Second Amended Case Management Conference Order requires the parties to meet and confer regarding any document requests. Nonetheless, Plaintiff appended twenty-six overly broad categories of documents requests to the deposition notice without any attempt whatsoever to meet and confer with RadioShack. Defendant will meet and confer with Plaintiff in an attempt to try to reach agreement regarding the timing and scope of PMK deposition(s).

b. ICSTS

As the Court has previously been advised, Plaintiff's claims that Defendant has changed its document retention policies or destroyed relevant documents are completely without basis. ICSTs are maintained only in hard copy and only for a one year period. The ICSTs are the only documents of which Defendant is aware that reflect whether a transfer was made via personal delivery by an employee. Although RadioShack maintains an electronic record of whether a stock transfer occurred, the electronic record does not reflect whether the transfer was done in person or by other means, such as Fed-EX. In preparation for mediation, the parties specifically agreed upon production of one month's ICSTs reflecting personal deliveries from a random sample of 30 stores that were chosen by Plaintiff. At the mediation, Plaintiff's attorneys for the first time announced that they did not believe the data reflected in the ICSTs produced and that they believe that RadioShack must have additional information. There is no support for Plaintiff's assertions. Faced with the fact that the objective data does not support Plaintiff's claims, Plaintiff has resorted to the invention of scandalous accusations with no evidence whatsoever of any wrongdoing.

4

1    Changes to the document retention policy were made at various times in the
2 normal course. Changes to the document retention policy have no relationship
3 whatsoever to this litigation. Changes to the document retention policy affected
4 many categories of documents—it was not specific to the ICSTs at issue in this
5 litigation.
6    Defendant asserts that Plaintiff's contentions regarding Defendant's
7 document retention policy is utterly without merit. RadioShack has not altered
8 documents or destroyed documents. RadioShack intends to depose Plaintiff and
9 any individuals Plaintiff may use in support of a class certification motion.
10    **2.    Mediation**: As the Court is aware, the parties conducted private
11 mediation with Joel Grossman on July 7, 2008. The mediation was not fruitful.
12    *Plaintiff:*
13    In Plaintiff's proposal, he has asked Defendant to join in the selection of a
14 neutral survey expert to conduct a telephonic poll of putative class members from
15 the period prior to their destruction of records to ask whether they made intra-
16 company stock transfers and if so, how frequently. Plaintiff has proposed that the
17 survey respondents should be persons who have not been previously contacted by
18 either party. Otherwise, there have been no further mediation efforts.
19    Plaintiff suggests that the parties conduct a further mediation session after a
20 review of the results from the proposed survey.
21    *Defendant:*
22    Defendant is evaluating the specifics of Plaintiff's proposal and expects to
23 have a response by the date of the status conference scheduled for August 20,
24 2008.
25    **3.    Class Certification Expert Reports and Motions:**
26    Motion to Amend Complaint:
27    *Plaintiff:*
28    Plaintiff intends to amend the Complaint to revise the class definition based

5

LA1 6718982.1

1  upon the Intra-Company Stock Transfer Reports obtained by Defendant.

*Defendant:*

Defendant submits that any motion to amend would be untimely.

<u>Class Certification Dates:</u>

The current deadlines regarding class certification are as follows:

| | |
|---|---|
| Oct. 1, 2008: | Deadline for Plaintiff to file expert report and motion for class certification. |
| Nov. 3, 2008: | Deadline for Defendant to file expert report and opposition to motion for class certification. |
| Nov. 17, 2008: | Deadline for Plaintiff to file Reply brief in support of class certification. |
| Dec. 3, 2008: | Hearing on motion for class certification. |

*Plaintiff:*

Plaintiff maintains that the class certification dates should be continued. As has been previously discussed, Plaintiff's efforts have been complicated by the record retention issues. The production of documents in informal discovery and in particular those produced in preparation for the mediation have given rise to issues such as document retention, which require additional discovery. In addition, Plaintiff's lead counsel Mr. Glick saw complications from a June 20, 2008 surgery which delayed his full recovery for 6 weeks. Therefore, and in light of the ongoing discovery issues including those which arise from Defendant's record retention issues, the filing and hearing of a motion for class certification should be continued.

*Defendant:*

Defendant submits that the current dates do not need to be continued. The Court already continued the class certification briefing schedule at least once (by 60 days) pursuant to Plaintiff's previous request for a continuance. The Court

/ / /

6

specifically informed Plaintiff's counsel at that time that it was not inclined to grant further continuances.

Plaintiff has three sets of attorneys, and other than the deposition notice that was served only three days ago (on August 10) they have not served any other discovery requests. Defendant does not believe that any additional continuances are warranted.

DATED: August 13, 2008

SEYFARTH SHAW LLP

By _____
Andrew M. Paley
David D. Jacobson
Attorneys for Defendant
RADIOSHACK CORPORATION

DATED: August 13, 2008

LAW OFFICES OF STEPHEN GLICK

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS LLP

LAW OFFICES OF IAN HERZOG

By _____
Scott A. Brooks
Attorneys for Plaintiff RICHARD STUART, individually and on behalf of all others similarly situated and the California general public

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On August 13, 2008 I served the following described as **Update to Joint Case Management Conference Statement (Per Court Order Dated August 6, 2008)** on the interested parties in this action as stated on the attached mailing list:

[XX] **Electronically by using the Court's ECFCM System.**

    **AND**

[XX] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated on the attached mailing list:

[XX] **(VIA U.S. MAIL)**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage fully prepaid.

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed August 13, 2008 at Los Angeles, California.

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ at Los Angeles, California.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

LA1 6652085.1

## SERVICE LIST

*Richard Stuart, et al. v. RadioShack Corporation, et al.*

| | |
|---|---|
| Stephen Glick, Esq.<br>LAW OFFICES OF STEPHEN GLICK<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017<br>Tel:  (213) 387-3400<br>Fax: (213) 387-7872 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Paul R. Fine, Esq.<br>Scott A. Brooks, Esq.<br>Craig S. Momita, Esq.<br>DANIELS, FINE, ISRAEL, SCHONBUCH<br>    & LEBOVITS LLP<br>1801 Century Park East, Ninth Floor<br>Los Angeles, CA 90067<br>Tel:  (310) 556-7900<br>Fax: (310) 556-2807 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |
| Ian Herzog, Esq.<br>LAW OFFICES OF IAN HERZOG<br>233 Wilshire Blvd., Suite 550<br>Santa Monica, CA 91401<br>Tel:  (310) 458-6660<br>Fax: (310) 458-9065 | Attorneys for Plaintiff<br>Richard Stuart, individually and on behalf of all others similarly situated and the California general public |

LA1 6652085.1