UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STUART, | No. C-07-4499 EMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AS MOOT; REQUIRING FURTHER MEET AND CONFER RE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES; AND CLARIFYING CLASS DEFINITION** |
| v. | |
| RADIOSHACK CORPORATION, | |
| Defendant. | |
| _____/ | **Docket Nos. 53, 56, 57** |

Plaintiff filed two discovery motions, which were heard on February 11, 2009. This order memorializes the rulings made by the Court.

1. Plaintiff's motion to compel the production of documents is moot. The parties have agreed that, instead of producing the actual final payroll attendance reports, Defendant shall produce a list of employee names for relevant time periods broken down by store.

2. As for Plaintiff's motion to compel responses to interrogatories, the Court shall require a further meet and confer. Defendants do not dispute that the information sought is relevant as the interrogatories are geared to determining who is part of the class. However, a further meet and confer shall be required to see if a joint determination as to the identity of class members can be so made or at least the scope of any dispute narrowed and clearly delineated.

3. The parties shall meet and confer and report back to the Court at the next Status Conference on February 19, 2009 at 11:00 a.m. a proposed timetable for exchanging the information described above, other post-certification discovery, and class notice.

Finally, the Court clarifies the definition of the class that was certified in its prior order of February 5, 2009. *See* Docket No. 65 (order). The certified class consists of all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack Stores *to carry out ICSTs* and who were not reimbursed for mileage. Both Plaintiff and Defendant agree and have understood, as has this Court, that the scope of this litigation is restricted to reimbursement for ICSTs.

This order disposes of Docket Nos. 53, 56, and 57.

IT IS SO ORDERED.

Dated: February 12, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge