1 | SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
2 | apaley@seyfarth.com
David D. Jacobson (SBN 143369)
3 | djacobson@seyfarth.com
2029 Century Park East, Suite 3300
4 | Los Angeles, California 90067-3063
Telephone: (310) 277-7200
5 | Facsimile: (310) 201-5219

6 | Attorneys for Defendant
RADIOSHACK CORPORATION
7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

10

11 | RICHARD STUART, individually, and )  Case No. C07-04499 EMC
on behalf of all others similarly situated )
12 | and the California general public; and )  [Assigned to Magistrate Judge
DOES 1 through 1000, inclusive, )  Edward M. Chen, Courtroom C]
13 | )
)  **DEFENDANT RADIOSHACK'S**
14 | )  **STATUS CONFERENCE**
Plaintiffs, )  **STATEMENT REGARDING:**
15 | )
)  **1. ANALYSIS/COMPARISON OF**
16 | v. )  **ICST DATA AND TIME AND**
)  **ATTENDANCE RECORDS;**
17 | RADIOSHACK CORPORATION, a )
Delaware corporation; and DOES 1 )  **2. PROPOSED TIMELINE**
18 | through 100, inclusive, )  **REGARDING CLASS NOTICE;**
)
19 | )  **3. PROPOSED BRIEFING**
)  **SCHEDULE REGARDING**
20 | Defendants. )  **EMPLOYEE "EXHAUSTION"**
)  **REQUIREMENT;**
21 | )
)  **4. PROPOSED CLASS NOTICE**
22 | )
)  Date:        March 12, 2009
23 | )  Time:        2:00 p.m.
)  Courtroom:   C
24 |

25 | Pursuant to the Court's Order dated March 3, 2009, Defendant RadioShack

26 | Corporation ("Defendant" or "RadioShack") hereby submits the following:

27 | 1. Analysis regarding the comparison of the names that appear on the ICST

28 | data with the names that are on the time and attendance reports during the class

---

1  period (June 7, 2009 to October 1, 2008);[1]

2      2.  Proposed Timeline Regarding Class Notice;

3      3.  Proposed Briefing Schedule Regarding Employee Exhaustion

4  Requirement; and

5      4.  Proposed Class Notice

6  I.  **ANALYSIS/COMPARISON REGARDING ICST/TIME AND**

7      **ATTENDANCE RECORDS**

8  A.  **Background Regarding ICSTs**

9      An ICST ((Inter-Company Stock Transfer) is generated when RadioShack

10  transfers merchandise between two RadioShack stores.  Often, the transfer is

11  shipped via UPS or FedEx (the preferred methods).  When the ICST is prepared,

12  the method of delivery is supposed to be filled in and will show up in the "via cd"

13  field of the stored ICST data.  In some cases, the merchandise is picked up by a

14  RadioShack employee and delivered to the receiving store.  Typically, the

15  employee who picks up the merchandise is an employee of the receiving store.

16  Prior to October 2007, in instances where an employee picked up the merchandise,

17  the name of the employee was supposed to be entered into the "via cd" field of the

18  ICST.

19      Beginning in October 2007, the menu for ICSTs changed, and, if an ICST

20  was personally delivered by an employee, the word "employee" was supposed to

21  be selected from a drop down menu and would appear in the "via cd" field, with

22  the name of the employee who picked up the merchandise appearing only, if at all,

23  in the "description" field.  Prior to October 2007, both of these fields ("via cd" and

24  "description") were free form fields—employees could enter anything they wanted

25  in these fields, and the ICST would go through.

26  •

27  [1]  The analysis stops at October 1, 2008 because that is the latest date for which the
28  parties have ICST records.

B.   **RadioShack's Methodology Regarding Analysis/Comparison Of The ICST Data With Time And Attendance Records**

The parties agreed upon a sample set of 15 stores for this analysis.[2]  Using the time and attendance reports, RadioShack totaled the number of employees who worked at the 15 stores for each year during the class period, and made a separate data set of those names.  The total number of employees who worked at the 15 stores during the class period was 1,157.

RadioShack filtered the ICSTs for the 15 store sample to eliminate ICSTs that were clearly not delivered by an employee.  For example, all entries that reflect "UPS" and "FedEx" as the method of delivery were removed from the data set.  Also removed were entries that indicate "customer" or "customer pickup" as the method of delivery and similar entries.  RadioShack also removed ICSTs that had a blank "via cd" field.  What was left were the ICSTs that in theory might have been transferred by employees using their personal vehicles.[3]

These presumptively "employee ICSTs" were then filtered to eliminate trips that were more than 26 miles round trip.[4]  After removing ICSTs that involve distances greater than 26 miles round-trip, the number of ICSTs with potential unique identifiers (such as a name or initials) that could be used to be compared

•   _____

[2]   The 15 store numbers agreed upon for the sample are as follows:  013042, 013088, 013135, 013201, 013247, 013296, 013535, 013599, 013652, 013791, 013854, 013913, 013982, 019034, and 019459.

[3]   Even though an employee name is entered in the "via cd" field, this does not necessarily mean that an employee actually personally delivered the merchandise.  As the Court was previously informed, there are several entries for ICSTs to/from Hawaii and California stores that show employee names in the "via cd" field, but we know it was impossible for an employee to use their personal vehicle to make such transfers.  There are many similar examples for transfers between a California store and stores on the East coast.

[4]   RadioShack used the longitude and latitude of each store to calculate the distance between stores.   The distance using longitude/latitude is as the crow flies.  Therefore, the actual driving distance will in all instances be equal to or greater than the distance calculated using the longitude/latitude.  The longitude/latitude of the stores was previously provided to Plaintiff.

3

1   against the list of names on the time and attendance reports was 4,892.

2       RadioShack compared the identity information for the 4,892 ICSTs with the

3   1,157 names that appear on the time and attendance reports for the period June 7,

4   2003 through October 1, 2008. RadioShack identified 438 individuals whose

5   identity information on the ICSTs could be matched to the time and attendance

6   records. Thus, approximately 37.9% of the employees who worked at the 15 stores

7   potentially used their cars to perform ICSTs during the class period.

8       **II.**    **PROPOSED TIMELINE REGARDING CLASS NOTICE**

9       Plaintiff should be required to compile an accurate class list using the

10  methodology described above. Based on the time required for analysis of the 15-

11  store sample, RadioShack estimates that a class list could be compiled in

12  approximately 30 days. This also will allow the parties to attempt to work out any

13  disagreements regarding the composition of the class list. During the time the

14  class list is being compiled, the parties can meet and confer to resolve outstanding

15  issues regarding the class notice.

16      Assuming that the parties do not have unresolved disagreements regarding

17  the compilation of the class list, the list can be given to the third party

18  administrator by April 13, 2009. The Administrator will need some time to

19  prepare the mailing. A proposed mailing date of April 27 should give the

20  administrator sufficient time to prepare the materials for the mailing.

21      The recipients of the notice should be given ample time to return an opt-out

22  postcard. Defendant proposes an opt-out period of 45 days from the date of

23  mailing. Using a mailing date of April 27, the deadline for the postmarks of any

24  opt-outs that are returned by recipients would be June 11, 2009. Thus, assuming

25  no disagreement over the class list, the proposed timeline would be as follows:

26      April 13, 2009: provide class list to Third Party Administrator;

27      April 27, 2009: Notice mailed by Third Party Administrator;

28      June 11, 2009: Deadline for postmark for opt-outs.

III.    **Briefing Regarding Requirement That Employee Must Request Reimbursement As Pre-requisite To Seeking Relief**

RadioShack proposes that the parties jointly file briefs regarding the issue of whether an employee is required to request reimbursement of expenses prior to seeking recovery through a lawsuit. Each party's brief would be due by April 13, 2009, with Reply briefs due by April 27, 2009.

**IV.  Class Notice**

Plaintiff sent RadioShack a proposed notice on Thursday, March 5, 2009 at approximately 5 pm . As an initial matter, RadioShack believes that Plaintiff's proposed notice is too lengthy and is overly complicated, with numerous misleading statements. Due to illness, RadioShack 's counsel was not able to respond to Plaintiff's proposed notice until March 10, 2009. RadioShack provided Plaintiff with a red-lined version of the class notice proposed by Plaintiff. Plaintiff's counsel informed RadioShack that Plaintiff is willing to accept only a very small number of RadioShack's proposed edits. RadioShack also sent to Plaintiff an alternative, shorter and simplified form of class notice. RadioShack's red-lined comments to Plaintiff's proposed notice is attached hereto as Exhibit "A." Plaintiff's second revised notice is attached hereto as Exhibit "B." RadioShack's alternative form of the class notice is attached hereto as Exhibit "C."

DATED:   March 10, 2009

SEYFARTH SHAW LLP

By _____
      Andrew M. Paley
      David D. Jacobson
      Attorneys for Defendant
      RADIOSHACK CORPORATION

5

LA1 6775320.1

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you were employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, and drove your personal vehicle to and from a RadioShack store to perform an ICST and were not reimbursed for mileage, a class action lawsuit may affect your rights.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

♦   A former employee has sued RadioShack Corporation alleging that RadioShack failed to pay mileage to employees who performed Inter Company Stock Transfers ("ICSTs") using their own vehicles.

♦   The Court has allowed the lawsuit to be a class action on behalf of all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.

♦   RadioShack vigorously denies the allegations made by the Plaintiff in the lawsuit.  The Court has not decided whether RadioShack did anything wrong, or if Plaintiff, or any other class member, is entitled to any damages.  There is no money available now, and no guarantee that there will be.  However, your legal rights are affected by the lawsuit, and you have a choice to make now with respect to whether you wish to participate in, or be excluded from, the lawsuit:

**Deleted:** RadioShack did anything wrong.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  If you do nothing, you give up any right you might have to sue RadioShack in your own lawsuit with respect to the same claims |

**Deleted:** But, you

**Deleted:** s to

**Deleted:** separate

**Deleted:** ly about

**Deleted:** legal

6

|  | raised in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it. Keep your rights.**<br><br>You can opt out of this lawsuit if you so desire.  If you ask to opt-out, and money is later awarded in this lawsuit, you will not share in that award.  If you opt out, you keep your rights to sue RadioShack individually with respect to the same claims asserted in this lawsuit. |

Deleted: In
Deleted: be excluded and
Deleted: or benefits are
Deleted: on't
Deleted: ose
Deleted: But, you keep
Deleted: any
Deleted: separately
Deleted: about the same legal
Deleted: before

♦ Your options are explained in this notice.  To opt-out and ask to be excluded from this lawsuit, you must act by returning the enclosed postage pre-paid postcard no later than ____, 2009.

Deleted: Lawyers

♦ In order to recover any damages, the lawyers for the Plaintiff in this lawsuit must prove the claims against RadioShack at a trial.  If Plaintiff prevails, and money is obtained from RadioShack, you will be notified about how to ask for a share.

Deleted: or benefits are

## BASIC INFORMATION

| 1. | Why did I get this notice? |

RadioShack's records show that you currently work, or previously worked, at a RadioShack retail store in California and that you may have performed an ICST using your own vehicle. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.  You have legal rights and options that you must exercise before this lawsuit goes to a trial.  The trial will decide whether there is any merit to the claims being made against RadioShack by the Plaintiff.  Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing this action.  The lawsuit is known as *Stuart v. RadioShack Corp.*, Civil Action No. C-07-4499 EMC.

Deleted: ay
Deleted: e Court holds trial.
Deleted: is to
Deleted: ,
Deleted: on your behalf, are correct.
Deleted:
Formatted: Font: Italic

| 2. | What is this lawsuit about? |

This lawsuit is about whether or not employees used their personal vehicles to make ICSTs and were not reimbursed for mileage expenses incurred in connection with such transfers and whether employees are entitled to reimbursement for such expenses.

Deleted: RadioShack reimbursed its employees in its California stores for mileage the employees incurred in performing Inter Company Stock Transfers.  More information about California laws regarding reimbursement can be found through California's Division of Labor Standards Enforcement website located at http://www.dir.ca.gov/DLSE/.

7

### 3.     What is a class action and who is involved?

In a class action lawsuit, one or more people called the "Class Representatives" sue on behalf of other people who have similar claims.  In this case, the class representative is the plaintiff in this lawsuit, Richard Stuart.  The class representative and similarly-situated people together are known as a "Class" or as "Class Members."  The individual who sued – and all the Class Members– are called the Plaintiffs.  The company that is being sued (in this case RadioShack) is called the Defendant.  If this case goes to trial, the Court will resolve the issues regarding mileage reimbursement for ICSTs for everyone in the Class.  Anyone who wants to preserve their individual right to sue, and opt out, will not be a member of the class and will not be covered by any judgment issued by the Court.

### 4.     Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action because:

- There are legal questions and facts that are common to the Class Members.

- Plaintiff Richard Stuart's claims are typical of the claims of the rest of the Class;

- Mr. Stuart, and the lawyers representing the Class can fairly and adequately represent the Class' interests;

- Deciding the common issues in this class action will be more efficient than having multiple lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's February 5, 2009 Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint; and Granting Plaintiff's Motion for Class Certification, subsequently modified by Order dated February 12, 2009, which can be viewed at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday.  You will need to ask the Clerk to view the file for the lawsuit *Stuart v. RadioShack Corp.*, Civil Action No. C-07-4499 EMC.

**Deleted:** (in this case Richard Stuart)

**Deleted:**

**Deleted:** like him

**Deleted:**

**Deleted:** he

**Deleted:** One court

**Deleted:**

**Deleted:** s

**Deleted:** —except for those people who choose to exclude themselves from the Class.

**Deleted:** but only for purposes of the proposed settlement, because it meets the requirements under California Code of Civil Procedure section 382, which governs class actions in California state courts.  The Court also made a preliminary determination that the proposed settlement is fair, adequate and reasonable.  Specifically, the Court found that:

**Deleted:** There are enough non-exempt employees that worked at RadioShack stores in California with similar claims that it is more practical to resolve their claims as a Class;¶
T

**Deleted:** each of them;

**Deleted:** Dick

**Deleted:** will

**Deleted:** <#>The common legal questions and facts are more important than questions that affect only individuals;¶

**Deleted:** T

**Deleted:** m

**Deleted:** any individual

**Formatted:** Font: Italic

8

## THE CLAIMS IN THE LAWSUIT

> **5.** What does the lawsuit complain about?

In the lawsuit, the Plaintiff alleges that RadioShack refused to pay its employees for mileage they incurred for performing Inter Company Stock Transfers, that is transporting merchandise from one RadioShack Store to another using their personal vehicles.

**Deleted:** says

**Deleted:** did not pay

> **6.** How does RadioShack answer?

RadioShack denies that it did anything wrong. RadioShack asserts its policies allow for reimbursement of mileage incurred in connection with ICSTs, but a condition for payment is that employees fill out and submit a request for reimbursement for travel expenses. RadioShack contends that employees who incurred mileage but were not reimbursed failed to follow Company policy that requires submission of a request for reimbursement.

**Deleted:** and says that

**Deleted:** the employees never requested reimbursement.

> **7.** Has the Court decided who is right?

The Court hasn't made any decision with respect to whether the position of RadioShack or the Plaintiff is correct. By establishing this action as a class action, and issuing this Notice, the Court is not suggesting that either party will win or lose this case. To prevail, the Plaintiffs must prove their claims at trial. (See "The Trial" below on page ___.)

**Deleted:** decided

**Deleted:** e Class

**Deleted:** ai

**Deleted:** the Plaintiff will

**Deleted:** T

**Deleted:** are

**Deleted:** s

> **8.** What is the Plaintiff asking for?

The Plaintiff is asking that RadioShack reimburse employees for expenses incurred in connection with the use of personal vehicles to transfer merchandise between RadioShack stores in California from June 3, 2003 to the present. You can read the Plaintiffs' Class Action Complaint in the file at the Office of the Clerk. (See "Why is this lawsuit a class action?" above on p. ___.)

**Deleted:** s are

**Deleted:** the mileage expenses to all of its employees that worked in its stores in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.

> **9.** Is there any money available now?

9

No money or benefits are presently available because the Court has not yet decided the merits of either parties' positions.  There is no guarantee that any money or benefits will ever be obtained. If they are, you will be notified about how to ask for a share.

**Deleted:** right now

**Deleted:** whether RadioShack did anything wrong, and the two sides have not settled the case.

## WHO IS IN THE CLASS?

Any person employed in California who used his/her personal vehicle to transfer merchandise between RadioShack stores during the period June 3, 2003 to the present, and who was not reimbursed for expenses incurred in connection with such transfers, is part of the class if he/she does not opt out.

**If you do not wish to participate in this lawsuit, you must sign and return the enclosed postage pre-paid postcard by          .  If you did not use your personal vehicle to perform inter company stock transfers or, if you did but do not wish to seek reimbursement from RadioShack, you should sign and return the enclosed postcard  If you do not wish to participate in this lawsuit, you should sign and return the enclosed postcard.**

**Formatted:** Font: Bold

**Deleted:** You need to decide whether you are affected by this lawsuit.

| 10.    Am I part of the Class? |
| --- |

If you used your personal vehicle to transfer merchandise between RadioShack stores during the period June 3, 2007 to the present, and you were not reimbursed for mileage, you are part of the class.  If you do nothing, you will remain part of the class, and will be bound by any judgment that is entered in this case, either for or against either side.

**Formatted:** Highlight

If you do not wish to participate in this lawsuit, you must sign and return the enclosed postage pre-paid postcard by          .   If you did not use your personal vehicle to perform inter company stock transfers, or, if you did but do not wish to seek reimbursement from RadioShack, you should sign and return the enclosed postcard.  If you do not wish to participate in this lawsuit, you should sign and return the enclosed postcardSee question ___ below.

**Comment:**  This entire section is duplicative and should be deleted.

**Deleted:** The Court decided that The Settlement Class includes all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage are Class Members.

| 11.    Which current and former employees are included? |
| --- |

Both current and former employees who worked in RadioShack stores in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage are included in the Class if he/she does not opt out.

**Deleted:** You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question ___ on page ___, below.

12.    Are any people who worked for RadioShack not included in the Class?

Yes.  If you never performed an ICST using a personal vehicle, you are NOT a Class Member, and you should sign and return the enclosed opt-out postcard.  If you only worked at a RadioShack store outside of California or only worked at a RadioShack store in California before June, 3, 2003, you are NOT a Class Member, and you should sign and return the enclosed opt-out postcard.

> **Deleted:** If you never performed an ICST using a personal vehicle, you are NOT a Class Member.

13.    I'm still not sure if I am included.

If you are still not sure whether you are included in the Class, or what your rights are, you can get free help by calling or writing to any of the lawyers in this case, at the phone number or address listed in question __.

## YOUR RIGHTS AND OPTIONS

You have to decide now whether to participate in this lawsuit as a Class Member or ask to be excluded.

> **Deleted:** stay in the Class
>
> **Deleted:** before trial, and you have to decide this now.

14.    What happens if I do nothing at all?

If you do nothing, you will remain a Class Member and you will be bound by whatever decision the Court issues in this litigation.  If the Plaintiffs prevail at trial, and are awarded money, you will be notified about how to apply for a share.  Even if Plaintiffs prevail at trial, there is no guarantee that you will be entitled to any amount.  If you do nothing now, regardless of whether the Plaintiffs win or lose at the trial, you will not be able to sue RadioShack for any claims that are the subject of this lawsuit.  If you want to preserve your individual right to sue RadioShack, you must sign and return the enclosed opt-out postage-prepaid postcard by ____.  If you do nothing, you will be legally bound by all Orders and Judgments the Court issues in this class action.

> **Deleted:** You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit.  By doing nothing you are staying in the Class.
>
> **Deleted:** you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement.
>
> **Deleted:** (or how to ask to be excluded from any settlement).
>
> **Deleted:** Keep in mind that if you do nothing now,
>
> **Deleted:** , or continue to sue,
>
> **Deleted:** it.
>
> **Deleted:** -as part of any other lawsuit- about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may only be able to sue for mileage for performing ICSTs that occurred before June 3, 2003 only. You
>
> **Deleted:** also
>
> **Deleted:** of the Orders the
>
> **Deleted:** and judgments the Court makes

15.    Why would I ask to be excluded?

You should ask to be excluded from this lawsuit if you never used your personal vehicle for ICSTs.  You should ask to be excluded if you do not want to sue RadioShack.  You also should ask to be excluded if you already have your own mileage reimbursement lawsuit against

> **Deleted:** If you already have your own

RadioShack and you want to continue with it.  You might ask to be excluded because you want to preserve your own personal right to sue individually, rather than be represented by the attorneys in this action and be and bound by the outcome of this litigation.

> **Deleted:** , you need to ask to be excluded from the Class.

If you exclude yourself from the Class-which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class, you won't get any money or benefits from this lawsuit if the Plaintiffs obtain them as a result of the trial, and you will not be entitled to share in any settlement (that might or might not be reached) between RadioShack and the Plaintiffs.  If you exclude yourself from this action, you will not be legally bound by the Court's judgments in this class action.

> **Deleted:** even
> **Deleted:** or from
> **Deleted:** ay
> **Deleted:** ay
> **Deleted:** However, you may then be able to sue or continue to sue RadioShack for failure to pay mileage reimbursement that occurred or occurs at any time.

If you want to exclude yourself and start (or continue an existing) lawsuit against RadioShack, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If you exclude yourself so you can start or continue your own lawsuit against RadioShack, you should talk to your own lawyer soon, because your claims might be subject to a statute of limitations.

> **Deleted:** your own
> **Deleted:** after you exclude yourself,
> **Deleted:** do
> **Deleted:** ay

| 16. | How do I ask the Court to exclude me from the Class? |
|-----|------------------------------------------------------|

To ask to be excluded, you must sign and return the enclosed postage pre-paid postcard by ____.

> **Deleted:** send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from Stuart v. RadioShack. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by Month 00, 0000, to: Stuart v. RadioShack Exclusions, P.O. Box 0000, City, ST 00000-0000.

# THE LAWYERS REPRESENTING THE CLASS MEMBERS

> **Deleted:** YOU

| 17. | Do I have a lawyer in this case? |
|-----|----------------------------------|

The Court decided that the following lawyers are representing the Class Members in this action:

> **Deleted:** Stephen Glick of the Law Offices of Stephen Glick, Paul Fine and Scott Brooks of the law firm of Daniels, Fine, Israel, Schonbuch & Lebovits LLP and Ian Herzog of the Law Offices of Buddy Herzog,
> **Deleted:** qualified to
> **Deleted:** you and all

12

Stephen Glick
Law Offices of Stephen Glick
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA  90017

Paul R. Fine
Scott A. Brooks
Daniels, Fine, Israel,
Schonbuch & Lebovits
1801 Century Park East
9th Floor
Los Angeles, CA  90067

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Boulevard
Suite 550
Santa Monica, California
90401

Together the law firms are called "Class Counsel." More information about these law firms, their practices, and their lawyers' experience is available at www.glicklegal.com and www.dfis-law.com.

> **Deleted:** They are experienced in handling similar cases against other employers.

> **Deleted:** If you start your own lawsuit against RadioShack after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims.  If you do exclude yourself so you can start or continue your own lawsuit against RadioShack, you should talk your own lawyer soon, because your claims may be subject to a statute of limitations.

RadioShack is represented in this action by the following attorneys:

Andrew M. Paley and David Jacobson

Seyfarth Shaw LLP,

2029 Century Park East, Suite 3300,

Los Angeles, California 90067

Telephone: 310 277-7200.

13

| 18. | Should I get my own lawyer? |
|---|---|

If you do not wish to exclude yourself from this action, you do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own separate lawyer to appear for you in this action, you will have to make the necessary arrangements to hire and pay that lawyer. For example, you can hire your own lawyer and ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

> Deleted: Y

> Deleted: But,

> Deleted: i

| 19. | How will the lawyers be paid? |
|---|---|

If Class Counsel obtains money for the Class Members, Class Counsel will ask the Court to award fees and expenses to be paid by RadioShack. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained on behalf of the Class or paid separately by RadioShack.

> Deleted: get

> Deleted: or benefits

> Deleted: they may

> Deleted: for

> Deleted: for the

## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

| 20. | How and when will the Court decide who is right? |
|---|---|

If the case isn't resolved by a settlement or otherwise dismissed, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is currently set to start on Monday, June 1, 2009, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom C. During the trial, a Jury or the Judge will hear all of the evidence and then make a decision regarding which side prevails. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

> Deleted: As long as

> Deleted: to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit.

| 21. | Do I have to come to the trial? |
|---|---|

The parties have not yet decided who will appear at the trial. If you are a Class Member, either party could call you as a witness at trial. If you are not called as a witness, you will not need to attend the trial.

> Deleted: Y

> Deleted: ou do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and RadioShack will present the defenses. You or your own lawyer are welcome to come at your own expense.

14

| 22. | Will I get money after the trial? |
|-----|-----------------------------------|

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate and submit a claim. We do not know how long this will take. Even if Plaintiffs prevail at trial, this does not necessarily guarantee that all Class Members will be entitled to share in any award.

# Getting More Information

| 23. | Are more details available? |
|-----|------------------------------|

You can view any of the documents on file with the Court in this lawsuit, including the Complaint and the Court's Order certifying the class at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francuisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday. You will need to ask the Clerk to view the file for the lawsuit Stuart v. RadioShack Corp., Civil Action No. C-07-4499 EMC. You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question ___22 on page ___, above.

15

Exhibit B

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you were employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, and drove your personal vehicle to and from a RadioShack store to perform an Inter Company Stock Transfer and were not reimbursed for mileage, a class action lawsuit may affect your rights.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

♦ A former employee has sued RadioShack Corporation alleging that RadioShack failed to pay mileage to employees who performed Inter Company Stock Transfers (ICSTs) using their own vehicles.

| Deleted: |
| --- |

♦ The Court has allowed the lawsuit to be a class action on behalf of all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.

♦  The Court has not decided whether RadioShack did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
| --- | --- |
| **DO NOTHING** | **Stay in this lawsuit.  Await the outcome.  Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue RadioShack separately about the same legal claims In this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit.  Get no benefits from it. Keep rights.**<br><br>If you ask to be excluded and money or benefits are |

| Deleted: 9 |
| --- |
| Inserted: 9 |
| Deleted: 9 |

16

|   | later awarded, you won't share in those.  But, you keep any rights to sue RadioShack separately about the same legal claims in this lawsuit. |
|---|---|

♦ Your options are explained in this notice.  To ask to be excluded, you must act before ____, **2009**.

♦Lawyers must prove the claims against RadioShack at a trial.  If money or benefits are obtained from RadioShack, you will be notified about how to ask for a share.

## BASIC INFORMATION

| 1. | Why did I get this notice? |
|---|---|

RadioShack's records show that you currently work, or previously worked, at a RadioShack retail store in California and that you may have performed an ICST using a personal vehicle. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds trial. The trial is to decide whether the claims being made against RadioShack, on your behalf, are correct.  Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing this action.  The lawsuit is known as Stuart v. RadioShack Corp., Civil Action No. C-07-4499 EMC.

| 2. | What is this lawsuit about? |
|---|---|

This lawsuit is about whether or not RadioShack reimbursed its employees in its California stores for mileage the employees incurred in performing Inter Company Stock Transfers.  More information about California laws regarding reimbursement can be found through California's Division of Labor Standards Enforcement website located at http://www.dir.ca.gov/DLSE/.

| 3. | What is a class action and who is involved? |
|---|---|

In a class action lawsuit, one or more people called the "Class Representatives" (in this case Richard Stuart) sue on behalf of other people who have similar claims.  The people together are a "Class" or "Class Members."  The individual who sued – and all the Class Members like him – are called the Plaintiffs.  The company he sued (in this case RadioShack) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

| Deleted: 9 |
|---|
| Inserted: 9 |
| Deleted: 9 |

17

| 4. | Why is this lawsuit a class action? |
|----|-------------------------------------|

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.  Specifically, the Court found that:

**Deleted:** but only for purposes of the proposed settlement, because it meets the requirements under California Code of Civil Procedure section 382, which governs class actions in California state courts.  The Court also made a preliminary determination that the proposed settlement is fair, adequate and reasonable.

**Deleted:** non-exempt

- There are enough employees that worked at RadioShack stores in California with similar claims that it is more practical to resolve their claims as a Class;

- There are legal questions and facts that are common to each of them;

- Plaintiff Dick Stuart's claims are typical of the claims of the rest of the Class;

- Mr. Stuart, and the lawyers representing the Class will fairly and adequately represent the Class' interests;

- The common legal questions and facts are more important than questions that affect only individuals;

- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's February 5, 2009 Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint; and Granting Plaintiff's Motion for Class Certification which can be viewed at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday.  You will need to ask the Clerk to view the file for the lawsuit Stuart v. RadioShack Corp., Civil Action No. C-07-4499 EMC.

**Deleted:** 9

**Inserted:** 9

**Deleted:** 9

18

### THE CLAIMS IN THE LAWSUIT

> **5.**   What does the lawsuit complain about?

In the lawsuit, the Plaintiff says that RadioShack did not pay its employees for mileage they incurred for performing Inter Company Stock Transfers, that is transporting merchandise from one RadioShack Store to another using their personal vehicles.

> **6.**   How does RadioShack answer?

RadioShack denies that it did anything wrong.  RadioShack asserts its policies allow for reimbursement of mileage incurred in connection with ICSTs, but a condition for payment is that employees fill out and submit a request for reimbursement for travel expenses.  RadioShack contends that employees who incurred mileage but were not reimbursed failed to follow Company policy that requires submission of a request for reimbursement.

**Deleted:** and says that the employees never requested reimbursement

> **7.**   Has the Court decided who is right?

The Court hasn't decided whether RadioShack or the Plaintiff is correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiff will win or lose this case.  The Plaintiffs must prove their claims at trial. (See "The Trial" below on page ___.)

**Deleted:** a

> **8.**   What are the Plaintiffs asking for?

The Plaintiffs are asking that RadioShack reimburse the mileage expenses to all of its employees that worked in its stores in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.  You can read the Plaintiffs' Class Action Complaint in the file at the Office of the Clerk. (See "Why is this lawsuit a class action?" above on p. ___.)

> **9.**   Is there any money available now?

No money or benefits are available right now because the Court has not yet decided whether RadioShack did anything wrong, and the two sides have not settled the case.  There is no

**Deleted:** 9
**Inserted:** 9
**Deleted:** 9

guarantee that money or benefits will ever be obtained.  If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS?

You need to decide whether you are affected by this lawsuit.

| 10.    Am I part of the Class? |
|---|

The Court decided that the Class includes all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.  See question ___ below.

| Deleted: T |
|---|
| Deleted: Settlement |
| Deleted:  are Class Members |

| 11.    Which current and former employees are included? |
|---|

Both current and former employees who worked in RadioShack stores in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage are included.

| Deleted: You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question ___ on page ___, below. |
|---|

| 12.    Are any people who worked for RadioShack not included in the Class? |
|---|

If you only worked at a RadioShack store outside of California or only worked at a RadioShack store in California before June, 3, 2003, you are NOT a Class Member.  If you never performed an ICST using a personal vehicle, you are NOT a Class Member.

| 13.    I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers in this case, at the phone number or address listed in question ___.

## YOUR RIGHTS AND OPTIONS

| Deleted: 9 |
|---|
| Inserted: 9 |
| Deleted: 9 |

-Page 5 of 9-

You have to decide whether to stay in the Class or ask to be excluded before trial, and you have to decide this now.

| 14. | What happens if I do nothing at all? |
|-----|--------------------------------------|

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, RadioShack-as part of any other lawsuit-about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may only be able to sue for mileage for performing ICSTs that occurred before June 3, 2003 only. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action. it.

| 15. | Why would I ask to be excluded? |
|-----|--------------------------------|

If you already have your own mileage reimbursement lawsuit against RadioShack and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class-which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class, you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between RadioShack and the Plaintiffs. However, you may then be able to sue or continue to sue RadioShack for failure to pay mileage reimbursement that occurred or occurs at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against RadioShack after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against RadioShack, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

| 16. | How do I ask the Court to exclude me from the Class? |
|-----|------------------------------------------------------|

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from Stuart v. RadioShack. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by Month 00, 0000, to: Stuart v. RadioShack Exclusions, P.O. Box 0000, City, ST 00000-0000.

# THE LAWYERS REPRESENTING YOU

-Page 6 of 9-

Deleted: 9

Inserted: 9

Deleted: 9

---

**17. Do I have a lawyer in this case?**

---

The Court decided that the following lawyers Stephen Glick of the Law Offices of Stephen Glick, Paul Fine and Scott Brooks of the law firm of Daniels, Fine, Israel, Schonbuch & Lebovits LLP and Ian Herzog of the Law Offices of Ian Herzog, are qualified to represent you and all Class Members:

| | | |
|---|---|---|
| Stephen Glick | Paul R. Fine | Ian Herzog, Esq. |
| Law Offices of Stephen Glick | Scott A. Brooks | Law Offices of Ian Herzog |
| 1055 Wilshire Blvd. | Daniels, Fine, Israel, | 233 Wilshire Boulevard |
| Suite 1480 | Schonbuch & Lebovits | Suite 550 |
| Los Angeles, CA 90017 | 1801 Century Park East | Santa Monica, California |
| | 9th Floor | 90401 |
| | Los Angeles, CA 90067 | |

Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other employers. More information about these law firms, their practices, and their lawyers' experience is available at www.glicklegal.com and www.dfis-law.com. If you start your own lawsuit against RadioShack after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against RadioShack, you should talk your own lawyer soon, because your claims may be subject to a statute of limitations.

---

**18. Should I get my own lawyer?**

---

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

---

**19. How will the lawyers be paid?**

---

22

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by RadioShack.

# THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

| 20. | How and when will the Court decide who is right? |
|---|---|

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is set to start on Monday, June 1, 2009, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom C. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

| 21. | Do I have to come to the trial? |
|---|---|

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and RadioShack will present the defenses. You or your own lawyer are welcome to come at your own expense.

| 22. | Will I get money after the trial? |
|---|---|

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

# Getting More Information

| 23. | Are more details available? |
|---|---|

You can view any of the documents on file with the Court in this lawsuit, including the Complaint and the Court's Order certifying the class at the Office of the Clerk of the United

| Deleted: 9 |
|---|
| Inserted: 9 |
| Deleted: 9 |

23

States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday.  You will need to ask the Clerk to view the file for the lawsuit Stuart v. RadioShack Corp., Civil Action No. C-07-4499 EMC.  You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question __22 on page ___, above.

**Deleted:** u

**Deleted:** 9

**Inserted:** 9

**Deleted:** 9

-Page 9 of 9-

24

Exhibit C

# NOTICE OF CLASS ACTION

*To all Employees/Former Employees of RadioShack in California*
*Who Used Their Personal Vehicle For Inter-Company Stock Transfers ("ICSTs") and Were Not*
*Reimbursed for Mileage*

On February 5, 2009, the United States District Court for the Northern District of California certified a class of current and former employees of RadioShack Corporation ("RadioShack") in the lawsuit entitled *Richard Stuart v. RadioShack Corporation*, Case No. C07-04499 EMC. The class consists of the following persons:

> All persons employed by RadioShack within the State of California at any time from June 3, 2003 to the present, who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who were not reimbursed for mileage.

You are receiving this Notice of Class Action because you have been identified as a potential class member. You are not being sued. The purpose of this Notice is to provide you with information concerning the The purpose of this Notice is to provide you with information concerning the lawsuit.

## 1.      The Lawsuit

This action was filed by a RadioShack employee on behalf of himself and all other similarly-situated employees on June 7, 2008. In the lawsuit, the Plaintiff contends that employees used personal vehicles to perform ICSTs and that RadioShack failed to reimburse them for mileage expenses.

Plaintiff seeks to recover money from RadioShack for reimbursement to the class members for mileage expenses incurred as a result of their use of personal vehicles to perform ICSTs.

RadioShack denies the Plaintiff's allegations and continues to defend against the claims asserted by the Plaintiff in the lawsuit. The trial of this case is currently scheduled for June 1, 2009. The parties have the right to appeal the Court's rulings

The Court has not yet determined whether RadioShack did anything wrong, nor has it determined whether Plaintiff or any Class Member is entitled to anything. Plaintiff must prove his claims at trial. There is no money currently available to any Class Member. If Plaintiff prevails at trial, or if this case is settled, you will be given notice of how to make a claim to participate in any sums awarded at trial or through a settlement.

## 2.      Participation in the Lawsuit

You do not have to do anything to participate in this lawsuit. Participation in this lawsuit means that you will: (1) be represented by Class Counsel without incurring any out-of-pocket expenses; (2) be bound by any judgment or final disposition of the class lawsuit; and (3) have the right to share in any recovery that might be paid to class members if Plaintiff is successful at trial or from any settlement. If you choose to participate in the lawsuit, you should retain any records and documents pertaining to mileage expenses incurred by you in connection with ICSTs you

25

performed using your personal vehicle.  If you choose to participate in the lawsuit, you may be required to provide information in connection with this matter.  This information could include providing documents, deposition testimony (if ordered by the court), and/or testimony at trial (if this matter goes to trial).

**3.      Exclusion from the Lawsuit**

**If you do not want to participate in this lawsuit, you must "opt-out" by filling out and sending the attached "Opt-Out" Request Form to RadioShack Mileage Reimbursement Administrator, _____, _____.  A request to opt-out will be considered timely if it is postmarked no later than _____, 2009.  If you opt-out of this lawsuit you will:  (1) be excluded from the class; (2) not be bound by any rulings issued in the lawsuit; (3) not be entitled to participate in any recovery obtained through trial or settlement of the lawsuit; and (4) be entitled to prosecute your own individual action.**

**4.      Attorneys' Fees and Costs**

Class members may participate in any ultimate judgment or settlement without incurring any out-of-pocket costs.  Class counsel will ask the Court to order RadioShack to pay its attorneys' fees as allowed by statute and/or may ask the court to award them a percentage of any money obtained for the class.  Any attorneys' fees and costs awarded to class counsel will be paid pursuant to an application to the Court and subject to Court approval.

**5.      The Lawyers in this Action**

Class Counsel in this action are:                    RadioShack is represented by:


LAW OFFICES OF STEPHEN GLICK              SEYFARTH SHAW LLP
Stephen Glick                                                Andrew M. Paley
1055 Wilshire Blvd., Suite 1480                     David D. Jacobson
Los Angeles, CA 90017                               2029 Century Park East, Suite 3300
Telephone:     (213) 387-3400                      Los Angeles, California 90067-3063
                                                                Telephone: (310) 277-7200

DANIELS, FINE ISRAEL, SCHONBUCH
      & LEBOVITIS, LLP
Scott A. Brooks
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067
Telephone:     (310) 556-7900

LAW OFFICES OF IAN HERZOG
Ian Herzog
233 Wilshire Blvd., Suite 550
Santa Monica, CA 90405
Telephone:     (310) 458-6660


**6.      Further Information**

LA1 6775733.1

If you would like to receive further information about this lawsuit, you may contact any of the Class Counsel.  If you opt-out of the lawsuit, you are free to speak with defense counsel.  DO NOT CONTACT THE COURT ABOUT THIS LAWSUIT.  THE COURT CANNOT ANSWER ANY QUESTIONS OR PROVIDE YOU WITH ANY INFORMATION.

LA1 6775733.1

27

### *Richard Stuart v. RadioShack Corporation*
United States District Court for the Northern District of California, Case No. C07-04499 EMC

## "OPT-OUT" REQUEST FORM

### SUBMIT THIS FORM <u>ONLY</u> IF YOU WISH TO BE EXCLUDED FROM PARTICIPATING IN THE LAWSUIT

By signing and returning this form, I represent that I wish to be excluded from participating in the lawsuit entitled *Richard Stuart v. RadioShack Corporation*, United States District Court for the Northern District of California, Case No. C07-04499 EMC.

Name:_____
     (Please Print)

Address:_____

      _____

Telephone No.:_____

Dated:_____     Signature:_____

**SEND THIS FORM POSTMARKED BY _____, 2009 TO:**

    **\*\*\*\*\*\*\*\*\*\*\*\*\***

28

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

4

5

On March 10, 2009 I served the following described document(s) on the interested parties in this action:

6

**Defendant RadioShack's Status Conference Statement**

7

**[XX] Electronically by using the Court's ECFCM System on the following parties:**

8

9

Stephen Glick, Esq.
Law Offices of Stephen Glick
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017

Paul R. Fine, Esq.
Scott A. Brooks, Esq.
Daniels, Fine, Israel, Schonbuch &
Lebovits LLP
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

10

11

12

**AND**

13

**[XX] (VIA U.S. MAIL)**

14

[xx] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated below on the following parties:

15

16

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Blvd., Suite 550
Santa Monica, CA 91401

Craig S. Momita, Esq.
Daniels, Fine, Israel, Schonbuch &
Lebovits
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

17

18

19

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

20

21

22

23

Executed March 10, 2009 at Los Angeles, California.

24

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26

Jodi Snyder

27

28

LA1 6775320.1

Case No. C07-04499 EMC