1  **SEYFARTH SHAW LLP**
   Andrew M. Paley (SBN 149699)
2  *apaley@seyfarth.com*
   David D. Jacobson (SBN 143369)
3  *djacobson@seyfarth.com*
   2029 Century Park East, Suite 3300
4  Los Angeles, CA 90067-3063
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant
   RADIOSHACK CORPORATION
7
   **LAW OFFICES OF STEPHEN GLICK**
8  Stephen Glick (SBN 59404)
   *sglick@glicklegal.com*
9  1055 Wilshire Blvd., Suite 1480
   Los Angeles, CA 90017
10 Telephone:  (213) 387-3400
   Facsimile:  (213) 387-782
11
   Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
12 Scott A. Brooks (SBN 160115)
   *brooks@dfis-law.com*
13 1801 Century Park East, Ninth Floor
   Los Angeles, California 90067
14 Telephone (310) 556-7900
   Facsimile (310) 556-2807
15
   LAW OFFICES OF IAN HERZOG
16 Ian Herzog (SBN 41396)
   *IH@avlaw.info*
17 233 Wilshire Boulevard, Suite 550
   Santa Monica, California 90405
18 Telephone (310) 458-6660
   Facsimile (310) 458-9065
19
   Attorneys for Plaintiff
20 RICHARD STUART, individually and on behalf of all others similarly situated
   and the California general public
21
                  UNITED STATES DISTRICT COURT
22
          NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)
23

| | |
|---|---|
| 24  RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and | Case No. C07-04499 EMC |
| 25  DOES 1 through 1000, inclusive, | [Assigned to Magistrate Judge Edward M. Chen, Courtroom C] |
| 26                      Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 27             v. | Date:        May 20, 2009<br>Time:        2:30 p.m.<br>Courtroom:   C |
| 28 | |

Update to Joint Case Management Conference Statement
Case No. C07-04499 EMC

1  RADIOSHACK CORPORATION, a               )
   Delaware corporation; and DOES 1        )
2  through 100, inclusive,                 )
                                           )
3        Defendants.                       )
                                           )
4  _____     )

5        The parties hereby submit their Case Management Conference Statement for

6  the May 20, 2009 Case Management Conference.

7        **Class List**:

8        Plaintiff is in agreement with the proposed class list provided by RadioShack

9  on April 13.  However, in examining the data presented by RadioShack, Plaintiff

10 believes he has identified additional names associated with ICSTs that were

11 initially categorized as "undecipherable" that should be added to the list.  Plaintiff

12 is in the process of compiling the proposed additions, and expects to provide them

13 to RadioShack for review by May 22, 2009.  RadioShack will review and analyze

14 the proposed additions, and if any disagreements exist, the parties will meet and

15 confer and will advise the Court if there is agreement, or if there are issues that

16 need to be resolved by the Court.

17       **Class Notice**

18       Plaintiff has drafted a notice based upon the Model Form on the website of

19 the Federal Judicial Council ("FJC").  Plaintiff believes that the notice should

20 track, as closely as possible, the language in the FJC Model Form.  A copy of the

21 FJC Model Form is attached hereto as Exhibit A.

22       RadioShack believes that the FJC Model Form is overly long and confusing.

23 RadioShack believes that it is unlikely that most recipients will even read a notice

24 that is nine pages in length.  RadioShack has drafted a more concise form that

25 RadioShack believes is easier to read and understand.  A copy of the shorter notice

26 proposed by RadioShack is attached hereto as Exhibit B.

27       The parties have met and conferred regarding their respective drafts.

28 Plaintiff prefers the format and content of the FJC notice with its easy to read

1 "question and answer" format and so rejected the draft proposed by RadioShack.

2 RadioShack has met and conferred with Plaintiff regarding the draft Plaintiff

3 proposes based upon the FJC Model Form. Although RadioShack continues to

4 believe that the FJC form is overly long, the parties have resolved many of their

5 differences regarding the proposed language of that form. Several areas of

6 disagreement, however, remain.

7      In particular, RadioShack believes that a postage pre-paid postcard should be

8 included with the notice so that anyone who wants to be excluded from the class

9 can sign and return the postcard. Class Counsel's experience, derived from several

10 class settlements, is that class members will sometimes send in an opt-out postcard

11 mistakenly, *i.e.*, send in the postcard and a claim form and the administrator then

12 has to contact them to find out whether they meant to make a claim or opt-out.

13 Plaintiff proposes that individuals who wish to opt out be required to draft and mail

14 their own letter requesting exclusion. Exhibit C is a draft notice that contains all

15 disputed language in brackets.

16

DATED: May 13, 2009           SEYFARTH SHAW LLP

17

18

19                               By_____

                                    Andrew M. Paley

20                                     David D. Jacobson

                              Attorneys for Defendant

21                                     RADIOSHACK CORPORATION

22

23

24

25

26

27

28

Update to Joint Case Management Conference Statement

LA1 6877712.1                                                       Case No. C07-04499 EMC

1   DATED:  May 13, 2009

2                                    LAW OFFICES OF STEPHEN GLICK

3                                    DANIELS, FINE, ISRAEL, SCHONBUCH
                                     & LEBOVITS LLP

4                                    LAW OFFICES OF IAN HERZOG

5

6   By _____

7       Stephen Glick
        Scott Brooks
        Attorneys for Plaintiff RICHARD
8       STUART, individually and on behalf of all
        others similarly situated and the California
        general public

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF STATE

# If you are a woman and are or were employed by MNO, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Female employees have sued MNO, Inc., alleging discrimination against women.

- The Court has allowed the lawsuit to be a class action on behalf of all women employed by MNO as account executives at any time from June 6, 1996, through July 15, 2003.

- The Court has not decided whether MNO did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** <br><br> By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue MNO separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** <br><br> If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue MNO separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before **Month 00, 0000.**

- Lawyers must prove the claims against MNO at a trial set to start Month 00, 0000. If money or benefits are obtained from MNO, you will be notified about how to ask for a share.

- **Any questions? Read on and visit www.mnoclassaction.com.**

**Exhibit A**

5

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**............................................   PAGE 3
   1.   Why did I get this notice?
   2.   What is this lawsuit about?
   3.   What is a class action and who is involved?
   4.   Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**............................   PAGE 4
   5.   What does the lawsuit complain about?
   6.   How does MNO answer?
   7.   Has the Court decided who is right?
   8.   What are the Plaintiffs asking for?
   9.   Is there any money available now?

**WHO IS IN THE CLASS**...................................   PAGE 5
  10.   Am I part of this Class?
  11.   Which current and former employees are included?
  12.   Are any women who worked at MNO not included in the Class?
  13.   I'm still not sure if I am included.

**YOUR RIGHTS AND OPTIONS**.......................   PAGE 6
  14.   What happens if I do nothing at all?
  15.   Why would I ask to be excluded?
  16.   How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU**..............   PAGE 7
  17.   Do I have a lawyer in this case?
  18.   Should I get my own lawyer?
  19.   How will the lawyers be paid?

**THE TRIAL**....................................................   PAGE 7
  20.   How and when will the Court decide who is right?
  21.   Do I have to come to the trial?
  22.   Will I get money after the trial?

**GETTING MORE INFORMATION**.....................   PAGE 8
  23.   Are more details available?

**Exhibit A**

6

# BASIC INFORMATION

## 1. Why did I get this notice?

MNO's records show that you currently work, or previously worked, for MNO, Inc. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against MNO, on your behalf, are correct. Judge Jane Jones of the United States District Court for the District of State is overseeing this class action. The lawsuit is known as *Johnson, et al., v. MNO, Inc.*, Civil Action No. CV-00-1234.

## 2. What is this lawsuit about?

This lawsuit is about whether MNO discriminated against female account executives based on their gender, by making it harder for them to advance in their careers. More information about federal laws prohibiting job discrimination can be found at the website of the U.S. Equal Employment Opportunity Commission, www.eeoc.gov.

## 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Mary Johnson and Louise Smith) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The women who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case MNO, Inc.) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

## 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are more than 90,000 women who are or were employed by MNO as account executives;
- There are legal questions and facts that are common to each of them;
- Mary Johnson's and Louise Smith's claims are typical of the claims of the rest of the Class;
- Ms. Johnson, Ms. Smith, and the lawyers representing the Class will fairly and adequately represent the Class' interests;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at www.mnoclassaction.com.

**Exhibit A**

7

# THE CLAIMS IN THE LAWSUIT

## 5. What does the lawsuit complain about?

In the lawsuit, the Plaintiffs say that MNO discriminated against women account executives. They claim that these women received less pay than men in similar jobs. They also say that MNO made promotions to account supervisor positions more difficult for women because they had to demonstrate greater achievements than men. You can read the Plaintiffs' Class Action Complaint at www.mnoclassaction.com.

## 6. How does MNO answer?

MNO denies that it did anything wrong and says that opportunities for hiring and promotion are equally available to women and men. MNO says that its policies are clear and that they neither allow, nor condone, discrimination against women. MNO says that women advanced as often as men, and that greater achievements are not necessary for women to qualify for a promotion. MNO's Answer to the Complaint is also at the website.

## 7. Has the Court decided who is right?

The Court hasn't decided whether MNO or the Plaintiffs are correct. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs will win or lose this case. The Plaintiffs must prove their claims at a trial starting Month 00, 0000. (See "The Trial" below on page 7.)

## 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for changes in MNO's policies to ensure that women are treated fairly and equally in the workplace. They want MNO's policies to say that discrimination based on gender is banned. The Plaintiffs also want lost wages and money for emotional distress for Class Members.

## 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether MNO did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to ask for a share.

**Exhibit A**

8

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

### 10. Am I part of this Class?

Judge Jones decided that all women who were employed by MNO, Inc. as account executives (full time or part time) at any time from June 6, 1996, through July 15, 2003, are Class Members. She also specified that "temp" employees and independent contractors are *not* part of the class. See question 12 below.

### 11. Which current and former employees are included?

Former employees are in the Class as long as they were employed by MNO any time from June 6, 1996, through July 15, 2003. If you were hired after July 15, 2003—even if you are a current employee—you are not included. In other words, these women are included:

- **Women account executives currently employed by MNO who were hired on or before July 15, 2003.**
- **Women account executives no longer employed by MNO but who were employed by MNO any time from June 6, 1996, through July 15, 2003.**

### 12. Are any women who worked at MNO not included in the Class?

If you *worked at* MNO during the time period in question 10, but you were not directly *employed by* MNO, you are NOT a Class Member. Think about whether you were paid for your work at MNO by a temporary staffing service or an independent contractor for MNO. If so, you were not employed by MNO. If you were later hired by MNO after a temporary period, you may be part of the Class as long as MNO hired you on or before July 15, 2003.

### 13. I'm still not sure if I am included.

If you are still not sure whether you are included, you can get free help at www.mnoclassaction.com, or by calling or writing to the lawyers in this case, at the phone number or address listed in question 23.

**Exhibit A**

**9**

# YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

## 14. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, MNO—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit. This means that if you do nothing, you may only be able to sue for gender discrimination that occurred *before* June 6, 1996 or occurs *after* July 15, 2003 only. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

## 15. Why would I ask to be excluded?

If you already have your own gender discrimination lawsuit against MNO and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class— you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between MNO and the Plaintiffs. However, you may then be able to sue or continue to sue MNO for employment discrimination that occurred or occurs at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against MNO after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against MNO, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

Note that if you exclude yourself from this lawsuit and you are currently employed by MNO, any changes made to MNO's policies about the treatment of women would still apply to you.

## 16. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Johnson v. MNO*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by **Month 00, 0000,** to: Johnson v. MNO Exclusions, P.O. Box 0000, City, ST 00000-0000. You may also get an Exclusion Request form at the website, www.mnoclassaction.com.

**Exhibit A**

**10**

# THE LAWYERS REPRESENTING YOU

## 17. Do I have a lawyer in this case?

The Court decided that the law firms of Lawfirm One, LLP, of City, ST, and Lawfirm Two, P.C., of City, ST, are qualified to represent you and all Class Members. Together the law firms are called "Class Counsel." They are experienced in handling similar cases against other employers. More information about these law firms, their practices, and their lawyers' experience is available at www.lawfirmone.com and www.lawfirmtwo.com.

## 18. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

## 19. How will the lawyers be paid?

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsels' request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by MNO.

# THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

## 20. How and when will the Court decide who is right?

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is set to start on Tuesday, Month 00, 0000, in the United States District Court for the District of State, 100 Court Street, City, State, in Courtroom 1. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

## 21. Do I have to come to the trial?

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and MNO will present the defenses. You or your own lawyer are welcome to come at your own expense.

**Exhibit A**

**11**

## 22. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

# GETTING MORE INFORMATION

## 23. Are more details available?

Visit the website, www.mnoclassaction.com, where you will find the Court's Order Certifying the Class, the Complaint that the Plaintiffs submitted, the Defendant's Answer to the Complaint, as well as an Exclusion Request form. You may also speak to one of the lawyers by calling 1-000-000-0000, or by writing to: MNO Class Action, P.O. Box 000, City, ST 00000-0000.

DATE: MONTH 00, 0000.

**Exhibit A**

12

# EXHIBIT "B"

# NOTICE OF CLASS ACTION

*To all Employees/Former Employees of RadioShack in California*
*Who Used Their Personal Vehicle For Inter-Company Stock Transfers ("ICSTs") and Were Not*
*Reimbursed for Mileage*

On February 5, 2009, the United States District Court for the Northern District of California certified a class of current and former employees of RadioShack Corporation ("RadioShack") in the lawsuit entitled *Richard Stuart v. RadioShack Corporation*, Case No. C07-04499 EMC. The class consists of the following persons:

> All persons employed by RadioShack within the State of California at any time from June 3, 2003 to the present, who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who were not reimbursed for mileage.

You are receiving this Notice of Class Action because you have been identified as a potential class member. You are not being sued. The purpose of this Notice is to provide you with information concerning the The purpose of this Notice is to provide you with information concerning the lawsuit.

## 1.      The Lawsuit

This action was filed by a RadioShack employee on behalf of himself and all other similarly-situated employees on June 7, 2008. In the lawsuit, the Plaintiff contends that employees used personal vehicles to perform ICSTs and that RadioShack failed to reimburse them for mileage expenses.

Plaintiff seeks to recover money from RadioShack for reimbursement to the class members for mileage expenses incurred as a result of their use of personal vehicles to perform ICSTs.

RadioShack denies the Plaintiff's allegations and continues to defend against the claims asserted by the Plaintiff in the lawsuit. The trial of this case is currently scheduled for September 22, 2009. The parties have the right to appeal the Court's rulings

The Court has not yet determined whether RadioShack did anything wrong, nor has it determined whether Plaintiff or any Class Member is entitled to anything. Plaintiff must prove his claims at trial. There is no money currently available to any Class Member. If Plaintiff prevails at trial, or if this case is settled, you will be given notice of how to make a claim to participate in any sums awarded at trial or through a settlement.

## 2.      Participation in the Lawsuit

You do not have to do anything to participate in this lawsuit. Participation in this lawsuit means that you will: (1) be represented by Class Counsel without incurring any out-of-pocket expenses; (2) be bound by any judgment or final disposition of the class lawsuit; and (3) have the right to share in any recovery that might be paid to class members if Plaintiff is successful at trial or from any settlement. If you choose to participate in the lawsuit, you should retain any records and documents pertaining to mileage expenses incurred by you in connection with ICSTs you

**Exhibit B**

**13**

performed using your personal vehicle. If you choose to participate in the lawsuit, you may be required to provide information in connection with this matter. This information could include providing documents, deposition testimony (if ordered by the court), and/or testimony at trial (if this matter goes to trial).

## 3.      Exclusion from the Lawsuit

**If you do not want to participate in this lawsuit, you must "opt-out" by filling out and sending the attached "Opt-Out" Request Form to RadioShack Mileage Reimbursement Administrator, _____, _____. A request to opt-out will be considered timely if it is postmarked no later than _____, 2009. If you opt-out of this lawsuit you will:  (1) be excluded from the class; (2) not be bound by any rulings issued in the lawsuit; (3) not be entitled to participate in any recovery obtained through trial or settlement of the lawsuit; and (4) be entitled to prosecute your own individual action.**

## 4.      Attorneys' Fees and Costs

Class members may participate in any ultimate judgment or settlement without incurring any out-of-pocket costs. Class counsel will ask the Court to order RadioShack to pay its attorneys' fees as allowed by statute and/or may ask the court to award them a percentage of any money obtained for the class. Any attorneys' fees and costs awarded to class counsel will be paid pursuant to an application to the Court and subject to Court approval.

## 5.      The Lawyers in this Action

Class Counsel in this action are:                    RadioShack is represented by:


LAW OFFICES OF STEPHEN GLICK           SEYFARTH SHAW LLP
Stephen Glick                                          Andrew M. Paley
1055 Wilshire Blvd., Suite 1480                  David D. Jacobson
Los Angeles, CA 90017                            2029 Century Park East, Suite 3300
Telephone:     (213) 387-3400                   Los Angeles, California 90067-3063
                                                           Telephone: (310) 277-7200

DANIELS, FINE ISRAEL, SCHONBUCH
      & LEBOVITIS, LLP
Scott A. Brooks
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067
Telephone:     (310) 556-7900


LAW OFFICES OF IAN HERZOG
Ian Herzog
233 Wilshire Blvd., Suite 550
Santa Monica, CA 90405
Telephone:     (310) 458-6660


## 6.      Further Information                                    Exhibit B

LA1 6775733.1                                                                              14

If you would like to receive further information about this lawsuit, you may contact any of the Class Counsel.  If you opt-out of the lawsuit, you are free to speak with defense counsel.  DO NOT CONTACT THE COURT ABOUT THIS LAWSUIT.  THE COURT CANNOT ANSWER ANY QUESTIONS OR PROVIDE YOU WITH ANY INFORMATION.

**Exhibit B**

LA1 6775733.1

**15**

### *Richard Stuart v. RadioShack Corporation*
United States District Court for the Northern District of California, Case No. C07-04499 EMC

## "OPT-OUT" REQUEST FORM

### SUBMIT THIS FORM <u>ONLY</u> IF YOU WISH TO BE EXCLUDED FROM PARTICIPATING IN THE LAWSUIT

By signing and returning this form, I represent that I wish to be excluded from participating in the lawsuit entitled *Richard Stuart v. RadioShack Corporation*, United States District Court for the Northern District of California, Case No. C07-04499 EMC.

Name:_____
       (Please Print)

Address:_____

          _____

Telephone No.:_____

Dated:_____      Signature:_____

**SEND THIS FORM POSTMARKED BY _____, 2009 TO:**

      *************

**Exhibit B**

# EXHIBIT "C"

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you were employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, and drove your personal vehicle to and from a RadioShack store to perform an ICST and were not reimbursed for mileage, a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

♦   A former employee has sued RadioShack Corporation alleging that RadioShack failed to pay mileage to employees who performed Inter Company Stock Transfers ("ICSTs") using their own vehicles.

♦   The Court has allowed the lawsuit to be a class action on behalf of all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage.

♦   RadioShack denies the allegations made by the Plaintiff in the lawsuit. The Court has not decided whether RadioShack did anything wrong, or if Plaintiff, or any other class member, is entitled to any damages. There is no money available now, and no guarantee that there will be. However, your legal rights are affected by the lawsuit, and you have a choice to make now with respect to whether you wish to participate in, or be excluded from, the lawsuit:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| DO NOTHING | **Stay in this lawsuit. Await the outcome. Give up certain rights.** |
| | By doing nothing, you keep the possibility of getting money that may come from a trial or a settlement. But, you give up any rights to sue RadioShack separately about the same legal claims that are asserted in this lawsuit. |

Exhibit C

17

| ASK TO BE EXCLUDED | Get out of this lawsuit.  Get no money from it. Keep rights. |
| --- | --- |
| | If you ask to be excluded and money is later awarded, you won't share in that award.  But, you keep any rights to sue RadioShack separately about the same legal claims that are asserted in this lawsuit. |

♦ Your options are explained in this notice.  **[To ask to be excluded, you must act before ____, 2009.] [To ask to be excluded from this lawsuit, you must act by returning the enclosed postage pre-paid postcard postmarked no later than ____, 2009]**

♦Lawyers must prove the claims against RadioShack at a trial.  If money or benefits are obtained from RadioShack, you will be notified about how to ask for a share.

## BASIC INFORMATION

| 1. | Why did I get this notice? |
| --- | --- |

RadioShack's records show that you currently work, or previously worked, as a RadioShack employee in California and that you may have performed an ICST using your own vehicle.  This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.  You have legal rights and options that you may exercise before this lawsuit goes to a trial. The trial will decide whether the claims being made against RadioShack on your behalf, are correct.  Judge Edward M. Chen of the United States District Court for the Northern District of California is overseeing this action.  The lawsuit is known as *Stuart v. RadioShack Corp.*, Civil Action No. C-07-4499 EMC.

| 2. | What is this lawsuit about? |
| --- | --- |

This lawsuit is about whether or not RadioShack must reimburse employees in California for mileage the employees incurred in performing Inter-Company Stock Transfers using their personal vehicles.

| 3. | What is a class action and who is involved? |
| --- | --- |

Exhibit C

18

In a class action lawsuit, one or more people called the "Class Representatives" (in this case Richard Stuart) sue on behalf of other people who have similar claims. The class representative and similarly-situated people together are known as a "Class" or as "Class Members." The individual who sued – and all the Class Members–are called the Plaintiffs. Anyone who excludes themselves is not in the Class. The company that is being sued (in this case RadioShack) is called the Defendant. If this case goes to trial, the Court will resolve the issues for everyone in the Class.

---

4.      Why is this lawsuit a class action?

---

The Court decided that this lawsuit can be a class action because:

- There are legal questions and facts that are common to the Class Members.

- Plaintiff Richard Stuart's claims are typical of the claims of the rest of the Class;

- Mr. Stuart, and the lawyers representing the Class can fairly and adequately represent the Class' interests;

- Deciding the common issues in this class action will be more efficient than having multiple lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's February 5, 2009 Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint; and Granting Plaintiff's Motion for Class Certification, subsequently modified by Order dated February 12, 2009, which can be viewed at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday. You will need to ask the Clerk to view the file for the lawsuit *Stuart v. RadioShack Corp.*, Civil Action No. C-07-4499 EMC.

**Exhibit C**

## THE CLAIMS IN THE LAWSUIT

| 5. | What does the lawsuit complain about? |
|---|---|

In the lawsuit, the Plaintiff says that RadioShack did not pay its California employees for mileage they incurred for performing Inter-Company Stock Transfers, that is transporting merchandise from one RadioShack store to another, using their personal vehicles.

| 6. | What is RadioShack's position? |
|---|---|

RadioShack denies that it did anything wrong. RadioShack asserts that its policies allow for reimbursement of mileage incurred in connection with ICSTs, but a condition for payment is that employees fill out and submit a request for reimbursement for travel expenses. RadioShack contends that employees who incurred mileage but were not reimbursed failed to follow Company policy that requires submission of a request for reimbursement.

| 7. | Has the Court decided who is right? |
|---|---|

The Court hasn't decided whether RadioShack or the Plaintiff is correct. By establishing this lawsuit as a class action, and issuing this Notice, the Court is not suggesting that either party will win or lose this case. To prevail, the Plaintiffs must prove their claims at trial. (See "The Trial" below on page ___.)

| 8. | What is the Plaintiff asking for? |
|---|---|

The Plaintiff is asking that RadioShack reimburse the mileage expenses to all of its employees who worked in its stores in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage. You can read the Plaintiffs' Class Action Complaint in the file at the Office of the Clerk. (See "Why is this lawsuit a class action?" above on p. ___.)

| 9. | Is there any money available now? |
|---|---|

**Exhibit C**

No money is available right now because the Court has not yet decided whether RadioShack did anything wrong. There is no guarantee that money will ever be obtained. If it is, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS?

You need to decide whether you are affected by this lawsuit.

| | |
|---|---|
| 10. | Am I part of the Class? |

If you used your personal vehicle to transfer merchandise between RadioShack stores during the period June 3, 2007 to the present, and you were not reimubrsed for mileage, you are part of the Class unless you ask to be excluded. If you do nothing, you will remain part of the Class, and will be bound by any judgment that is entered in this case, either for or against either side.

See question ___ below.

| | |
|---|---|
| 11. | Which current and former employees are included? |

Both current and former employees who worked for RadioShack in California at any time from June 3, 2003, to the present, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage are included in the Class if he/she does not ask to be excluded. **[You may also contact one of the lawyers for the Class by calling or writing them at the telephone numbers and addresses listed under Question __ on page __, below.]**

| | |
|---|---|
| 12. | Are any people who worked for RadioShack not included in the Class? |

If you only worked at a RadioShack store outside of California or only worked at a RadioShack store in California before June, 3, 2003, you are NOT a Class Member, **[and you should sign**

**and return the enclosed postage pre-paid postcard]**. If you never performed an ICST using a personal vehicle, you are NOT a Class Member, **[and you should sign and return the enclosed postage pre-paid postcard.]**

| | |
|---|---|
| 13. | I'm still not sure if I am included. |

**[If you are still not sure whether you are included in the Class , you can get free help by calling or writing to the lawyers in this case, at the phone number or address listed in question ___.]**

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before trial, and you have to decide this now.

| | |
|---|---|
| 14. | What happens if I do nothing at all? |

You don't have to do anything now if you want to keep the possibility of getting money from this lawsuit.  By doing nothing you are staying in the Class.  If you stay in and the Plaintiffs obtain money, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, RadioShack, as part of any other lawsuit, about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

| | |
|---|---|
| 15. | Why would I ask to be excluded? |

**[You should ask to be excluded from this lawsuit if you never used your personal vehicle to perform an ICST.  You should ask to be excluded if you are not a member of the Class (See question no. ___.   You should ask to be excluded if you do not want to sue RadioShack. You also should ask to be excluded if you wish to retain your right to bring your own mileage reimbursement lawsuit against RadioShack.]**

If you already have your own mileage reimbursement lawsuit against RadioShack and want to continue with it, you need to ask to be excluded from the Class.  If you exclude yourself from the Class-which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class, you won't get any money from this lawsuit even if the Plaintiffs obtain money as a

result of the trial or from any settlement (that may or may not be reached) between RadioShack and the Plaintiffs. However, you may then be able to sue or continue to sue RadioShack for failure to pay mileage reimbursement that occurred or occurs at any time. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against RadioShack after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against RadioShack, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

| | |
|---|---|
| 16. | How do I ask the Court to exclude me from the Class? |

**[To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from Stuart v. RadioShack. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by Month 00, 0000, to: Stuart v. RadioShack Exclusions, P.O. Box 0000, City, ST 00000-0000.]**

**[To ask to be excluded, you must sign and return the enclosed postage pre-paid postcard postmarked by _____.]**

# THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| 17. | Do I have a lawyer in this case? |

**[The Court decided that the following lawyers Stephen Glick of the Law Offices of Stephen Glick, Paul Fine and Scott Brooks of the law firm of Daniels, Fine, Israel, Schonbuch & Lebovits LLP and Ian Herzog of the Law Offices of Buddy Herzog, are qualified to represent you and all Class Members:**

Exhibit C

23

Stephen Glick
Law Offices of Stephen
Glick
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA  90017

Paul R. Fine
Scott A. Brooks
Daniels, Fine, Israel,
Schonbuch & Lebovits
1801 Century Park East
9th Floor
Los Angeles, CA  90067

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Boulevard
Suite 550
Santa Monica, California
90401

Together the law firms are called "Class Counsel."  They are experienced in handling
similar cases against other employers.  More information about these law firms, their
practices, and their lawyers' experience is available at www.glicklegal.com and www.dfis-
law.com.  If you start your own lawsuit against RadioShack after you exclude yourself,
you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your
claims.  If you do exclude yourself so you can start or continue your own lawsuit against
RadioShack, you should talk your own lawyer soon, because your claims may be subject to
a statute of limitations.]

[The  following lawyers are representing the Class Members in this lawsuit:

Stephen Glick
Law Offices of Stephen
Glick
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA  90017

Paul R. Fine
Scott A. Brooks
Daniels, Fine, Israel,
Schonbuch & Lebovits
1801 Century Park East
9th Floor
Los Angeles, CA  90067

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Boulevard
Suite 550
Santa Monica, California
90401

Together the law firms are called "Class Counsel."  More information about these law
firms is available at www.glicklegal.com and www.dfis-law.com.  Unless you request to be
excluded from the Class, you will be represented by these lawyers.

RadioShack is represented in this  lawsuit by the following  lawyers:

Andrew M. Paley and David D. Jacobson
Seyfarth Shaw LLP,
2029 Century Park East, Suite 3300,
Los Angeles, California 90067

Telephone:  (310) 277-7200.]

Exhibit C

| 18. | Should I get my own lawyer? |
|-----|------------------------------|

**[You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.]**

**[Unless you choose to bring your own lawsuit and request to be excluded from the Class, you do not need to hire your own lawyer because you will be represented by Class Counsel. If you want your own separate lawyer to represent you in this lawsuit, you will have to make the necessary arrangements to hire and pay that lawyer yourself. For example, you can hire your own lawyer and ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.]**

| 19. | How will the lawyers be paid? |
|-----|-------------------------------|

If Class Counsel obtains money for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by RadioShack.

# THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

| 20. | How and when will the Court decide who is right? |
|-----|--------------------------------------------------|

If the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is set to start on Tuesday, September 22, 2009, in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom C. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

**Exhibit C**

| 21. | Will I get money after the trial? |
|---|---|

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take. **[Even if the Plaintiffs prevail at trial, this does not necessarily guarantee that all Class Members will get money from the award.]**

# Getting More Information

| 22. | Are more details available? |
|---|---|

You can view any of the documents on file with the Court in this lawsuit, including the Complaint and the Court's Order certifying the class at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday. You will need to ask the Clerk to view the file for the lawsuit <u>Stuart v. RadioShack Corp.</u>, Civil Action No. C-07-4499 EMC. **[You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question 17 on page ___, above.]**

### <u>DO NOT CONTACT THE JUDGE OR THE COURTROOM STAFF</u>

**Exhibit C**

**26**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On May 13, 2009 I served the following described document(s) on the interested parties in this action:

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**[XX] Electronically by using the Court's ECFCM System on the following parties:**

Stephen Glick, Esq.
Law Offices of Stephen Glick
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017

Scott A. Brooks, Esq.
Daniels, Fine, Israel, Schonbuch & Lebovits LLP
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

**AND**

**[XX] (VIA U.S. MAIL)**

[xx] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated below on the following parties:

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Blvd., Suite 550
Santa Monica, CA 91401

Craig S. Momita, Esq.
Daniels, Fine, Israel, Schonbuch & Lebovits
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed May 13, 2009 at Los Angeles, California.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Cherie Thompson

CERTIFICATE OF SERVICE
Case No. C07-04499 EMC