SEYFARTH SHAW LLP
Andrew M. Paley (SBN 149699)
*apaley@seyfarth.com*
David D. Jacobson (SBN 143369)
*djacobson@seyfarth.com*
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
RADIOSHACK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive,<br><br>            Plaintiffs,<br><br>    v.<br><br>RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. C07-04499 EMC<br><br>[Assigned to Magistrate Judge Edward M. Chen, Courtroom C]<br><br>**DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR STAY**<br><br>Date:         June 10, 2009<br>Time:        10:30 a.m.<br>Courtroom: C<br><br>Trial Date:  September 22, 2009 |

# NOTICE OF MOTION AND MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND FOR A STAY

**TO PLAINTIFF RICHARD STUART AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 10, 2009 at 10:30 a.m., or as soon thereafter as the matter may be heard in Department C of the United States District Court for the Northern District of California, Defendant RadioShack Corporation ("RadioShack") will, and hereby does, move for an order amending the Court's Order dated April 30, 2009, to certify for interlocutory appeal the Court's decision that an employer's duty to reimburse its employees for expenses is not subject to a request by the employee for reimbursement.  This motion is made pursuant to 28 U.S.C. section 1292(b).  Defendant also moves for a stay of the proceedings pending a determination of the appeal.

The motion is based on this notice of motion, the memorandum set forth below, the pleadings and papers on file in this action, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF ISSUES

1. Should the Court modify its April 30, 2009 Order to certify, for interlocutory appeal, the Court's decision that an employer's duty to reimburse its employees for expenses is not subject to a request by the employee for reimbursement.

2. Should the proceeding in this matter be stayed pending a determination of the interlocutory appeal?

I.     **INTRODUCTION**

The Court issued an order dated April 30, 2009 (the "Order") regarding the issue of when an employer's duty to reimburse arises under Labor Code section 2802.  Plaintiff argued that the duty to reimburse is triggered as soon as the employee incurs the expense, regardless of whether the employer is aware of the expense.  RadioShack argued that its duty to reimburse is not triggered unless the employee has made a request for reimbursement under RadioShack's Travel Policy, unless application of the policy prevented an employee from seeking reimbursement.  The Court found that section 2802 was ambiguous, and determined that the proper construction of the statute is that, "once an employer knows or has reason to know that the employee has incurred an expense, then it has the duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is reimbursed for the expense."  Order at 6:20-23.

RadioShack moves the Court to amend its Order to certify for interlocutory appeal its decision that an employer is obligated to take affirmative steps to determine, and reimburse, its employees' expenses, where the employee knows that the employer requires that the employee submit a request for reimbursement, with proof of expenses, and the employee fails to submit any such request.  The Court's decision is contrary to the specific mandate under the Labor Code that an employee shall follow the employer's policies, including those pertaining to reimbursement of expenses.  Labor Code section 2856 states that "[a]n employee shall substantially comply with all directions of his employer concerning the service on which he is engaged…"  Similarly, Labor Code section 2861 specifically addresses an employee's burden to his/her employer regarding expenses.  Section 2861 directs that "[a]n employee shall, on demand, render to his employer just accounts of all his transactions in the course of his service…"

As the Court noted in its Order, the language in Labor Code section 2802 is ambiguous as to when the duty to reimburse is triggered.  There are no published

decisions that address when the employer's duty to reimburse is triggered, nor are there any decisions that address the issue of whether an employer can require, under Labor Code sections 2856 and 2861, that its employees submit a claim for reimbursement before the employer's duty to pay is triggered under Labor Code section 2802.

This issue is a matter of great importance that will affect the scope of the trial in this action, and will potentially affect every employer in the State of California. The Court's decision that an employer has a duty to take reasonable steps to investigate, determine its employee's expenses, and then reimburse the employee, even absent a request for reimbursement from the employee, will greatly expand the scope of the trial in this matter, generating additional motion practice, discovery, and other costs that otherwise would not be incurred. The ultimate appellate resolution of the issue posed by the Court's Order is critical to the resolution of the case. If the Ninth Circuit were to disagree with the Court's analysis, the complexion of this case and the evidence required at trial to prove Plaintiff's claims would be radically altered. Additionally, the Court's decision on this issue will likely lead to new litigation against employers throughout the state. Certifying the decision for interlocutory appeal is the only way to avoid these potentially unnecessary costs. It makes little sense to proceed with an expensive and time consuming trial in the absence of controlling authority on this key issue. Rather, the Court should certify it Order for interlocutory review so that the parties may ask for guidance from the Ninth Circuit.

RadioShack also asks the Court to stay proceedings in the action while it seeks permission, from the Ninth Circuit, to take an appeal from the Court's order, and, if an appeal is permitted, to continue the stay of the matter until the appeal is determined.

## II.  ARGUMENT

Appeal from an interlocutory order should be permitted when three

conditions are met:  (1) the "order involves a controlling question of law;" (2) the order decides an issue "as to which there is a substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1982) *aff'd mem. sub nom. Arizona v. U.S. Dist. Ct*., 459 U.S. 1191 (1983); *Bassidji v. Goe*, 413 F.3d 928,932 (9th Cir. 2005) (interlocutory appeal of order denying motion to dismiss).  Under the third prong, interlocutory appeal is also proper where the determination of the issue on appeal would "materially affect the litigation's outcome." *In re Cement Antitrust Litig*., 673 F.2d at 1026.  All three conditions are present here.

### A. The Court's Decision—Imposing An Affirmative Duty Upon An Employer To Investigate And Determine An Employee's Expenses—Involves A Controlling Question Of Law

An order involves a "controlling question of law" for purposes of interlocutory appeal under 28 U.S.C. section 1292(b) if the issue is one of law, not fact, and if its resolution "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig*., 673 F.2d at 1026.  The Court's Order clearly meets this test.  The Court's decision imposing an obligation upon the employer to affirmatively investigate and determine an employee's expenses is a "controlling question of law" that will dramatically affect the trial of this action.  The Court's interpretation of Labor Code section 2802, which the Court admittedly characterizes as "ambiguous," imposes an obligation on the employer that has never before existed, and is contrary to the mandates of Labor Code sections 2856 and 2861.  The Court's interpretation of Labor Code section 2802 essentially eliminates what RadioShack believes is a necessary element of Plaintiff's claim— that before a plaintiff can sue under section 2802 and seek recovery of penalties, interest, attorney's fees and costs, the plaintiff must first show that he submitted a request for reimbursement and was denied, or that the employer actively

1 discouraged its employees from submitting requests for reimbursement, such that
2 submission of a claim for reimbursement would be futile.
3     Additionally, the Court's interpretation of the statute imposes upon
4 RadioShack an affirmative duty that is not intended under the statute.  If
5 RadioShack's interpretation of the statute is correct, the proof Plaintiff must offer
6 at trial will be dramatically altered.
7     Thus, the Court's Order falls within the first prong of the analysis regarding
8 interlocutory appeals under 28 U.S.C. section 1292(b).

### B. The Court's Decision Involves An Issue As To Which There Is A Substantial Ground For Difference Of Opinion

The Court's decision also involves an issue "as to which there is a substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  A decision meets this test if there is no controlling precedent and if there are "strong arguments" against the Court's decision.  *Wells Fargo Bank v. Bourns, Inc.*, 860 F.Supp. 709, 717 (N.D. Cal. 1994) (interlocutory appeal allowed where legal issues "have not been squarely addressed by the Ninth Circuit"); *Eaton v. Siemens,* No. 2:07-cv-315 FCD KJM, 2007 U.S.Dist. LEXIS 58583, at §§10-11 (E.D. Cal. Aug. 10, 2007) (appeal permitted because courts had not "exhaustively discussed" the issue); *Bryan v. United Parcel Serv., Inc.*, 307 F. Supp. 2d 1108, 1115 (N.D. Cal. 2004) (certification for appeal of issue of "first impression").

The Court's decision to impose an affirmative duty on an employer to investigate and determine its employee's expenses is not compelled by any controlling precedent.  The Court's Order notes that Labor Code section 2802 is ambiguous.  There is no case law interpreting when the duty to reimburse arises.  The issue of whether an employer is required to reimburse an employee's expenses in the absence of a request for reimbursement is a matter of first impression.

The Court's Order clearly falls within the second prong of the analysis regarding interlocutory appeals under 28 U.S.C. section 1292(b).

4

1  **C.    An Immediate Appeal From The Order Could Materially Affect the Outcome Of This Action**

Under the third prong of section 1292(b), an interlocutory appeal is proper if, as here, the determination of the question at issue would materially affect the outcome of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Here, there is no question that determination of the issue of when an employer's duty to reimburse is triggered under Labor Code section 2802 will materially affect the outcome of this litigation.

RadioShack has a policy that requires employees to submit a Travel Claim for reimbursement of expenses. Plaintiff testified that he was aware of the policy, and in fact has submitted, and been reimbursed, for expenses under the policy. However, Plaintiff is suing, on behalf of himself and thousands of class members, for reimbursement of expenses that were allegedly incurred, but for which reimbursement was never requested. The Court's decision places an affirmative obligation on RadioShack to investigate and determine those expenses, even though the employees have never requested reimbursement. If the Ninth Circuit were to disagree with the Court's analysis, the evidence Plaintiff must proffer at trial to prove the class claims would be altered dramatically.

If RadioShack's request for interlocutory appeal is not granted, the parties and the Court will expend inordinate amounts of time trying this matter, only to have it appealed at the end of the case for the precise issue presented in this motion, all of which can be avoided if the Court exercises its discretion to allow appeal of this important issue now pursuant to 28 U.S.C. section 1292(b).

RadioShack submits that this important issue should be decided on appeal now, before the parties waste time and resources on a lengthy trial, only to have the same issue decided on appeal after the trial's conclusion.

**D.    A Stay Should Be Entered Pending Determination Of The Appeal**

The Court has broad discretion to decide whether a stay is appropriate to

5

"promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.")

If the court determines to certify the issue for interlocutory appeal, it should stay proceedings at least until the Ninth Circuit determines whether to permit the appeal. See 28 U.S.C. § 1292(b); Fed. R. App. P. 5(a)-(d). If the Ninth Circuit takes the appeal, this Court should stay all proceedings until the appeal is determined. That is appropriate since "a reversal of this Court's Order by the Ninth Circuit could resolve this case." *Eaton*, 2007 U.S. Dist. LEXIS 58583 at §§11-12 (where a potentially dispositive issue has been appealed, a "stay promotes economy of time and effort both for the court and the parties").

## III. CONCLUSION

For all of the foregoing reasons, RadioShack requests that the Court grant its motion to certify for interlocutory appeal the Court's Order dated April 30, 2009, and for a stay pending the outcome of the appeal.

DATED: May 20, 2009                    SEYFARTH SHAW LLP

                                       By:   s/ David D. Jacobson
                                             Andrew M. Paley
                                             David D. Jacobson
                                       Attorneys for Defendant
                                       RADIOSHACK CORPORATION

                                       Email: djacobson@seyfarth.com

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2029 Century Park East, Suite 3300, Los Angeles, CA 90067-3063.

On May 20, 2009 I served the following described document(s) on the interested parties in this action:

**DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR STAY**

**[XX] Electronically by using the Court's ECFCM System on the following parties:**

Stephen Glick, Esq.
Law Offices of Stephen Glick
1055 Wilshire Blvd., Suite 1480
Los Angeles, CA 90017

Scott A. Brooks, Esq.
Daniels, Fine, Israel, Schonbuch & Lebovits LLP
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

**AND**

**[XX] (VIA U.S. MAIL)**

[xx] by placing the true copies thereof enclosed in sealed envelopes, addressed as stated below on the following parties:

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Blvd., Suite 550
Santa Monica, CA 91401

Craig S. Momita, Esq.
Daniels, Fine, Israel, Schonbuch & Lebovits
1801 Century Park East, Ninth Floor
Los Angeles, CA 90067

[xx] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

Executed May 20, 2009 at Los Angeles, California.

[XX] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cherie Thompson_
Cherie Thompson

LA1 6878103.1

Certificate of Service
Case No. CV07-04499 EMC