UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STUART, | No. C-07-4499 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR STAY** |
| RADIOSHACK CORPORATION, | |
| Defendant. | **(Docket No. 104)** |
| _____/ | |

Currently pending before the Court is Defendant RadioShack Corporation's motion to certify for interlocutory appeal and for stay. The legal issue that RadioShack wishes to take to the Ninth Circuit is what the Court has commonly referred to in this litigation as the exhaustion defense – *i.e.*, whether an employee must first make a request for reimbursement with his or her employer before the employer's duty to indemnify is triggered. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **DENIES** RadioShack's motion.

## I.   DISCUSSION

Title 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such an order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the

**United States District Court**
For the Northern District of California

1    entry of the order: *Provided, however*, That application for an appeal
     hereunder shall not stay proceedings in the district court unless the
2    district judge or the Court of Appeals or a judge thereof shall so order.

3    28 U.S.C. § 1292(b).

4          As the language of the statute indicates, there are three factors that a trial court considers in

5    determining whether certification of an interlocutory appeal is appropriate: (1) whether the moving

6    party seeks to appeal an order involving a controlling question of law; (2) whether there is

7    substantial ground for difference of opinion on that legal question; and (3) whether an immediate

8    appeal on that legal question may materially advance the ultimate termination of the litigation.

9          The Wright & Miller treatise notes that

10          [s]ection 1292(b) is best used to inject an element of flexibility into
            the technical rules of appellate jurisdiction established for final
11          judgment appeals under § 1291 and for interlocutory appeals under §
            1292(a).  The three factors should be viewed together as the statutory
12          language equivalent of a direction to consider the probable gains and
            losses of immediate appeal.  The advantages of immediate appeal
13          increase with the probabilities of prompt reversal, the length of the
            district court proceedings saved by reversal of an erroneous ruling, and
14          the substantiality of the burdens imposed on the parties by a wrong
            ruling.  The disadvantages of an immediate appeal increase with the
15          probabilities that lengthy appellate consideration will be required, that
            the order will be affirmed, that continued district court proceedings
16          without appeal might moot the issue, that reversal would not
            substantially alter the course of district court proceedings, or that the
17          parties will not be relieved of any significant burden by reversal.

18   Wright, *et al.*, 16 Fed. Prac. & Proc. Juris. 2d § 3930.  Several courts have expressly endorsed

19   Wright & Miller's approach to § 1292(b).  *See, e.g.*, *Lipsett v. University of Puerto Rico*, 740 F.

20   Supp. 921, 923 (D.P.R. 1990); *General Dynamics Corp. v. American Tel. & Tel. Co.*, 658 F. Supp.

21   417, 418 (D.C. Ill.1987).

22   A.    Controlling Question of Law

23          Under 1292(b), the first consideration for a court in deciding whether to certify an

24   interlocutory appeal is whether the order being challenged involves a controlling question of law.

25   There is no dispute that, in the instant case, the order being challenged by Allstate involves a

26   question of law, and not a question of fact.  Nor is there any real dispute that question of law at issue

27   is controlling.  The Ninth Circuit has explained that "all that must be shown in order for a question

28   to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of

2

United States District Court

For the Northern District of California

1   litigation in the district court."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

2   *Compare* Wright, *et al.* § 3930 (noting that "there is little doubt that a question is not controlling if

3   the litigation would be conducted in the same way no matter how it were decided").  Clearly, that is

4   the case here.  One of Allstate's main defenses is that an employee must make a claim for

5   reimbursement to his or her employer before the employer's duty to reimburse is triggered under

6   California Labor Code § 2802.  If the Ninth Circuit were to agree with Allstate, then it is likely that

7   the class's claim would fail because it appears that most RadioShack employees did not submit

8   requests for reimbursement to RadioShack.  *Cf.* 19-203 Moore's Fed. Prac. – Civ. § 203.31[2] ("[I]f

9   resolution of the question being challenged on appeal will terminate the action in the district court, it

10  is clearly controlling.  Controlling questions of law that fall within this category of dispositive issues

11  include . . . the question of whether a defense that will defeat the claim is available . . . .").

12  B.      <u>Substantial Ground for Difference of Opinion</u>

13          The second consideration for a court in deciding whether to certify an interlocutory appeal is

14  whether there is a substantial ground for difference of opinion with respect to the legal question at

15  issue.  The rationale underlying this consideration is that, "[i]f the law is clear and there is no

16  question that the district court's order is correct as a matter of law, there is no purpose in appealing

17  the ruling."  Moore's § 203.31[4].

18          Allstate's position is that this factor is satisfied because the legal question here is an issue of

19  first impression for which there is no controlling precedent.  But simply because the legal question at

20  issue is a novel one does not mean that there is necessarily a substantial ground for difference of

21  opinion on that legal question.  *See Flor v. BOT Fin. Corp. (In re Flor)*, 79 F.3d 281, 284 (2d Cir.

22  1996) ("not[ing] that the mere presence of a disputed issue that is a question of first impression,

23  standing alone, is insufficient to demonstrate a substantial ground for difference of opinion");

24  *Federal Deposit Ins. Corp. v. First Nat'l Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985) (stating that

25  "the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some

26  substantial ground for a difference of opinion under the statute"); *Max Daetwyler Corp. v. Meyer*,

27  575 F. Supp. 280, 283 (E.D. Pa. 1983) (stating that "the mere fact that the appeal would present a

28  question of first impression is not, of itself, sufficient to show that the question is one on which there

1  is a substantial ground for difference of opinion"; adding that "[t]he mere fact that a substantially

2  greater number of judges have resolved the issue one way rather than another does not, of itself, tend

3  to show that there is no substantial ground for difference of opinion" and that "[i]t is the duty of the

4  district judge faced with a motion for certification to analyze the strength of the arguments in

5  opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which

6  there is a substantial ground for dispute"). *See also* Wright, *et al.* § 3930 (noting that "[d]istrict

7  judges have not been bashful about refusing to find substantial reason to question a ruling of law,

8  even in matters of first impression").

9          The authority cited by Allstate is not to the contrary.  For example, in *Wells Fargo Bank v.*

10  *Bourns, Inc.*, 860 F. Supp. 709 (N.D. Cal. 1994), Judge Patel did note that the legal questions at

11  issue had not "been squarely addressed by the Ninth Circuit" but ultimately concluded that there

12  were substantial grounds for difference of opinion based on "[t]he available precedent." *Id.* at 717.

13  Similarly, in *Bryan v. United Parcel Serv., Inc.*, 307 F. Supp. 2d 1115 (N.D. Cal. 2004), Judge Alsup

14  pointed out that the legal question at issue was one of first impression under California law but

15  ultimately stated that there was "a substantial basis for differences of opinion, as evidenced by the

16  parties' briefing and argument." *Id.* at 1115.

17          In many cases, courts have found a substantial ground for a difference of opinion based on

18  conflicting case law.  *See, e.g.*, *Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. C 08-4119 SI,

19  2009 U.S. Dist. LEXIS 39410, at *2-3 (N.D. Cal. Apr. 27, 2009) (noting that "[t]here is substantial

20  ground for difference of opinion on this issue, as indicated by the Second Circuit's decision in

21  *Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429 (2d Cir. 2002) (no private right of action for violations

22  of Sections 26(f) and 27(i) of the ICA)"); *APCC Servs. v. ESH AT&T Corp.*, 297 F. Supp. 2d 101,

23  107 (D.D.C. 2003) (stating that "[a] substantial ground for difference of opinion is often established

24  by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other

25  circuits"; adding that "[a] substantial ground for dispute also exists where a court's challenged

26  decision conflicts with decisions of several other courts").

27          In the instant case, there is no case law on the relevant legal issue before the Court.  While it

28  may still be possible to establish a substantial ground for a difference of opinion in such a

**United States District Court**
For the Northern District of California

1    circumstance, Allstate has not done so here.  The Court concluded that employees' right to

2    reimbursement under California Labor Code § 2802 was not barred by their failure to affirmatively

3    request reimbursement, but instead was triggered where an employer knew or had reason to know

4    that reimbursable expenses were incurred.  That conclusion was grounded upon substantial albeit not

5    direct authority.[1]  *See* Docket No. 101 (Order at 3-4) (noting that, for claims of overtime, an

6    employer who knows or should have known that an employee is or was working overtime must pay

7    for the overtime, *even if the employee does not make a claim for the overtime compensation*; finding

8    claims for overtime analogous to claims for reimbursement).  Allstate's reliance in the original

9    briefing and herein to §§ 2856 and 2861 of the California Labor Code fails to address the Court's

10   conclusion that these statutes had no material bearing on the question.  To be sure, the Court is not

11   saying that "there is absolutely *no* ground for difference of opinion regarding the [C]ourt's relevant

12   decision[]," *Environmental Prot. Info. Ctr. v. Pacific Lumber Co.*, No. C 01-2821 MHP, 2004 U.S.

13   Dist. LEXIS 6674, at *15 (N.D. Cal. Apr. 19, 2004) (emphasis in original), but the standard under §

14   1292(b) is not any ground for a difference of opinion but a "substantial" one.  No such showing has

15   been made here.

16   C.    <u>Materially Advance Ultimate Termination of Litigation</u>

17           The final consideration for a court in determining whether to certify an interlocutory appeal

18   is whether an immediate appeal "may materially advance the ultimate termination of the litigation."

19   28 U.S.C. § 2929(b).  The Ninth Circuit has indicated that this factor is satisfied when resolution of

20   the legal question "may *appreciably* shorten the time, effort, or expense of conducting a lawsuit."  *In*

21   *re Cement Antitrust Litig.*, 673 F.2d at 1027 (emphasis added); Moore's § 203.31[3] (noting that

22   "[courts] look for a 'controlling' question that has the potential of substantially accelerating

23   disposition of the litigation").

24           In the instant case, the Court is not convinced that this case qualifies as an "extraordinary

25   case[] where decision of an interlocutory appeal might avoid protracted and expensive litigation."

26

27           [1] It should also be noted that the "knowledge standard" that the Court articulated in its order of
     April 30, 2009, *see* Docket No. 101 (order), was based on authority that Allstate itself had cited to
28   support its position on the exhaustion defense.

United States District Court

For the Northern District of California

1    *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  The bulk of the litigation

2    has already been conducted, and there is only three months until trial.  The trial itself will not be as

3    significant an endeavor as argued by Allstate, particularly in light of Mr. Stuart's agreement to limit

4    the mileage rate for reimbursement to the IRS rate.  *Cf. Wm. Passalacqua Builders, Inc. v. Resnick*

5    *Developers South, Inc.*, 611 F. Supp. 281, 284 (S.D.N.Y. 1985) (stating that "appellate certification

6    will not 'materially advance the ultimate termination of [this] litigation' because the case is almost

7    ready for trial and most of the pretrial preparation is complete" -- "an immediate appeal will not

8    avoid a great deal of pretrial effort").  Assuming that it does not prevail at trial, *see Edwards v.*

9    *National Audubon Soc'y*, 411 F. Supp. 744, 747 (S.D.N.Y. 1976) (concluding that the requirement

10   that an immediate appeal may materially advance the ultimate termination of the litigation was not

11   satisfied because "[t]he case is ready for trial" and "[t]he case will be disposed of before argument

12   would be heard by the Court of Appeals if certification were granted"; adding that "disposition at

13   trial may render moot the question sought to be reviewed"), Allstate will still have the opportunity to

14   appeal the exhaustion defense at the conclusion of the trial.  The additional burden of waiting several

15   months and having to complete trial before taking the appeal is not substantial.  On the other hand,

16   permitting the interlocutory appeal will vacate the trial date and potentially postpone the trial for

17   many months, thus materially prejudicing the Plaintiffs and disrupting the Court's calendar.

18   D.       Summary

19            Because Allstate has not shown that there is a substantial ground for a difference of opinion

20   and, further, has not shown that an interlocutory appeal may appreciably shorten the time, effort, or

21   expense of conducting the lawsuit, the Court denies Allstate's request for certification of such an

22   appeal.

23            The Court notes that this conclusion is consistent with the Wright & Miller approach which

24   instructs courts to consider the probable gains and losses of immediate appeal.  "The advantages of

25   immediate appeal increase with the probabilities of prompt reversal, the length of the district court

26   proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed

27   on the parties by a wrong ruling."  Wright, *et al.*, 16 Fed. Prac. & Proc. Juris. 2d § 3930.  In the

28   instant case, the probability of a prompt reversal is not high since Allstate has not shown that there is

a substantial ground for a difference of opinion.  The length of the trial court proceedings saved
would not be substantial given that the bulk of this case has been litigated, trial is only a few months
away, and trial itself should not be unduly lengthy.  Finally, if the Court's ruling on the exhaustion
defense was not correct and Allstate does not prevail at trial, Allstate may still seek an appeal.  The
burden on Allstate of moving forward with this case is not substantial.  On the other hand, to grant
certification would place a burden on Mr. Stuart and the class, particularly since the trial would yet
again be postponed at RadioShack's behest.

## II.   CONCLUSION

For the foregoing reasons, RadioShack's motion is denied.

This order disposes of Docket No. 104.


IT IS SO ORDERED.


Dated:  June 25, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

7