UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD STUART,

    Plaintiff,

v.

RADIOSHACK CORPORATION,

    Defendant.
_____/

No. C-07-4499 EMC

**ORDER RE EQUITABLE DEFENSES TO § 2802 CLAIM**

California Labor Code § 2802 states in relevant part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful." Cal. Lab. Code § 2802(a). Currently pending before the Court is the issue of whether equitable defenses -- specifically, equitable estoppel and laches -- may be asserted against a claim for indemnification pursuant to § 2802. At the invitation of the Court, the parties filed cross-briefs on the issue, which the Court stated would be treated as cross-motions for partial summary adjudication. *See* Docket No. 128 (order, filed on 8/18/2009).

Having considered the parties' briefs, as well as all other evidence of record,[1] the Court hereby holds that the affirmative defenses of equitable estoppel and laches may not be asserted against the § 2802 claim in this case.

---

[1] The Court, for purposes of this motion, has considered RadioShack's factual proffers in its brief and treated them as evidence.

## I. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

If the defendant is moving for summary judgment based on an affirmative defense for which it has the burden of proof, the defendant "must establish beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in [its] favor." *Martin v. Alamo Cmty. College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (internal quotation marks omitted; emphasis in original); *see also Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (noting that a defendant bears the burden of proof at summary judgment with respect to an affirmative defense).

B. Waiver Defense

Previously, this Court ruled that the affirmative defense of waiver is not viable against a § 2802 claim. *See* Docket No. 65 (Order at 10 n.1). In so ruling, the Court took note of California Labor Code § 2804, which provides that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof [including § 2802], is null and void," Cal. Lab. Code § 2802, and California Civil Code § 3513, which similarly provides that "[a]ny one may waive the advantage of a law intended solely for his benefit [b]ut a law established for a public reason cannot be contravened by a private agreement." Cal. Civ. Code § 3513. These statutes, along with § 2802's "strong public policy . . . favor[ing] the indemnification (and defense) of employees by their employers," *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 952 (2008)

1  (internal quotation marks omitted), led the Court to include that waiver was not an appropriate
2  defense.

3       The Court acknowledged that, in the instant case, there was no contract or agreement
4  between RadioShack and any employee to waive the right to reimbursement; however, the absence
5  of such a contract or agreement was not dispositive to the Court because, as the state appellate court
6  noted in *Covino v. Governing Board*, 76 Cal. App. 3d 314 (1977), "the validity of a waiver of rights
7  which were enacted for a public reason should not depend on the happenstance whether the waiver
8  was incorporated in an agreement" or accomplished in another manner such as being "pronounced in
9  the course of a judicial proceeding." *Id.* at 322-23.

10      Subsequently, the Court issued an order which addressed an argument raised by RadioShack
11 similar to the waiver defense. This argument -- which the Court coined for purposes of convenience
12 the "exhaustion defense" -- was, in essence, that an employer has no duty to indemnify pursuant to §
13 2802 until an employee first makes a request for reimbursement with the employer.[2] Consistent with
14 its ruling on the waiver defense, the Court rejected the exhaustion defense. The Court reasoned as
15 follows:

> RadioShack's contention is that the duty to reimburse is triggered *only*
> when an employee makes a request for reimbursement even if the
> employer knew or had reason to know the expense was incurred.
> While the employee, rather than the employer, is in the best position to
> know when he or she has incurred an expense and the details of that
> expense, *see* Docket No. 65 (Order at 24), such a narrow construction
> is at war with § 2802's "strong public policy . . . favor[ing] the
> indemnification (and defense) of employees by their employers for
> claims and liabilities resulting from the employees' acts within the
> course and scope of their employment."
>
>      The Court concludes that a fair interpretation of §§ 2802 and
> 2804 which produces "practical and workable results," consistent with
> the public policy underlying those sections, focuses not on whether an
> employee makes a request for reimbursement but rather on whether
> the employer either knows or has reason to know that the employee

---

[2] The Court notes that, according to RadioShack, Mr. Stuart and the class had to prove as part of their case in chief that employees had made requests for reimbursement, and thus the argument was not a "defense" as such. Mr. Stuart and the class in turn argued that the argument -- if viable -- was actually an affirmative defense for which RadioShack had the burden of proof. The Court did not decide the issue as, for the reasons discussed below, it agreed with Mr. Stuart and the class that the contention had no merit.

3

has incurred a reimbursable expense. If it does, it must exercise due
diligence to ensure that each employee is reimbursed.

Docket No. 101 (Order at 2-3) (emphasis in original).

C.      Defenses of Equitable Estoppel and Laches

In spite of the Court's rulings above, RadioShack argues that equitable defenses should still be permitted vis-a-vis a § 2802 claim. RadioShack's main contention is that, as a legal matter, equitable estoppel and laches are different from waiver, and the California legislature's decision to bar only waiver of the right to indemnification in § 2804 suggests an obvious intent to permit equitable estoppel and/or laches. While this argument has some logic, the Court is not persuaded. RadioShack has made no showing that the legislature contemplated either the defense of equitable estoppel or laches when it enacted § 2804; thus, the Court cannot say that the legislature intended to bar only a waiver defense while allowing other equitable defenses. More important, given the underlying policies behind §§ 2802, 2804, and 3513, as discussed in the Court's earlier orders, it would make little sense to conclude that a waiver defense is impermissible but allow a defense of equitable estoppel or laches, particularly where, as here, the three defenses are all based on the same facts (*i.e.*, an employee's knowing failure to make a request for reimbursement). As Mr. Stuart and the class point out in their brief, California courts have stated that estoppel and laches are not available defenses where they would nullify an important policy adopted for the benefit of the public.[3] *See* Docket No. 132 (Pl.'s Br. at 10) (citing, *inter alia*, *Feduniak v. California Coastal*

---

[3] While some of the authority cited by Mr. Stuart and the class is not directly on point because the cases focus on estoppel or laches as asserted against a government entity, the larger principle espoused therein is instructive here. *See, e.g.*, *County of Los Angeles v. Berk*, 26 Cal. 3d 201, 222 (1980) ("Even if the elements of estoppel here appeared -- which as we have indicated they do not -- this is not a case in which an estoppel could properly be raised against the government and the people to defeat a claim of public recreational easement. It is well established that an estoppel will not be raised against such parties when to do so would nullify "a strong rule of policy, adopted for the benefit of the public . . . .") (internal quotation marks omitted); *In re Marriage of Lugo*, 170 Cal. App. 3d 427, 435 (1985) ("It is well established that an estoppel will not be raised against a county when to do so would nullify a strong rule of policy, adopted for the benefit of the public . . . . A similar rule has developed with respect to the doctrine of laches; that doctrine is rarely invoked against a public entity to defeat a policy adopted for the protection of the public.") (internal quotation marks omitted); *see also Jordan v. Department of Motor Vehicles*, 100 Cal. App. 4th 431, 453 (2002) ("[I]t is clear that neither the doctrine of estoppel nor any other equitable principle may be invoked against a governmental body where it would operate to defeat the effective operation of a policy adopted to protect the public.") (internal quotation marks omitted).

*Comm'n*, 148 Cal. App. 4th 1346, 1381 (2007)); *cf. Colby v. Title Ins. & Trust Co.*, 160 Cal. 632, 644 (1911) ("[T]he doctrine of estoppel by conduct or by laches or even ratification has no application to a contract or instrument which is void because it violates an express mandate of the law or the dictates of public policy.").

Accordingly, the Court concludes that, like the waiver and exhaustion defenses, the defenses of equitable estoppel and laches may not be maintained against the § 2802 claim here. However, even if equitable estoppel and laches were viable defenses, they would not benefit RadioShack.

With respect to estoppel, RadioShack claims that, because Mr. Stuart (and presumably other class members) did not submit reimbursement requests, it had no reason to believe that he had any expenses to reimburse. *See* Docket No. 131 (Def.'s Br. at 6). However, this ignores the undisputed evidence that information about intercompany store transfers ("ICSTs") was maintained on RadioShack's database. The parties do not disagree that RadioShack knew about the ICST information on the database and that RadioShack was able, for the most part, to identify which employees had performed the ICSTs. Hence, given the records in RadioShack's position, RadioShack could not reasonably rely on employee failure to request reimbursement.[4]

Furthermore, to the extent RadioShack contends that it relied on Mr. Stuart's failure to seek reimbursement as proof that he did not want to be reimbursed, *see* Docket No. 131 (Def.'s Br. at 6), this is, in essence, an argument that RadioShack believed Mr. Stuart to have waived his right to reimbursement. As the Court has previously held, this right is not waivable as a matter of law. *Cf. Bakersfield Elementary Teachers Association v. Bakersfield City School District*, 145 Cal. App. 4th 1260, 1274-75 (2006) (rejecting school district's argument that it detrimentally relied on temporary employees' failure to object to their classification as temporary (instead of probationary) as specified in employment contract because, under California Education Code § 44924, "any contractual provision purporting to waive the protections accorded certificated school employees by the Code,

---

[4] RadioShack admits that a critical element of estoppel is reliance by the party invoking estoppel. *See El Camino Community College Dist. v. Superior Court*, 173 Cal. App. 3d 606, 613 (1985) (stating that "'[t]he elements of the doctrine are that (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury'").

including the provisions governing their classification and termination, is 'null and void'"). Hence, again any such reliance would be unreasonable.

As for the laches defense,[5] the parties agree that it requires a showing of prejudice. *See In re Marriage of Fellows*, 39 Cal. 4th 179, 183 (2006) (noting that, "[i]f, in light of the lapse of time and other relevant circumstances, a court concludes that a party's failure to assert a right has caused prejudice to an adverse party, the court may apply the equitable defense of laches to bar further assertion of the right"). Here, RadioShack has failed to point to any cognizable prejudice. At best, RadioShack has suggested that it has been prejudiced because, had Mr. Stuart filed suit earlier and prevailed, then the interest it would have to pay on the expenses owed would be smaller.[6] This argument is unavailing for two reasons. First, interest represents only the time value of money, and RadioShack cannot have been prejudiced when it has retained the money allegedly owed and was thus entitled to its use during that period. Second, RadioShack has failed to cite any authority indicating that this is the type of prejudice that would entitle a party to a laches defense. *See Brown v. State Pers. Bd.*, 166 Cal. App. 3d 1151, 1161, 1163 (1985) (noting that the doctrine of laches is "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared"; concluding that extreme delay in instituting a disciplinary proceeding against a university professor precluded his dismissal because "[t]he loss of four years at the outset of an academic career is a considerable change of position in reliance upon the status quo" and "[t]hat works a sufficient prejudice to transform the unreasonable delay in this case into the bar of laches")

---

[5] In his brief, Mr. Stuart and the class argue that, under California law, the defense of laches may be asserted only with respect to claims sounding in equity, not claims at law, *see Wyler Summit Pshp. v. Turner Broadcasting Sys.*, 235 F.3d 1184, 1193 (9th Cir. 2000), and that a § 2802 claim is a claim at law. The Court need not address this issue because, even if § 2802 were an equitable claim, the laches defense would fail in the instant case for the reasons stated below. Mr. Stuart and the class, however, have established that there is at least a serious question on this issue since "[t]he legal or equitable nature of a cause of action is ordinarily determined by the remedy sought." *Id.*

[6] In its brief, RadioShack also refers to attorney's fees, *see* Cal. Lab. Code § 2802(c), and penalties under the California Labor Code Private Attorneys General Act ("PAGA"). *See* Cal. Lab. Code § 2699. For the reasons stated below, RadioShack has made no showing this is the kind of prejudice cognizable for purposes of laches. Moreover, the Court has not precluded, at this juncture, consideration of laches in the context of equitable claims and for attorney fees.

(internal quotation marks omitted); *Stafford v. Ballinger*, 199 Cal. App. 2d 289, 296 (1962) (noting that, in determining the existence of laches, "[d]eath of important witnesses may constitute prejudice").

## II. CONCLUSION

For the foregoing reasons, the Court concludes that RadioShack may not assert either the defense of equitable estoppel or laches against the § 2802 claim asserted by Mr. Stuart and the class.

IT IS SO ORDERED.

Dated: August 28, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge