UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD STUART,

        Plaintiff,

   v.

RADIOSHACK CORPORATION,

        Defendant.
_____/

No. C-07-4499 EMC

**ORDER RE EMPLOYER'S DUTY UNDER LABOR CODE SECTION 2802**

California Labor Code Section 2802 directs that an employer "*shall* indemnify his or her employee for all necessary expenditures of losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ." Cal. Lab. Code § 2802(a) (emphasis added). That mandatory language,[1] together with the anti-waiver provision of § 2804, imposes a mandatory duty on employers to reimburse employees for such expenses. As this Court previously held, once an employer knows or has reason to know that the employee has incurred such an expense, the employer "has the duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is reimbursed for the expense." Docket No. 101 (Order at 6).

---

[1] *See Common Cause v. Board of Supervisors*, 49 Cal. 3d 432, 443 (1989) ("It is a well-settled principle of statutory construction that the word 'may' is ordinarily construed as permissive, whereas 'shall' is ordinarily construed as mandatory, particularly when both terms are used in the same statute.").

The parties dispute what the scope of the employer's duty is. In particular, RadioShack contends that it will be able to proffer evidence that "employees were reminded, repeatedly, that they should submit expense reports so they could be reimbursed for their expenses" and this would satisfy its duty. Docket No. 134 (Def.'s Br. at 1). Plaintiff and the class contend, on the other hand, that the California Labor Code imposes strict liability upon the employer to reimburse, essentially leaving no excuse.

In order to define the scope of permissible discovery and trial for phase one of the bifurcated trial, the Court rules as follows. With respect to the phrases "due diligence" and "all reasonable steps," the Court intends that the employer must take any and all steps practically available to reimburse the employee for the expense. Reminding employees, even repeatedly, that they should submit expense reports does not suffice where, as here, RadioShack had in its possession documentation sufficient to identify employees incurring such expenses and to calculate the amounts owed without awaiting submission of expense reports. RadioShack could have tendered payment at IRS mileage reimbursement rate subject to the employee seeking reimbursement at actual expense per *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554 (2007). In short, RadioShack could have done more to fulfill its duty to reimburse beyond reminding employees to submit expense reports.

Accordingly, RadioShack is not entitled to take the depositions of class members, current employees, or former employees for the purpose of eliciting evidence that they were told and/or reminded by RadioShack managers to submit expense reports. Such evidence, if elicited, would not be material to the legal issues to be tried on the § 2802 claim in the first phase of trial herein.

IT IS SO ORDERED.

Dated: September 2, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge