United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD STUART,

       Plaintiff,

   v.

RADIOSHACK CORPORATION,

       Defendant.
_____/

No. C-07-4499 EMC

**ORDER GRANTING CLASS'S MOTION TO SUBSTITUTE IN PLAINTIFFS AND CLASS REPRESENTATIVES**

**(Docket No. 149)**

    Currently pending before the Court is the class's motion to substitute in Plaintiffs and class representatives. The motion was necessitated by the death of the previous Plaintiff and class representative Richard Stuart. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** the class's motion.[1]

## I. DISCUSSION

A.   Rule 23(b)(1) Certification

    As a preliminary matter, the Court notes that the class seems to be arguing that certification under Rule 23(b)(1) is proper. *See* Mot. at 6. To the extent the class is asserting such, the Court rejects the argument. Previously, when Mr. Stuart was still alive, the Court certified the class under Rule 23(b)(3). The Court specifically held that certification under Rule 23(b)(2) was not proper and also stated that it would

---

[1] The Court notes that the class filed a reply brief, although such was not permitted by the Court. The Court has, in the interest of justice, considered the reply brief but warns the parties that in the future strict compliance with Court orders is expected.

> not entertain any contention that certification should be granted pursuant to Rule 23(b)(1) because, although Mr. Stuart mentioned Rule 23(b)(1) in passing in his opening brief, nowhere did he provide any substantive argument. *See* Mot. at 8, 13-14 (although mentioning Rule 23(b)(1), discussing only Rule 23(b)(2) and 23(b)(3) in any detail). The Court therefore deems the argument waived. Even in his reply brief, where Mr. Stuart makes a Rule 23(b)(1) argument for the first time, *see* Reply at 12 (asserting that"[g]iven the number of employees involved and their locations throughout this State . . . , surely separate suits would risk inconsistent adjudications"), the argument is conclusory and lacks any real substance.

Docket No. 65 (Order at 18). No motion for reconsideration has ever been made with respect to that part of the Court's ruling concerning Rule 23(b)(1).

B.  Rule 25

Turning to the substance of the class's motion, it argues that the proper procedural vehicle for its motion is Federal Rule of Civil Procedure 25. However, this does not seem to be correct.

Rule 25 provides in relevant part that, "[i]f a party dies and the claim is not extinguished,[2] the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Here, the motion for substitution is being brought, in essence, by Proposed Plaintiffs and/or their counsel, who previously represented Mr. Stuart. Clearly, none of these individuals or entities is a party in the case; also, there is no evidence that they are Mr. Stuart's successors.

Counsel might argue that it is or was Mr. Stuart's representative and thus entitled to file a motion for substitution. However, this position seems to have been rejected by most courts. *See* Moore's § 25.12[1] (noting a motion for substitution may not be "brought in the name of the deceased party's attorney"); *Atkins v. City of Chicago*, 547 F.3d 869, 872 (7th Cir. 2008) (stating that "[a] motion for substitution may be filed only by a party, by the executor or administrator of the decedent's estate, or, if the estate has already been distributed to the heirs, by them"; adding that "[t]he decedent's lawyer may not file such a motion in his own name because he no longer has a client, but for obvious practical reasons he is permitted to file a motion for an extension of time if

---

[2] Whether or not a claim is distinguished – *i.e.*, whether it survives the death of a party – "is a matter of substantive law and is decided by the law, whether state or federal, that creates the cause of action." 6-25 Moore's Fed. Prac. – Civ. § 25.11[1].

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

there is no executor because the decedent died without a will and an administrator of the estate has not yet been named"); *Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3d Cir. 1976) (stating that even "the most liberal construction of the Rule would not permit substitution of a party's attorney who did not have status as a legal representative of the deceased party's estate"); *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (stating that, "[a]lthough the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)"); *Shannon v. Saab Training USA, LLC*, No. 6:08-cv-803-Orl-19DAB, 2009 U.S. Dist. LEXIS 68945, at *3 (M.D. Fla. July 21, 2009) (stating that, "[b]ecause the death of a client terminates the relationship between the attorney and the client, the deceased party's attorney does not qualify as a 'successor or representative' under this Rule due to the fact that the attorney no longer has the authority to act on behalf of the client"); *Donnell v. Snowshoe Springs Ass'n*, No. 2:01-cv-1953-MCE-KJM, 2006 U.S. Dist. LEXIS 15757, at *5 (E.D. Cal. Apr. 3, 2006) (stating that "a lawyer who represents a party before that party's death is not a 'representative' within the meaning of Rule 25 and, consequently, cannot continue an action on behalf of the decedent unless asked to do so by a representative of the estate").

Although Rule 25 does not appear to be the proper procedural vehicle, the substitution sought by Proposed Plaintiffs and counsel can be accomplished through other means. Under Rule 23(d), which "is concerned with the fair and efficient conduct of the action," Fed. R. Civ. P. 23(d), 1966 advisory committee notes, a court has the authority to issue orders that, *inter alia*,

> (A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;
>
> . . . .
>
> (C) impose conditions on the representative parties or on intervenors;
>
> . . . .
>
> (E) deal with similar procedural matters.

1 Fed. R. Civ. P. 23(d)(1). Accordingly, as a matter of procedure, the motion to substitute is
2 appropriate, albeit not pursuant to Rule 25. At bottom, what is more important than the precise
3 procedural device for substitution is the substantive question of whether the proposed class
4 representatives are adequate under Rule 23.

5 C.     Ms. Means and Mr. Vargas

6       In the instant case, the class seeks to have Ms. Means and Mr. Vargas added as Plaintiffs and
7 deemed adequate class representatives. In its opposition, RadioShack argues that, although Ms.
8 Means may be an adequate representative for the §§ 2802 and 17200 claims, she is not is adequate
9 representative for the PAGA claim because any such claim asserted by her as an individual would be
10 barred by the statute of limitations.[3] *See* Moore's Fed. Prac. -- Civ. § 23.63[1][b] ("If a complaint
11 includes multiple claims, at least one named class representative must have Article III standing to
12 raise each claim. . . . [¶] Constitutional standing is a necessary prerequisite to class certification
13 because without standing the court lacks the power to hear the suit. Standing also forms part of
14 courts' typicality analysis."); Newberg § 2:5 ("[T]hreshold individual standing is a prerequisite for
15 all actions, including class actions."); *Burns v. First American Bank*, No. 04 C 7682, 2006 U.S. Dist.
16 LEXIS 92159, at *13 (N.D. Ill. Dec.19, 2006) ("[A] class representative who lacks standing to
17 pursue the class claims will not satisfy the typicality and adequacy prongs of Rule 23(a)."); *Terkel v.*
18 *AT & T Corp.*, 441 F. Supp. 2d 899, 920 (N.D. Ill. 2006) ("It is clear that the named plaintiffs in a
19 class action must establish standing individually to serve as class representatives."). As for Mr.
20 Vargas, RadioShack argues that he is not an adequate representative because he purportedly lacks
21 the requisite credibility to adequately perform as a fiduciary for the class.

22       The class concedes that Ms. Means does not have a valid PAGA claim. Therefore, the Court
23 concludes that Ms. Means is an adequate representative for only the §§ 2802 and 17200 claims.
24 This leaves only the PAGA claim in need of a representative. The Court concludes that Mr. Vargas

---

[3] *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007) (Jenkins, J.) (noting that, "[d]espite the three-year statute of limitations that applies to some of the Labor Code violations listed in § 2699.5, a PAGA claim is, by definition, a claim for civil penalties" and therefore concluding that the one-year statute of limitations provided in California Code of Civil Procedure § 340(a), "which applies to all actions upon a statute for a penalty," is applicable).

is an adequate representative for the PAGA claim, as well as the §§ 2802 and 17200 claims. Under Federal Rule of Civil Procedure 30(e), a deponent may make changes to his testimony. Although "Rule 30(e) is to be used for corrective, and not contradictory, changes," *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1226 (9th Cir. 2005), the Court cannot say that the changes made by Mr. Vargas were necessarily contradictory or otherwise problematic such that his ability to function as a fiduciary for the class would be impaired. Moreover, it should be noted that the PAGA claim, which technically speaking is the only claim in need of an adequate representative because of Ms. Means's participation in the case, is simply derivative of the § 2802 claim. Given this circumstance, the concerns about Mr. Vargas's adequacy are not as strong. Mr. Vargas is an adequate class representative for all claims, including the PAGA claim. At the hearing, RadioShack conceded that so long as there is at least one adequate class representative for each claim, the case may proceed.

## II. CONCLUSION

For the foregoing reasons, the Court grants the motion to substitute and finds that Ms. Means is an adequate representative for the §§ 2802 and 17200 claims and that Mr. Vargas is an adequate representative for all claims, including the PAGA claim. Ms. Means and Mr. Vargas are now deemed Plaintiffs in the case as well as class representatives.

This order disposes of Docket No. 149.

IT IS SO ORDERED.

Dated: October 6, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

5