F:\SAB\PLDG\2637.002\2637.002.Motion for Preliminary Approval.Rev2.doc

1   Law Offices Of Stephen Glick
    Stephen Glick (SBN 59404)
2   sglick@glicklegal.com
    1055 Wilshire Blvd., Suite 1480
3   Los Angeles, CA 90017
    Telephone:   (213) 387-3400
4   Facsimile:   (213) 387-782

5   Daniels, Fine, Israel, Schonbuch & Lebovits, LLP
    Scott A. Brooks (SBN 160115)
6   brooks@dfis-law.com
    1801 Century Park East, Ninth Floor
7   Los Angeles, California 90067
    Telephone (310) 556-7900
8   Facsimile (310) 556-2807

9   Law Offices Of Ian Herzog
    Ian Herzog (SBN 41396)
10  IH@avlaw.info
    233 Wilshire Boulevard, Suite 550
11  Santa Monica, California 90405
    Telephone (310) 458-6660
12  Facsimile (310) 458-9065

13  Class Counsel and Attorneys for Plaintiffs

14

15                  UNITED STATES DISTRICT COURT

16        NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

17

18  RICHARD STUART, individually, and        Case No. C07-04499 EMC
    on behalf of all others similarly situated
    and the California general public; and    [Assigned to Magistrate Judge Edward
19  DOES 1 through 1000, inclusive,           M. Chen, Courtroom C]

20                                            **DECLARATION OF SCOTT A.
                   Plaintiffs,                BROOKS IN SUPPORT OF
21          v.                                MOTION FOR PRELIMINARY
                                              APPROVAL**
22  RADIOSHACK CORPORATION, a
    Delaware corporation; and DOES 1         Date:  April 7, 2010
23  through 100, inclusive,                   Time:  10:30 a.m.
                                              Courtroom:  C
24                 Defendants.

25

26

27
                                  24
28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT

1    I, Scott A. Brooks, declare as follows:

2        1.    Attached hereto as Exhibit 1 is a true and correct copy of the

3   Class Action Settlement Agreement signed by all parties and their counsel of

4   record.

5

6   **Litigation History**

7        2.    On June 7, 2007, plaintiff Richard Stuart filed a putative class

8   action lawsuit against RadioShack Corporation in Alameda County Superior

9   Court, *Richard Stuart, et al. v. RadioShack Corporation*, Case No.

10  RG07329680, alleging that RadioShack violated California's Labor Code §

11  2802 and Unfair Competition Law by failing to reimburse its employees for

12  mileage they incurred in performing Inter-Company Stock Transfers, and

13  seeking damages, penalties, interest, disgorgement of profits, injunctive

14  relief, and attorneys' fees and costs.

15       3.    On August 8, 2007, RadioShack removed the action to this

16  Court.  In accordance with the Federal Rules of Civil Procedure, the parties

17  exchanged data and documents regarding the ICSTs.

18       4.    By Order dated February 5, 2009, the Court certified a class of

19  "all persons employed by RadioShack within the State of California, at any

20  time from June 3, 2003, to the present, who drove their personal vehicles to

21  and from RadioShack stores and who were not reimbursed for mileage."  On

22  February 12, 2009, the Court modified the February 5 Order, redefining the

23  class as:  "all persons employed by RadioShack within the State of California,

24  at any time from June 3, 2003, to the present, who drove their personal

25  vehicles to and from RadioShack stores to carry out ICSTs and who were not

26  reimbursed for mileage."

27

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

C07-04499 EMC
NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT

5.     During the course of the Litigation, Richard Stuart passed away. On October 6, 2009, Plaintiffs Kimberla Means and Ramon Vargas were substituted in place of Richard Stuart as class representatives.  Kimberla Means was substituted as a class representative as to the Labor Code section 2802 claim and the Unfair Competition Law claim.  Ramon Vargas was substituted as a class representative as to all claims.

6.     Throughout this period, the issue of the ICST data was addressed by counsel through formal discovery, including the depositions of persons most knowledgeable designated by Defendant on issues such as the records of ICSTs maintained on computer, as well as the policies, practices and procedures regarding reimbursement, record-keeping, and performance of ICSTs.

7.     In addition, the parties engaged in substantial briefing on the core issues raised by the claims and defenses, at the Court's invitation and direction.  On April 1, 2009, the parties filed cross-motions regarding "exhaustion of remedies" *i.e.*, defining an employer's obligation to reimburse employees for mileage.  On April 30, 2009, the Court filed its Order Re Cross-Motions Re Exhaustion Defense holding that the exhaustion defense was not viable but that Plaintiff had not set forth sufficient evidence to obtain judgment on the issue.

8.     The Court also ordered the parties to submit briefing on the issues (1) whether due diligence is sufficient to constitute a defense;  and, (2) what equitable defenses could be asserted against the claim for violation of § 2802.

9.     On July 9, 2009, following briefing by the parties regarding the form and content of the notice to the class, the Court ordered notice to issue by July 24, 2009.

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

26

1    10.    On August 18, 2009, the Court ordered that the parties brief the

2    issues of 1) whether equitable defenses could be asserted against Plaintiffs'

3    claim under the Private Attorneys General Act of 2004 and 2) how damages

4    would be measured under the PAGA claim.  On August 28, 2009, the Court

5    issued an order holding that the  affirmative defenses of equitable estoppel

6    and laches could not be asserted to defeat Plaintiffs' claims.

7    11.    On September 2, 2009, the Court issued an order further

8    defining an employer's duty to reimburse employees under § 2802 and

9    precluding Defendant from taking depositions of class members and

10   employees on specified issues.

11   12.    The matter was set for trial several times throughout the

12   pendency of the case, lastly to begin on October 13, 2009.  However, it

13   became clear that the Court could proceed to determine the core liability

14   upon stipulated facts.  Thus, the parties worked out a set of stipulated facts

15   intended to provide the Court with those necessary for a determination of

16   liability without the need for trial, which were filed on or about September

17   22, 2009.  It was at this point that the matter settled.

18

19   **The Settlement**

20   13.    The parties agreed to formal private mediations with Joel

21   Grossman on July 7, 2008 and another formal private mediation session on

22   December 22, 2008, with Michael Wolfram.  Neither of these efforts were

23   successful.  On July 20, 2009, the Court ordered the parties to an emergency

24   settlement conference before the Honorable Joseph C. Spero.  The first

25   session on August 12, 2009, was not successful although it was helpful in

26   revealing that the parties had differing notions of the potential damages

27   based on their analysis of the ICST data and which suggested a difference in

28

27

1    their respective methodologies for analyzing the data.  The parties were

2    ordered to put together analyses of mileage calculations.

3        14.    On September 4, 2009, RadioShack provided mileage

4    calculations for some 270,000 ICSTs which it contended were for all

5    potential transfers by employees.  At that point, Plaintiffs had analyzed some

6    15,000 ICSTs.  Subsequent analyses allowed the parties to identify the

7    differences in their mileage calculations and so the potential damages under

8    their respective theories of liability.

9        15.    The parties were ordered to an additional session on October 1,

10   2009 before Judge Spero.  This mediation effort was successful, and after

11   having negotiated through Judge Spero at arms-length and in good faith, the

12   principal terms of the Agreement were reached and placed on the record.

13       16.    The Settlement Fund of $4.5 Million, after payment of attorney

14   fees, costs and expenses, costs of administration and enhancements to the

15   Class Representatives provides a substantial recovery to the Class of mileage

16   expenses, penalties and interest.  As Class Counsel, we conducted the

17   negotiations with a view toward achieving substantial benefits for the Class

18   while avoiding the cost, delay and uncertainty of further litigation, trial, and

19   in particular, appellate review.  As the briefing ordered by the Court during

20   the litigation showed, there is scant authority on the legal issues involved

21   and even with a trial on stipulated facts, appellate proceedings were all but

22   certain to be initiated with the concomitant uncertainty of the outcome.

23       17.    As a result of the negotiations, and our investigation, analysis

24   and discovery, Plaintiffs and Class Counsel determined that it was in the best

25   interests of the Class to enter into the proposed Settlement.  Plaintiffs and

26   Class Counsel believe the proposed Settlement to be fair, reasonable,

27   adequate and in the best interests of Plaintiffs and the other members of the

28

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

C07-04499 EMC

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT

Class, and that the proposed Settlement represents a successful resolution of the disputed claims against Defendant.

18. I obtained an estimate for all costs of the claim administration as outlined in the Settlement Agreement, from Simpluris, Inc., the same company that handled the notice to the class following certification. The estimated cost is $70,489.60.

19. This matter has been pending since June, 2007 and has been actively litigated over the course of the last two years, not settling until the parties had prepared the case for trial. The parties conducted investigation and exchange of information through discovery, including, but not limited to, the depositions of Defendant's corporate representatives on the policies and procedures regarding mileage and reimbursement as well as the paper and computer records and databases. Because of the relatively narrow nature of the claims *i.e.*, arising from a single type of expense from a discrete activity, the discovery was similarly focused. In addition, the materials exchanged pursuant to statutory obligations, Plaintiffs deposed two persons most knowledgeable of Defendant. The first PMK deposition was on a range of some 15 "master" topics, with several subcategories, from the ICST procedures to record retention. The second PMK deposition focused entirely upon the ICST data which was uncovered immediately prior to filing the motion for class certification. There were extensive law and motion briefings on issues relating to the claims and defenses, much of which was ordered by the Court, discovery issues in which the Court was intimately involved in the management, along with class certification briefing. Counsel for the parties have further invested extensive time investigating the applicable and quickly evolving law as applied to the facts discovered regarding the alleged claims of Plaintiffs and potential defenses thereto, and the damages claimed by

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

29

1   Plaintiffs.  Plaintiffs' Counsel is aware of the defenses and legal positions of

2   RadioShack, much of which again, came about at the Court's directions to

3   the parties to brief issues, but believes Plaintiffs would ultimately succeed.

4   RadioShack, on the other hand, contends Plaintiffs either legally waived, or

5   were provided the opportunity to obtain the reimbursement had they

6   followed company policy, and believes RadioShack would ultimately succeed

7   on the merits.

8       I declare under penalty of perjury according to the laws of the State of

9   California and the United States of America that the foregoing is true and

10  correct and that this Declaration was executed in Los Angeles, California on

11  the 24th of February, 2010.

13  _____

14                    Scott A. Brooks

DANIELS, FINE, ISRAEL, SCHONBUCH & LEBOVITS, LLP
1801 CENTURY PARK EAST, NINTH FLOOR
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 556-7900
FACSIMILE (310) 556-2807

30

C07-04499 EMC

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT

**EXHIBIT 1**

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter, the "Agreement") is made by Plaintiffs Ramon Vargas and Kimberla Means (collectively, "Plaintiffs"), substituted as plaintiffs/class representatives in place of original plaintiff/class representative Richard Stuart and RadioShack Corporation ("RadioShack"). Plaintiffs and RadioShack will at times be referred to collectively herein as "the Parties."

## I.     THE LITIGATION

1.      On June 7, 2007, Richard Stuart filed a Complaint against RadioShack in the Superior Court of California for the County of Alameda, Case No. RG07329680, seeking to represent a class of all persons employed by RadioShack in the State of California during the four years preceding the filing of the Complaint who drove their personal vehicles less than 25 miles to and from RadioShack stores and who were not reimbursed for mileage (the "Litigation").  In the Complaint, Plaintiff alleged claims of (1) failure to reimburse for mileage (Labor Code section 2802) and violation of the Unfair Competition Law (Business & Professions Code sections 17200 et seq.).  On July 27, 2007, Richard Stuart filed a First Amended Complaint, which added a claim for recovery of penalties under the Labor Code Private Attorneys General Act of 2004 (Labor Code sections 2699 et seq) ("PAGA").  Richard Stuart subsequently filed two additional amended complaints—a Second Amended Complaint on or about February 6, 2009 and a Third Amended Complaint on or about February 25, 2009.  The claims alleged in the Second and Third Amended Complaints are the same as previously alleged in the First and Second Amended Complaints (violation of Labor Code section 2802, unfair business practices and recovery of PAGA penalties), but the allegations were revised and expanded to cover "all persons who were employed at RadioShack retail stores in the State of California at any time between June 7,

2003 through the present who transported materials including store merchandise from one RadioShack store to another and were not reimbursed for expenses." The Complaint and the First, Second and Third Amended Complaints will be referred to collectively herein as "the Complaint."

2.      On August 30, 2007, RadioShack removed the action to the United States District Court, Northern District of California, Case No. C07-04499.

3.      By Order dated February 5, 2009, the Court certified a class of "all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores and who were not reimbursed for mileage."

4.      By Order dated February 12, 2009, the Court modified the February 5 Order, redefining the class as: "all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to the present, who drove their personal vehicles to and from RadioShack stores *to carry out ICSTs* and who were not reimbursed for mileage."

5.      During the course of the Litigation, Richard Stuart passed away. By Court Order dated October 6, 2009, Plaintiffs Kimberla Means and Ramon Vargas were substituted in place of Richard Stuart as class representatives. Kimberla Means was substituted as a class representative as to the Labor Code section 2802 claim and the Unfair Competition Law claim. Ramon Vargas was substituted as a class representative as to all claims.

6.      RadioShack contends that it has at all relevant times complied with California law, and that it has specifically complied with the law relating to reimbursement of expenses. RadioShack therefore disputes all claims for damages and other relief made by Plaintiffs.

7.      The Parties have engaged in substantial investigation in connection with the Litigation. RadioShack has provided extensive documents and detailed

2

information to Plaintiffs' attorneys to review and analyze with respect to RadioShack's policies and procedures regarding transfers of merchandise between stores, records reflecting all transfers during the class period, and the location of and distance between RadioShack's California stores.

    8.    The Parties have participated in several mediation sessions. The parties reached a settlement of the Litigation at a mediation session before Magistrate Judge Joseph C. Spero on October 1, 2009 which was placed upon the record.

    9.    This Agreement and the Settlement is made in compromise of disputed claims. Because this is a class action, this Agreement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Agreement on a conditional basis. In the event that the Court does not execute and file a final Judgment, or the terms of this Agreement are modified in any material respect, or in the event that the Effective Date, as defined herein, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force or effect. RadioShack and the other Releasees as defined below deny all of Plaintiffs' claims as to liability and damages as well as Plaintiffs' class allegations, and do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations upon all procedural and factual grounds, including the assertion of any and all defenses, if the Judgment does not become Final for any reason, or in the event that the Effective Date does not occur.

## II.   DEFINITIONS

    The following are certain definitions applicable to this Agreement. Definitions contained elsewhere in the body of this Agreement shall also be applicable.

3

1.     "Authorized Claimant" means any Class Member who submits a timely and valid Claim Form and is entitled to a Settlement Payment from the Settlement Proceeds.

2.     "Authorized Claim" means the claim of an Authorized Claimant in the amount to which the Authorized Claimant is entitled.

3.     "Claim Administrator" means Simpluris, Inc., and any successors designated by Plaintiffs and RadioShack to effectuate the Settlement.

4.     "Class" means all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to October 1, 2009, who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who were not reimbursed for mileage, and who did not opt out of the Litigation in response to the Notice of Class Certification.

5.     "Class Member" means a member of the Class.

6.     "Class Representative Enhancement" means the sums to be paid to the named Plaintiffs for serving as Class Representatives, which shall be paid from the Settlement Amount.

7.     "Effective Date" means the date on which both of the following have occurred:  (i) final approval of the Settlement is granted by the United States District Court, Northern District of California, or other court taking jurisdiction of this matter, and (ii) the Court's Judgment becomes Final.

8.     "Final" means the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of *certiorari* to the United States Supreme Court, or, (ii) if a petition for writ of *certiorari* to the United States Supreme Court is filed, the date of denial of the petition for writ of *certiorari*, or the date the Judgment is affirmed pursuant to such petition; or (iii) if

4

no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.

9.    "Judgment" refers to the Judgment and Order Approving Class Settlement and Dismissing the Class Action With Prejudice, substantially in the form attached hereto as Exhibit E, or as determined by the Court.

10.    "Notice" refers to the Notice, Proposed Settlement and Proposed Hearing Date for Court Approval, substantially in the form attached hereto as Exhibit A.

11.    "Plaintiffs' Attorneys' Fees" refers to the amount awarded to the Plaintiffs' Attorneys by the United States District Court, Northern District of California, or other court taking jurisdiction of this matter, for prosecuting the Litigation.

12.    "Plaintiffs' Expenses" refers to the expenses incurred by Plaintiffs and Plaintiffs' Attorneys in connection with prosecuting the Litigation, as approved by the United States District Court, Northern District of California, or other court taking jurisdiction of this matter.

13.    "Claim Form" refers to the Claim Form, substantially in the form attached hereto as Exhibit B.

14.    "Settlement" means the settlement of the Litigation and related claims effectuated by this Agreement.

15.    "Settlement Amount" refers to the agreed settlement amount of Four Million Five Hundred Thousand Dollars ($4,500,000), which is the total amount RadioShack has agreed to pay under this Agreement.  The $4,500,000 Settlement Amount is intended to cover any and all payments made in connection with the Settlement, including the following:  (i) all Settlement Payments; (ii) all Class Representative Enhancements as ordered by the Court and as described in this Agreement; (iii) Plaintiffs' Expenses as ordered by the Court and as described in

5

this Agreement; (iv) Plaintiffs' Attorney's Fees as ordered by the Court and as described in this Agreement; (v) all Settlement Expenses as defined in this Agreement; (vi) all payments for PAGA penalties and (vii) all Settlement Payments which are not claimed, which amounts shall be donated to charity as provided in this Agreement.

16.   "Settlement Expenses" means those expenses paid to effectuate and administer the Settlement, including, but not limited to, all costs incurred by the Claim Administrator, all costs of giving Notice to the Class, all costs of administering and disbursing the Settlement Payments, as approved by the Court.

17.   "Settlement Payment" means the amount to be paid to an individual Authorized Claimant.

18.   "Settlement Period" means June 3, 2003, up to and including October 1, 2009.

19.   "Settlement Proceeds" means the Settlement Amount, less all of the following:  Class Representative Enhancements, Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Settlement Expenses, and seventy-five percent of the amount allocated to PAGA penalties.

## III.   SETTLEMENT TERMS

Plaintiffs and RadioShack hereby agree as follows:

1.   **Scope of Settlement:**

The Settlement described herein will resolve fully and finally all Class Members' Released Claims as described in Section III, Paragraph 3.

2.   **Maximum Consideration**:

Subject to Court approval, and in consideration of the release and settlement described in this Agreement, RadioShack shall pay the Settlement Amount in the manner described in this Agreement.  Payment of the Settlement Amount in the manner described in this Agreement shall be the sole financial obligation of

6

RadioShack.  The Settlement Amount shall be used (1) to satisfy the claims of all Class Members, as specified herein; (2) to satisfy all of Plaintiffs' Expenses; (3) to satisfy all of Plaintiffs' Attorneys' Fees; (4) to satisfy all Class Representative Enhancements; (5) to satisfy all claims for PAGA penalties as specified in this Agreement and (6) to pay all Settlement Expenses.  The Settlement Amount shall be paid in accordance with the terms of this Agreement.  Any Settlement Proceeds not claimed by Class Members under the terms of this Agreement shall be in the nature of cy pres relief and donated to charity as provided in Section III, Paragraph 12(f) of this Agreement.

3.     **Release of Claims by Class Members:**

(a)     For, and in consideration of, the mutual promises contained herein, Plaintiffs and the Class Members fully and finally release, as of the date of preliminary approval of the Settlement, RadioShack, and its parents, subsidiaries, affiliated companies and successors, and all of their respective shareholders, officers, directors, employees, administrators, fiduciaries, trustees, and agents (collectively the "Releasees"), from any and all Released Claims.  For the purposes of this Agreement, "Released Claims" is defined as:

> All claims, demands, rights, liabilities, and causes of action alleged in the Complaint, including (1) any and all claims that RadioShack or any Releasee failed to reimburse the Class Members for mileage and/or other expenses arising from the use of their personal vehicles to carry out ICSTs during the Settlement Period; and (2) any and all claims that RadioShack or any Releasee owes the Class Members any penalties pursuant to the California Private Attorneys General Act of 2004, California Labor Code sections 2699 *et seq.*, interest, attorneys' fees, arising from the claims alleged in the Complaint.

(b)     With respect to the Released Claims defined above, Plaintiffs and the Class Members shall be deemed to have, and by operation of the Final

7

Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code to the extent it is applicable (or any other similar provision under any federal, state or local law to the extent any such provision is applicable). Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of this Agreement, even if Plaintiffs and/or the Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the facts alleged in the Complaint or the Released Claims, each Plaintiff and Class Member, upon the Effective Date, shall be deemed to have and by operation of the Final Judgment shall have, fully, finally, and forever settled and released all of the Released Claims. This is true whether such Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of different or additional facts.

8

4.    **Denial of Liability:**

RADIOSHACK DENIES THAT IT OR ANY OF ITS PARENTS, SUBSIDIARIES OR AFFILIATES OR ANY OTHER RELEASEE HAS ENGAGED IN ANY UNLAWFUL ACTIVITY, FAILED TO COMPLY WITH THE LAW IN ANY RESPECT, OR IS LIABLE TO ANYONE FOR THE CLAIMS ASSERTED IN THE COMPLAINT OR THE LITIGATION.  The Parties expressly acknowledge that this Agreement is entered into for the purpose of compromise of highly disputed claims and that nothing herein is an admission of liability or wrongdoing by RadioShack or any of the Releasees.  Neither this Agreement nor any document prepared in connection with the Settlement may be admitted in any proceeding as an admission by any of the Parties.  However, this paragraph and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted into evidence and otherwise used in any and all proceedings to enforce any term of this Agreement, or in defense of any claims released or barred by this Agreement.

5.    **Approval of Settlement:**

(a)    Plaintiffs shall apply to the Court for approval of the Settlement for purposes of effectuating the Settlement.  The amounts of Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, the Class Representative Enhancements and the Settlement Expenses shall be determined by the Court, and such determination shall be final and binding.  The parties agree that the Court's approval or denial of any amount requested for Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, the Class Representative Enhancements or the Settlement Expenses are not conditions of this Agreement and, except as deemed necessary by the Court, are to be considered by the Court separate from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to an application for Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Class Representative Enhancements or

Settlement Expenses shall not operate to terminate or cancel this Agreement.

(b)     Should the Court decline to approve this Agreement in any material respect, except for the award of Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Class Representative Enhancements, or Settlement Expenses, or fail to dismiss the Litigation with prejudice, RadioShack shall have no obligation to make any payment under this Agreement, and in the event that RadioShack has made any payment, such monies shall be returned promptly to RadioShack (less RadioShack's one-half share of any Settlement Expenses already reasonably incurred by the Claim Administrator; the other one-half share of any Settlement Expenses to be paid by Plaintiffs' counsel).

(c)     **Motion for Preliminary Approval**:  As soon as practicable following execution of this Agreement by the Parties, Plaintiffs shall file a Motion for Preliminary Approval of the Settlement with a Proposed Order Granting Preliminary Approval of the Settlement and the supporting papers.

(d)     **Notice of Class Settlement**:  Following the entry of the Order Granting Preliminary Approval of the Settlement, a Notice, including a Claim Form, substantially in the forms attached hereto as Exhibits A and B, shall be mailed to each Class Member by the Claim Administrator.

(i)     Within thirty (30) calendar days of the date of preliminary approval, RadioShack shall provide the Claim Administrator with the full name, address, telephone number and social security number of each Class Member, as well as the number of weeks worked by each Class Member during the Settlement Period, based upon its records.  This information shall remain confidential and shall not be disclosed by the Claim Administrator to anyone else other than counsel for the Parties and the Court except as required to carry out the Claim Administrator's duties under this Agreement.

10

      (ii)    Within fifteen (15) calendar days following receipt of the information described above, the Claim Administrator shall update the Class Members' addresses through the National Change of Address database (NCOA) or similar methods to ensure the most complete and accurate mailing reasonably possible, based on updated address information reasonably available and mail the Notice and Claim Form to each Class Member via U.S. Mail using the address information provided by RadioShack or a more current address from the NCOA or similar methods to ensure the most complete and accurate mailing reasonably possible, based on updated address information reasonably available.

      (iii)    The Notice shall provide that as a condition of receiving any Settlement Payment, a Class Member must submit a valid and timely Claim Form.  The deadline for returning all Claim Forms shall be forty-five (45) calendar days from the date of mailing by the Claim Administrator.  (This deadline shall be referred to as the "Proof of Claim Deadline").

      (iv)    The Notice shall provide that Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties either a written statement objecting to the Settlement or a written notice of intention to appear at the Final Settlement Hearing and object.  Such written statement or notice must be filed with the Court and served on counsel for the Parties no later than thirty (30) calendar days following the date of mailing of the Notice.  Class Members who fail to file and serve timely written objections or notice of intention to appear and object in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  The Parties agree that neither they nor their counsel will solicit, or otherwise encourage, directly or indirectly, Class Members to object to the Settlement or appeal the Final Judgment.

11

(v)    On the same date the Claim Administrator mails the

Notice and Claim Form to Class Members, the Claim Administrator also shall send

a separate notice to the State of California, in substantially the form attached hereto

as Exhibit C, notifying the Labor and Workforce Development Agency (LWDA)

of the State of California of the Settlement and the amount allocated under this

Agreement for PAGA penalties.  This separate notice shall advise that any notice

of objection to the Settlement by the State of California must be postmarked no

later than thirty (30) calendar days from the date of mailing of the notice to the

State of California.

If a Notice is returned as undeliverable because of an incorrect address, the

Claim Administrator shall conduct a Social Security number search to attempt to

identify a more current address for the Class Member and re-mail the Notice in the

event a more current address is identified.  If a Notice is returned with a

forwarding address, the Claim Administrator shall promptly forward the Notice to

the forwarding address, indicating on the Notice the date it was re-mailed. The

Claim Administrator shall include a list of Notices which were returned and those

which were re-mailed, including the date of each re-mailing, in its regular reports

to counsel for the Parties.  Neither the Proof of Claim Deadline nor the deadline for

filing objections shall not be extended for Class Members whose Notices are re-

mailed pursuant to this paragraph.

(vi)    Neither RadioShack nor Class Counsel shall be

responsible for the loss of, untimely delivery of, or failure to deliver Claim Forms

or Settlement Payments or lost, stolen, damaged or destroyed bank checks

constituting Settlement Payments.

(e)    **Final Settlement Hearing**:  A hearing to determine final

approval of the Settlement shall be conducted subject to the calendar of the Court

("Final Settlement Hearing").  No later than thirty (30) calendar days prior to the

12

Final Settlement Hearing, the Claim Administrator shall provide Plaintiffs' attorneys with a Declaration of Compliance to be filed by Plaintiffs' attorneys with the Court.  No later than twenty (20) calendar days before the Final Settlement Hearing, Plaintiffs shall file a Motion for Final Approval, Memorandum of Points and Authorities in Support of the Settlement, and Motion(s) for Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Class Representative Enhancements and Settlement Expenses.  Upon final approval of the Settlement by the Court, the Parties shall present the proposed Order Approving Class Settlement and Dismissing Class Action with Prejudice and Judgment, substantially in the form attached hereto as Exhibits D and E, to the Court for its approval and entry.

(f)     **Motion for Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses:**  Plaintiffs' attorneys shall file a motion for approval of Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses as set forth above.  Plaintiffs' counsel agree that they will not request more than One Million Five Hundred Thousand Dollars ($1,500,000) for Plaintiffs' Attorneys' Fees.  RadioShack agrees that it will not object to any request for Plaintiffs' Attorneys' Fees which does not exceed One Million Five Hundred Thousand Dollars ($1,500,000).  The Parties agree that they will accept the determination of the Court with respect to the amount of Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses awarded.  Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses shall be paid exclusively from the Settlement Amount.

(g)     **Request for Class Representative Enhancements:**  Plaintiffs Ramon Vargas and Kimberla Means shall be paid a Class Representative Enhancement as determined by the Court.  Plaintiffs' attorneys agree that they will not seek more than Five Thousand Dollars ($5,000) for each of the two class representatives as a Class Representative Enhancement. RadioShack agrees that it will not object to any request for Class Representative Enhancements which does not exceed Five Thousand Dollars ($5,000) to each of the two class

13

representatives. The Parties agree that they will accept the determination of the Court with respect to the amount of the Class Representative Enhancements awarded to the two class representatives. The Court-approved Class Representative Enhancement shall be paid exclusively from the Settlement Amount.

    6.    **Final Order and Judgment:**

Upon final approval of the Settlement, a final Order and Judgment shall be entered by the Court substantially in the forms attached hereto as Exhibits D and E, which shall, among other things:

    (a)    Grant final approval to the Settlement as fair, reasonable, adequate, in good faith and in the best interests of the Class as a whole, and order the Parties to carry out the provisions of this Agreement.

    (b)    Adjudge that the Class Members are conclusively deemed to have released RadioShack and the Releasees as set forth in Section III, Paragraph 3 of this Agreement.

    (c)    Bar and permanently enjoin each Class Member from prosecuting against RadioShack and/or the Releasees any and all of the Released Claims.

    (d)    Reserve continuing jurisdiction as provided herein.

    7.    **Proof of Claim:**

The Claim Form shall inform the Class Members of the Released Claims and of the steps the Class Members must take to obtain a Settlement Payment , including all applicable deadlines. The Claim Form shall provide that the Class Member has the option to request that the Claim Administrator donate his/her Settlement Payment to charity as set forth in Section III, Paragraph 12(f).

If a timely but incomplete or defective Claim Form is received by the Claim Administrator, the Claim Administrator shall, as promptly as reasonably possible,

14

but in no event later than fourteen (14) calendar days after such receipt, notify the Class Member in writing of the defects in the Claim Form, and give the Class Member an additional fourteen (14) calendar days from the date of such written notification to complete any missing information or cure any defect.

  8. **Dispute Procedure:**

   (a) Each Class Member shall be entitled to dispute the number of weeks worked at a RadioShack store in California during the Settlement Period as indicated on the Claim Form.

   (b) Any such dispute must be made in writing and mailed by U.S. mail to the Claim Administrator, postmarked no later than the Claim/Objection Deadline.  Notice of any dispute must specify the grounds for the dispute and include any supporting documentation.  Upon receipt of notice of a dispute, the Claim Administrator shall promptly serve Plaintiffs' counsel and RadioShack's counsel with copies of the notice of dispute and any accompanying supporting documentation.  No notice of dispute shall be effective or considered for any purpose unless it is timely mailed by U.S. mail to and received by the Claim Administrator as provided above.

   (c) RadioShack shall have ten (10) calendar days after the receipt of a notice of dispute to respond and submit any relevant information.

   (d) RadioShack shall have the right to dispute the validity of any Claim Form which RadioShack believes to be fraudulent or to contain inaccurate information.

   (e) All disputes by Class Members to the information contained or submitted on the Claim Form or by RadioShack regarding the validity of a Claim Form, shall be determined by the Claim Administrator.  The decision of the Claim Administrator shall be final, binding and non-appealable. The only disputes by Class Members that shall be permitted are those which dispute the number of

15

weeks worked by a Class Member during the Settlement Period.

In resolving any dispute, the Claim Administrator will review any documentation submitted by the Class Member and by RadioShack and may talk to the Class Member and/or authorized representatives of RadioShack prior to making a decision. The burden shall fall on the person or entity initiating the dispute to produce information and/or documents affirmatively rebutting the information which is disputed. There shall be no discovery conducted under this Agreement.

(f)     All fees and costs charged by the Claim Administrator to resolve disputed claims are Settlement Expenses and shall be deducted from the Settlement Amount.

(g)     The Claim Administrator shall be neutral and unbiased. The Claim Administrator shall render a decision within thirty (30) calendar days after receiving notice of a dispute, but in no event later than thirty (30) calendar days prior to the Final Settlement Hearing.

9.     **Allocation of Settlement Amount:**

The Settlement Amount shall be allocated as follows:

(a)     Sixty Six Thousand Six Hundred Sixty Six Dollars ($66,666) of the Settlement Amount shall be allocated to payment of PAGA penalties. Seventy-five percent of the total amount allocated to PAGA penalties ($50,000) shall be paid to the State of California. Twenty-five percent of the total amount allocated to PAGA penalties ($16,666) shall be included as part of the Settlement Proceeds, and distributed as provided in this Agreement.

(b)     To the extent the Court does not approve the full amount requested by Plaintiffs' counsel for Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Class Representative Enhancements, or Settlement Expenses, the amounts not approved will be included as part of the Settlement Proceeds, and

16

distributed as provided in this Agreement.

   (c) The Settlement Proceeds shall be allocated to the Class Members for the settlement of all Released Claims.  The Settlement Payments shall not be subject to withholding.  Each Authorized Claimant shall be responsible for remitting to federal, state and/or local taxing authorities any applicable taxes which may be owed on his or her Settlement Payment.

  10. **Method of Allocation of Settlement Proceeds:**

  The Parties recognize and agree that the potential damages and penalties in the Litigation are difficult to quantify, and are subject to differing calculations and formulas.  The Parties hereby agree that the formula for allocating the Settlement Proceeds to Class Members provided herein is fair and reasonable.  The Parties have agreed that the distribution to each Class Member submitting a valid and timely claim shall be determined as follows:

   (a) Each Class Member shall be assigned a percentage of the Settlement Proceeds based upon his/her length of employment with RadioShack. Each Class Member's percentage share of the total Settlement Proceeds will be calculated based upon the total number of weeks worked by the Class Member in relation to the total number of weeks worked by all Class Members collectively after resolution of all disputes as set forth in Section III, Paragraph 8.

   (b) The number of weeks worked by each Class Member shall be determined based upon the records of RadioShack, subject to the dispute procedure set forth in Section III, Paragraph 8 of this Agreement.

  11. **Claims Administration:**

  The fees and costs incurred by the Claim Administrator, upon order of the Court shall be paid from the Settlement Amount and shall be considered part of the Settlement Expenses.  Any dispute relating to the Claim Administrator's ability or the manner in which it is performing its duties shall be referred to the Court if it

17

cannot be resolved by the Parties. The Claim Administrator shall regularly and accurately report to the Parties, in writing, the substance of the work it performs, including the amounts payable and paid to Authorized Claimants, and the basis for any denial of a claim. In addition, within five (5) business days after expiration of the time to object, the Claim Administrator shall report to counsel for Plaintiffs the names and contact information of any persons that have not yet submitted a Claim Form and shall furnish additional reports upon request through the conclusion of the claim period.

12.   **Funding and Distribution of Settlement Amount:**

Within twenty (20) calendar days after the Judgment becomes Final, RadioShack will pay to the Claim Administrator the Settlement Amount of $4.5 million ($4,500,000). The Claim Administrator will distribute the Settlement Amount as follows:

(a)   **Payment of Authorized Claims**: The Claim Administrator will pay from the Settlement Proceeds all Authorized Claims, as certified in writing by the Claim Administrator, to include all claims that have not been disputed by the Class Members or RadioShack, and all claims that have been disputed but which have been resolved by the Claim Administrator as set forth in Section III, Paragraph 8. The Claim Administrator shall mail the Settlement Payments to each Authorized Claimant within fifteen (15) business days after receipt of the Settlement Amount by the Claim Administrator.

(b)   **Payment of Court-Approved Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses:** The amount of Court-awarded Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses shall be paid by the Claim Administrator to Plaintiffs' attorneys within fifteen (15) business days after receipt of the Settlement Amount by the Claim Administrator. The check for payment of Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses shall be made payable to Daniels, Fine, Israel, Schonbuch

& Lebovits, LLP and shall be delivered to the offices of Daniels, Fine, Israel, Schonbuch & Lebovits, LLP. Daniels, Fine, Israel, Schonbuch & Lebovits, LLP shall be responsible for disbursement of any Plaintiffs' Attorneys' Fees and Plaintiffs' Expenses to the Law Offices of Stephen Glick and the Law Offices of Ian Herzog. RadioShack shall have no liability for any failure by Daniels, Fine, Israel, Schonbuch & Lebovits, LLP to disburse any of Plaintiffs' Attorneys' Fees or Plaintiffs' Expenses to the Law Offices of Stephen Glick and the Law Offices of Ian Herzog, or for any dispute between Plaintiffs' counsel as to the proper allocation of Plaintiffs' Attorneys' Fees or Plaintiffs' Expenses.

(c) **Payment of Class Representative Enhancements**: The Court-approved Class Representative Enhancements shall be paid by the Claim Administrator to the Law Offices of Stephen Glick within fifteen (15) business days after receipt of the Settlement Amount by the Claim Administrator.

(d) **Payment of PAGA Penalties to State of California:** Seventy-five percent (75%) of the portion of the Settlement Amount allocated to PAGA penalties shall be paid by the Claim Administrator to the Labor Workforce Development Agency of the State of California within fifteen (15) business days after receipt of the Settlement Amount by the Claim Administrator.

(e) **Payment of Settlement Expenses:** Within fifteen (15) business days after receipt of the Settlement Amount, the Claim Administrator shall withdraw the Court-approved Settlement Expenses from the Settlement Amount. The Court-approved Settlement Expenses shall be paid exclusively from the Settlement Amount. The Claim Administrator shall not withdraw the Court-approved Settlement Expenses until it has first distributed all other payments required under this Agreement.

(f) **Payment of Unclaimed and Donated Funds to Cy Pres Charities**: Within fifteen (15) business days after receipt of the Settlement

19

Amount, the Claim Administrator shall pay all unclaimed funds, including unclaimed Settlement Payments from the Settlement Proceeds; and all Settlement Payments which Class Members have indicated on their Proof of Claim Form that they wish to donate to the cy pres charities, to the following cy pres charities as set forth below:

        (i)     Twenty-five percent (25%) shall be donated to City of Hope, 1055 Wilshire Boulevard, 13th Floor, Los Angeles, California 90017. Attention: Mary Koenig;

        (ii)    Twenty-five percent (25%) shall be donated to the American Cancer Society, P.O. Box 22718, Oklahoma City, Oklahoma 73123

        (iii)   Fifty percent (50%) shall be donated to the Lance Armstrong Foundation, 2201 East 6th Street, Austin, Texas 78702.

Donations of those Settlement Payments made by Class Members who indicate on their Proof of Claim Form that they wish to donate their Settlement Payments to the cy pres charities shall be made in the name of each Class Member in the amount of that Class Member's Settlement Payment. All other unclaimed Settlement Proceeds shall be donated in the name of RadioShack.

The Claim Administrator shall provide the Parties with a written report regarding the amount of all unclaimed funds.

The Claim Administrator shall establish an interest bearing account into which shall be placed all Settlement Payments which are returned as undeliverable; and all Settlement Payment checks which are not negotiated within one hundred eighty (180) calendar days after the date they are mailed. If a Settlement Payment check is not negotiated in that period of time, the Settlement Payment check shall be voided.

The Claim Administrator shall provide the Parties with a written report regarding the amount of all undeliverable Settlement Payments and all voided

Settlement Payment checks.

Within two hundred ten (210) calendar days after receipt of the Settlement Amount, the Claim Administrator shall pay the amounts for undeliverable Settlement Payments and those Settlement Payment checks that are not negotiated within 180 calendar days, and any interest earned on such funds to those cy pres charities and in the proportions set forth above in Section III, Paragraph 12(f)(i)-(iii).

13.    **Option to Void Agreement:**

It is understood and agreed by the Parties that the allocation of the Settlement Amount, the formula for the distribution of the Settlement Proceeds, and the procedure for effectuating this Settlement are subject to approval by the Court.  However, if any Court order or action of the Court: (1) requires RadioShack or any other Releasee to pay any portion of the Settlement Amount to any person or entity other than as provided in this Agreement; or (2) requires RadioShack or any other Releasee to pay more than Four Million Five Hundred Thousand Dollars ($4,500,000)  (including all Settlement Payments, PAGA penalties, Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, Settlement Expenses, and Class Representative Enhancements); or (3) diminishes the releases to be obtained by RadioShack; or (4) requires any other change in this Agreement that is materially detrimental to any Party, the Agreement shall be voidable by any Party, by written notice to the attorney of record for the other Parties served in a manner authorized by California Code of Civil Procedure section 1013, no later than thirty (30) calendar days after receipt of notice of entry of any such order or action.

If a Party elects to void this Agreement, or if the Court fails to approve this Agreement, neither RadioShack nor any other Releasee shall have any obligation to make any payments under this Agreement and any payments made by RadioShack or any other Releasee shall be returned promptly to RadioShack with

21

the exception of any Settlement Expenses which are or have been charged by the Claim Administrator, which shall be paid one-half by RadioShack and one-half by Plaintiffs.  Under no circumstances shall RadioShack nor any other Releasee be responsible to pay any of Plaintiffs' Attorneys' Fees, Plaintiffs' Expenses, or the Class Representative Enhancements.

    14.   **Media Contact:**

The Parties and their counsel agree that they will not directly or indirectly issue any press release, hold any press conference, make any posting on any web site, instant messaging site, blog, or social networking site, initiate any contact with any members of the news media, including, but not limited to, any radio or television stations, newspapers, or magazines regarding the Litigation or this Settlement.  Nothing herein shall prohibit Plaintiffs' counsel from communicating directly with their clients and Class Members.

Plaintiffs' counsel may post general information concerning the Litigation and the Settlement on their firms' web sites, provided such information is a direct quote or paraphrase of the settlement documents filed with and/or approved by the Court.  Plaintiffs' counsel also may post the settlement documents on their firm web sites.

Either party may issue a press release or communicate with the media concerning the donation of funds to the designated charities concurrent with or following the release of such funds by the Claim Administrator.  Any such communication may reference the Litigation, but neither party may make any additional comment or respond to any questions concerning the Litigation or the Settlement.

In the event any Party believes that a statement has been made in violation of this provision, counsel for the Parties shall meet and confer informally in an attempt to resolve the dispute.  If any such dispute cannot be resolved informally,

the matter will be submitted to Hon. Joseph C. Spero, Magistrate Judge for the United States District Court, Northern District of California, (the "Arbitrator") for resolution. In such proceeding, the Arbitrator, may grant a Cease and Desist Order but shall have no authority to make any damages award. The decision of the Arbitrator will be final and binding.

15.   **No Effect On Other Benefits:**

RadioShack will not use the Settlement Payments for determination of eligibility for, or calculation of, any other employee benefits (e.g., retirement, deferred compensation, vacation) of Plaintiffs or any Class Member, and RadioShack will not modify Plaintiffs' or any Class Member's previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by RadioShack on account of the Settlement Payments.

16.   **Notices:**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the fifth day after mailing by United States mail, addressed as follows:

**To Plaintiffs' Counsel:**

Stephen Glick
Law Offices of Stephen Glick
1055 Wilshire Boulevard,
Suite 1480
Los Angeles, California 90017

**To RadioShack's Counsel:**

Andrew M. Paley
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067

23

17. **Entire Agreement:**

After this Agreement is fully executed by all Parties and their attorneys of record, this Agreement shall constitute the entire agreement relating to Settlement of the Litigation and the causes of action asserted therein. The Parties and their counsel agree that there have been no oral representations, warranties or inducements made to any party concerning this Agreement other than the representations, warranties and covenants expressly stated in the Agreement.

18. **Authorization:**

Plaintiffs' attorneys warrant and represent that they are authorized by Plaintiffs, and the attorneys of record for RadioShack warrant and represent that they are authorized by RadioShack, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement or this Agreement, or on any supplemental provisions that may become necessary to effectuate the Settlement or this Agreement, the Parties agree to seek the assistance of the Court.  However, in all cases all such documents and supplemental provisions shall be consistent with this Agreement.

19. **Jurisdiction:**

The Court shall have continuing jurisdiction to with respect to implementation and enforcement of the terms of the Settlement Agreement, except for issues to be resolved by the Claim Administrator as provided herein, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement and addressing such post-

24

Judgment matters as may be appropriate under court rules or applicable law. Except where the context indicates otherwise, references to the Court shall also include any other court that may assume jurisdiction of the Litigation, or any to whom the Court has referred the matter.

20.    **Modification:**

This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

21.    **Successors:**

This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties.

22.    **California Law:**

All terms of this Agreement and its Exhibits shall be governed by and interpreted according to the laws of the State of California and the Rules applicable to the Court approving the Settlement, without giving effect to any conflict of law principles or choice of law principles.

23.    **Representation by Counsel:**

The Parties have each been represented by counsel and have cooperated in the drafting and preparation of this Agreement. This Agreement shall not be construed against any party on the basis that the party was the drafter or participated in the drafting.

24.    **Counterparts:**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Agreement.

25.  **Integration Clause**:

The Agreement, including exhibits attached hereto, constitutes the complete, final and exclusive embodiment of the entire agreement between the Plaintiffs and Class Members, on one hand, and RadioShack, on the other hand, with respect to the subject matter hereof.  No representations, warranties, or inducements have been made to any party concerning the Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

26.  **Interpretation of the Stipulation:**

The Agreement will be interpreted and enforced under the laws of the State of California.  The parties agree that the terms and conditions of the Agreement are the result of lengthy, intensive arms-length negotiations between the parties. Accordingly, it is agreed that no rule of construction will apply against any party or in favor of any party, and any uncertainty or ambiguity will not be interpreted against one party and in favor of the other.

27.  **Reasonableness of Settlement:**

The Parties believe that this is a fair, reasonable and adequate Settlement and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

28.  **Return of Documents:**

Within thirty (30) calendar days after the Judgment becomes Final and all payments required under this Agreement have been made, Plaintiffs' attorneys shall, upon written demand by RadioShack's attorneys, return all documents received from RadioShack in the course of this Litigation except correspondence, pleadings, electronic mail messages and discovery responses but including all documents received from RadioShack setting forth ICST data, and destroy all notes of any such documents.  No copies of any such documents shall be retained.

29.    **Headings:**

The headings contained in this Agreement are for reference only and are not to be construed as a part of the Agreement.

30.    **Named Plaintiffs' Waiver of Right to Object:**

By signing this Agreement, Plaintiffs Ramon Vargas and Kimberla Means agree to be bound by its terms and agree not to object to any of the terms of the Agreement or the Settlement. Any objection to the terms of the Agreement or the Settlement shall be void and of no force and effect.

31.    **Failure to Timely Pay:**

In the event RadioShack fails to timely pay or fund any amount deemed to be owing pursuant to this Agreement, Plaintiffs may present this matter to the Court for any remedy the Court deems appropriate.

Dated: _____, 2010          By:_____
                                          Name
                                          Title
                                          RadioShack Corporation

Dated: 8-2-18 /, 2010          By:_____
                                          Ramon Vargas

Dated: _____, 2010          By:_____
                                          Kimberla Means

27

29.  **Headings:**

The headings contained in this Agreement are for reference only and are not to be construed as a part of the Agreement.

30.  **Named Plaintiffs' Waiver of Right to Object:**

By signing this Agreement, Plaintiffs Ramon Vargas and Kimberla Means agree to be bound by its terms and agree not to object to any of the terms of the Agreement or the Settlement. Any objection to the terms of the Agreement or the Settlement shall be void and of no force and effect.

31.  **Failure to Timely Pay:**

In the event RadioShack fails to timely pay or fund any amount deemed to be owing pursuant to this Agreement, Plaintiffs may present this matter to the Court for any remedy the Court deems appropriate.


Dated: _____, 2010          By:_____
                                     Name
                                     Title
                                     RadioShack Corporation


Dated: _____, 2010          By:_____
                                     Ramon Vargas


Dated: _2-19_____, 2010           By:_____
                                     Kimberla Means


27

Dated: _2 - 1 9 - 10_, 2010          LAW OFFICES OF STEPHEN GLICK

By:_____
          Stephen Glick
Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010          DANIELS, FINE, ISRAEL,
                                        SCHONBUCH & LEBOVITS, LLP


By:_____
          Scott A. Brooks
Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010          LAW OFFICES OF IAN HERZOG


By:_____
          Ian Herzog
Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010          SEYFARTH SHAW LLP


By:_____
          Andrew M. Paley
Attorneys for DEFENDANT
RADIOSHACK CORPORATION


28

Dated: _____, 2010          LAW OFFICES OF STEPHEN GLICK

                                       By:_____
                                            Stephen Glick
                                       Attorneys for PLAINTIFFS and CLASS


Dated: Febuary 22, , 2010              DANIELS, FINE, ISRAEL,
                                       SCHONBUCH & LEBOVITS, LLP

                                       By:_____
                                            Scott A. Brooks
                                       Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010          LAW OFFICES OF IAN HERZOG

                                       By:_____
                                            Ian Herzog
                                       Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010          SEYFARTH SHAW LLP

                                       By:_____
                                            Andrew M. Paley
                                       Attorneys for DEFENDANT
                                       RADIOSHACK CORPORATION


28

29. **Headings:**

The headings contained in this Agreement are for reference only and are not to be construed as a part of the Agreement.

30. **Named Plaintiffs' Waiver of Right to Object:**

By signing this Agreement, Plaintiffs Ramon Vargas and Kimberla Means agree to be bound by its terms and agree not to object to any of the terms of the Agreement or the Settlement. Any objection to the terms of the Agreement or the Settlement shall be void and of no force and effect.

31. **Failure to Timely Pay:**

In the event RadioShack fails to timely pay or fund any amount deemed to be owing pursuant to this Agreement, Plaintiffs may present this matter to the Court for any remedy the Court deems appropriate.


Dated: _____, 2010        By: _____
                                    Name Robert C. Donohoo
                                    Title VP, General Counsel + Corp. Sec.
                                    RadioShack Corporation


Dated: _____, 2010        By: _____
                                        Ramon Vargas


Dated: _____, 2010        By: _____
                                        Kimberla Means


27

Dated: _____, 2010     LAW OFFICES OF STEPHEN GLICK

                                  By:_____
                                       Stephen Glick
                                  Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010     DANIELS, FINE, ISRAEL,
                                  SCHONBUCH & LEBOVITS, LLP

                                  By:_____
                                       Scott A. Brooks
                                  Attorneys for PLAINTIFFS and CLASS


Dated: _2/22/10_____, 2010     LAW OFFICES OF IAN HERZOG

                                  By:_____
                                       Ian Herzog
                                  Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010     SEYFARTH SHAW LLP

                                  By:_____
                                       Andrew M. Paley
                                  Attorneys for DEFENDANT
                                  RADIOSHACK CORPORATION

28

Dated: _____, 2010        LAW OFFICES OF STEPHEN GLICK

                                     By:_____
                                        Stephen Glick
                                     Attorneys for PLAINTIFFS and CLASS


Dated: _February 22,_____, 2010      DANIELS, FINE, ISRAEL,
                                     SCHONBUCH & LEBOVITS, LLP

                                     By:_____
                                        Scott A. Brooks
                                     Attorneys for PLAINTIFFS and CLASS


Dated: _____, 2010        LAW OFFICES OF IAN HERZOG

                                     By:_____
                                        Ian Herzog
                                     Attorneys for PLAINTIFFS and CLASS


Dated: _February 22_____, 2010       SEYFARTH SHAW LLP

                                     By:_____
                                        Andrew M. Paley
                                     Attorneys for DEFENDANT
                                     RADIOSHACK CORPORATION


28

**EXHIBIT A**

# NOTICE OF PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

*Stuart v. Radioshack corporation*

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA CASE NO. C-07-04499

**If you were employed by RadioShack in the State of California, at any time from June 3, 2003, to October 1, 2009, and drove your personal vehicle to and from a RadioShack store to perform an Inter Company Stock Transfer and were not reimbursed for mileage, you could be entitled to a payment from a class action settlement.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

♦ The Court has granted preliminary approval of a proposed settlement of a class action lawsuit. The settlement will provide money to pay claims by RadioShack employees in the State of California who were not reimbursed for mileage expenses when they used their personal vehicles to perform Inter Company Stock Transfers ("ICSTs").

♦ .The settlement includes all claims for mileage expenses, interest, penalties, attorney's fees and costs, and provides for the payment of incentive awards to the representative plaintiffs.

♦ This Notice is to advise you of how you can (1) submit a claim for a portion of the settlement monies, (2) donate your share of the settlement to selected charities, (3) object to the proposed settlement, or (4) ask to speak to the Court about the settlement. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to receive a payment. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no payment. Give up the right to bring your own claim. Your share of the settlement will be donated to charities selected by RadioShack and Plaintiffs (The American Cancer Society, |

| | The City of Hope and The Lance Armstrong Foundation). |
|---|---|

♦These rights and options—**and the deadlines to exercise them**—are explained in this notice.

♦The Court in charge of this case still has to decide whether to give final approval to the settlement.  Payments will be made only if the Court gives final approval to the settlement and after appeals are resolved (if any).  Please be patient.

## BASIC INFORMATION

| | |
|---|---|
| 1. | What are the critical dates? |

**_____:   The last date to sign, complete and mail the enclosed Claim Form to receive a share of the Settlement.  The Claim Form should be mailed to the Claim Administrator:**

**Simpluris, Inc.**
**3176 Pullman Street, Suite 123**
**Costa Mesa, CA 9262**

**Your Claim Form <u>must</u> be postmarked by this date.  You should send your claim by certified mail, or overnight delivery, or keep proof of when you mailed it.  If your claim is lost and you do not have proof that you mailed it on time, your claim may be denied.**

**_____:   The last date to mail any written objections to the Settlement.**

**_____:   The date of the Court hearing to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court.**

| | |
|---|---|
| 2. | Why should I read this Notice? |

This Notice is given pursuant to an Order by the Court dated _____.  The purpose of this Notice is to inform you that a settlement of a class action lawsuit has been reached between the Plaintiffs and RadioShack. The settlement covers all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to October 1, 2009 (the "Settlement Period"), who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who were not reimbursed

for mileage, and who did not opt out of the lawsuit in response to the Notice of Class Certification mailed in July, 2009. If the Settlement is approved by the Court, it will result, among other things, in (a) a distribution of money to Class Members who timely submit a Claim Form, and (b) the dismissal of the lawsuit and the release of certain potential or actual claims which Class Members may have against RadioShack. This Notice is designed to advise you of how you can participate in the settlement.

| 3. | What is this lawsuit about? |
|----|----------------------------|

On June 7, 2007, Richard Stuart filed a Complaint against RadioShack alleging that RadioShack failed to compensate employees for the mileage they incurred while using their personal vehicles to carry out ICSTs. The lawsuit alleges claims of failure to reimburse for mileage (California Labor Code section 2802) and violation of the Unfair Competition Law (California Business & Professions Code sections 17200 et seq.). On July 27, 2007, Richard Stuart filed a First Amended Complaint, which added a claim for recovery of penalties under the Labor Code Private Attorneys General Act of 2004 (California Labor Code sections 2699 *et seq*) ("PAGA"). Mr. Stuart passed away and the Court approved the appointment of Kimberla Means and Raymond Vargas to replace Mr. Stuart as the Class Representatives. RadioShack has denied Plaintiffs' allegations and contends that it has at all relevant times complied with California law, and specifically complied with the law relating to reimbursement of expenses. However, instead of going to trial, the parties have agreed to a proposed settlement. On _____, 2010, the Court granted preliminarily approval of the settlement and approved this Notice and set _____, 2010 as the date for a hearing on whether to grant final approval of the settlement.

| 4. | Is there any money available now? |
|----|-----------------------------------|

If the Court approves the proposed settlement, then Class Members who submit a timely and valid claim will be entitled to a portion of the settlement. Those Class Members will be mailed their portion of the settlement several months after the Court approves the settlement.

## WHO IS IN THE CLASS?

You need to decide whether you are affected by this lawsuit.

| 5. | Am I part of the Class? |
|----|-------------------------|

LA1 6926252.2

The Court decided that the Class includes all persons employed by RadioShack within the State of California, at any time from June 3, 2003, to October 1, 2009, who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage. If you opted out of this lawsuit in response to the Notice of Class Certification sent in July 2009, then you are not a Class Member.

| | |
|---|---|
| 6. | Which current and former employees are included? |

Both current and former employees who worked in RadioShack stores in California at any time from June 3, 2003, to October 1, 2009, and who drove their personal vehicles to and from RadioShack stores to perform an ICST and were not reimbursed for mileage are included, unless they opted out of this lawsuit in response to the Notice of Class Certification sent in July 2009.

| | |
|---|---|
| 7. | Are any people who worked for RadioShack not included in the Class? |

If you never worked at a RadioShack store in California or you only worked at a RadioShack store in California before June, 3, 2003, or after October 1, 2009, you are NOT a Class Member. If you opted out of this lawsuit in response to the Notice of Class Certification sent in July 2009, you are NOT a Class Member. If you never performed an ICST in California using your personal vehicle between June 3, 2003, and October 1, 2009, you are NOT a Class Member.

| | |
|---|---|
| 8. | I'm still not sure if I am included. |

If you are still not sure whether you are included, you can get free help by calling or writing to the lawyers in this case, at the phone number or address listed in Question 17.

## THE SETTLEMENT

The parties have agreed on a proposed settlement of which the Court has granted preliminary approval.

| | |
|---|---|
| 9. | What does the settlement provide? |

The total settlement to be paid by RadioShack will be four million and five hundred thousand dollars ($4,500,000.00). This payment is "all inclusive," including but not limited to, all payments to Class Members, penalties, attorney's fees, costs, interest, and incentive payments.

The Claim Administrator, a neutral third party, will disburse the settlement fund. The settlement administrative costs, incentive awards to the Class Representatives, civil penalties payable to the State of California pursuant to Labor Code section 2699, attorney's fees and costs shall be subtracted from the total settlement amount. The funds remaining after payment of these amounts are designated as the "Settlement Proceeds," which is the amount available for distribution to Class Members. Any unclaimed monies will be paid to the following three charities: City of Hope, American Cancer Society and the Lance Armstrong Foundation.

As explained in Question 10 below, the calculation of each Class Member's share of the Settlement Proceeds will be determined by assigning a percentage of the Settlement Proceeds based upon his/her length of employment with RadioShack. Each Class Member's percentage share of the total Settlement Proceeds will be calculated based upon the total number of weeks worked by the Class Member in relation to the total number of weeks worked by all Class Members collectively.

The number of weeks worked by each Class Member shall be determined based upon the records of RadioShack. Class Members shall be entitled to dispute the information on the Claim Form, but only as to the number of weeks worked. An explanation of the basis for any objection, along with copies of any supporting documents, must be provided to the Claim Administrator with the Class Member's Claim Form. RadioShack will have an opportunity to respond to each Class Member's objection. The Claim Administrator will decide each objection based on the information provided, and the Claim Administrator's decision shall be final, binding and non-appealable.

Subject to Court approval, Plaintiffs Ramon Vargas and Kimberla Means may be paid an Incentive Award for their services as Class Representatives. Class counsel intend to ask the Court for an Incentive Award of $5,000 each for Vargas and Means. The parties agree to be bound by the Court's determination as to the appropriate Class Representative Incentive Awards. The Court also will be asked to approve fees for the third-party Claim Administrator who will administer and effectuate the settlement. Further, attorneys for the Class ("Class Counsel") will seek an award of attorney's fees from the Court in the amount of $1,500,000, as well as reimbursement of their costs incurred in the prosecution of the lawsuit. Finally, the parties have agreed to allocate $66,666 to satisfy Plaintiffs' claims for PAGA penalties, 25% of which shall be payable to the Class Members ($16,666), and 75% of which shall be payable to the State of California ($50,000). The amounts paid for attorney's fees, Incentive Awards, Claim Administration fees, penalties payable to the State of California, and all costs shall be deducted from the total settlement amount of $4,500,000 available for cash payments to Class Members. The final decision regarding the amount of attorney's fees, costs, Claim Administration fees, penalties payable to the State of California and Incentive Awards which will be paid is subject to the discretion and approval of the Court.

If you participate in the settlement, you will be releasing certain claims against RadioShack. The scope of the release and waiver that Class Members are providing to RadioShack is important, and the full text of that release is attached as an Appendix to this Notice. In summary, if the settlement is approved by the Court, the scope of the release and waiver is as follows:

> Plaintiffs and the Class Members fully and finally release, as of the date of preliminary approval of the Settlement, RadioShack, and its parents, subsidiaries, affiliated companies and successors, and all of their respective shareholders, officers, directors, employees, administrators, fiduciaries, trustees, and agents (collectively the "Releasees"), from any and all Released Claims. For the purposes of the Settlement Agreement, "Released Claims" is defined as:

> All claims, demands, rights, liabilities, and causes of action alleged in the Complaint, including (1) any and all claims that RadioShack or any Releasee failed to reimburse the Class Members for mileage and/or other expenses arising from the use of their personal vehicles to transfer merchandise between stores during the Settlement Period; and (2) any and all claims that RadioShack or any Releasee owes the Class Members any penalties pursuant to the California Private Attorneys General Act of 2004, California Labor Code Sections 2699 et seq., or any interest, costs or attorneys' fees arising from the claims alleged in the Complaint.

This summary is for your convenience only. The full scope of the release and waiver is governed by the terms of the Settlement Agreement.

| 10. | What can I get from the settlement? |
|---|---|

At this time it is not possible to precisely determine how much money you will receive if you submit a timely and valid claim form. Your share of the settlement will depend upon how many weeks you worked for RadioShack at a retail store in California between June 3, 2003 and October 1, 2009. The enclosed Claim Form shows what RadioShack's records reflect as the number of weeks you worked during the Settlement Period. Once all of the claims are submitted, then any Court-approved Class Representative Incentive Awards, attorneys' fees and costs, claim administration costs, and penalties payable to the State of California will be subtracted from the $4,500,000 settlement amount. The money that remains after payment of these expenses will be the "Settlement Proceeds," which is the amount available for distribution among all Class Members who submit proper and timely claim forms. Each Class Member's share of the Settlement Proceeds will be calculated in the following manner:

The Claim Administrator will review the valid claim forms submitted by Class Members to determine the combined number of work weeks that all Class Members worked for RadioShack in California from June 3, 2003 through October 1, 2009.

For each Class Member who files a timely and proper Claim Form, the Claim Administrator will determine an Individual Settlement Amount.  The Individual Settlement Amount is the amount of money that will be paid a Class Member.  The Individual Settlement Amount will depend upon the number of weeks a Class Member worked from June 3, 2003 through October 1, 2009 and will be calculated according to the following formula:

First, to arrive at the Settlement Proceeds, the Claim Administrator shall reduce the total settlement amount of $4,500,000 by deducting any Court-approved (a) attorneys' fees, costs and expenses of litigation, (b) Class Representative Incentive Awards, (c) all fees to be paid to the Claim Administrator, and (d) PAGA penalties to be paid to the State of California.  The remaining funds will be the Settlement Proceeds.

Second, the Claim Administrator will divide the Settlement Proceeds by the total number of work weeks worked by all Class Members in California during the Settlement Period.  The Individual Settlement Amount for each Class Member who files a timely and proper Claim Form will then be calculated by multiplying this amount by the number of  weeks worked by the Class Member in California during the Settlement Period.

Each Class Member who submits a valid Claim Form postmarked on or before _____, 2010, will be entitled to receive his or her share of the settlement, determined in the manner described above.  The Class Member will be issued a Form 1099, and will be solely responsible for paying any taxes owed on this amount.

| 11. | What are the released claims? |
| --- | --- |

The scope of the release and waiver that Class Members are providing to RadioShack is important, and the full text of that release is attached as an appendix to this Notice.  In summary, if the settlement is granted final approval by the Court, the scope of the release and waiver is as follows:

Plaintiffs and the Class Members fully and finally release, as of the date of preliminary approval of the Settlement, RadioShack, and its parents, subsidiaries, affiliated companies and successors, and all of their respective shareholders, officers, directors, employees, administrators, fiduciaries, trustees, and agents (collectively the "Releasees"), from any and all Released Claims.  For the purposes of the Settlement Agreement, "Released Claims" is defined as:

All claims, demands, rights, liabilities, and causes of action alleged in the Complaint, including (1) any and all claims that RadioShack or any Releasee failed to reimburse the Class Members for mileage and/or other expenses arising

from the use of their personal vehicles to transfer merchandise between stores during the Settlement Period; and (2) any and all claims that RadioShack or any Releasee owes the Class Members any penalties pursuant to the California Private Attorneys General Act of 2004, California Labor Code Sections 2699 et seq., or any interest, costs or attorneys' fees arising from the claims alleged in the Complaint.

This summary is for your convenience only. The full scope of the release and waiver is governed by the terms of the Settlement Agreement.

## HOW TO SUBMIT A CLAIM FORM

You have to decide whether to participate in the settlement or to object to the proposed settlement, and you have to decide this now.



| 12. | How can I receive my portion of the settlement? |
|-----|--------------------------------------------------|

A Claim Form is attached to this Notice of Preliminary Approval of Settlement and Final Approval Hearing. If you want to participate in this settlement, you must fill out and return this Claim Form to the Claim Administrator no later than _____2010. You should read the instructions on the Claim Form carefully, make sure the information on it is correct, provide any requested information, and mail it to the address provided on the Claim Form so it is postmarked no later than _____, 2010. If you do not send it in on time, then your claim may be denied. **Class Members are strongly urged to send the Claim Form via certified or registered mail (or via overnight delivery) and retain the original receipt provided by the mail or overnight delivery carrier. If the Claim Administrator does not receive your Claim Form, does not or receive it on time, then you will need to provide the original receipt of mailing in order to prove that you filed your claim and that you filed it on time.**

Only Class Members who submit a timely and proper Claim Form will be eligible to receive an Individual Settlement Amount.

If this notice was sent to you at your current address, you do not have to do anything further to receive any further notices concerning this case. If this notice was forwarded by the postal service, or if it was otherwise sent to you at an address that is not current, or if you have changed your address, then you should immediately send a letter to the Claim Administrator stating your name and past and current addresses.

The Claim Administrator's address is:

LA1 6926252.2

Simpluris, Inc.
3176 Pullman Street, Suite 123
Costa Mesa, CA XXXXX

Tel. [INSERT]

If you lose, misplace or need another Claim Form, you should contact the Claim Administrator immediately for a replacement. You are responsible to maintain a photocopy of your fully completed Claim Form and the original record showing proof of timely mailing.

---

**13.     If the settlement is approved, when will I receive my share of the settlement amount and how much will my share be?**

---

The Court has scheduled a Final Approval Hearing on _____, 2010 at _____ a.m. in Courtroom C of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102,at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to Class Members; and (2) whether the applications for the Class Representatives' Incentive Awards, attorneys' fees and costs should be approved. If the Court approves the settlement, an order granting final approval will be entered. It is neither required nor necessary that you attend the Final Approval Hearing.

Once the order granting final approval is signed by the Court, and if there is no appeal of the Court's order, then checks will be mailed out to the Class Members within approximately XX__ days. If an appeal is filed then distributions will be delayed until after final resolution of the appeal.

---

**14.     What happens if I do nothing at all?**

---

By doing nothing you will lose any right you have to participate in the settlement. You will also lose your right to object. In addition, you will be deemed to have waived any right you might have had to sue RadioShack concerning the legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court and judgments the Court makes in this class action. For further information you can speak with the attorneys in this case listed in Question 17.

LAI 6926252.2

## OBJECTING TO THE SETTLEMENT

| | |
|---|---|
| 15. | Why would I ask to object? |

If you think that the proposed settlement is unfair, inadequate or unreasonable, you can object to the proposed settlement. You may object and also submit a Claim Form. If you object and submit a valid Claim Form and the Court approves the settlement, you will be entitled to your share of the Settlement Proceeds. If you object and do not also timely submit a valid Claim Form, and if the Court approves the proposed settlement, then you will not receive a share of the Settlement Proceeds. In either case, you will be bound by the terms of the Release set forth in Question 11.

| | |
|---|---|
| 16. | How do I ask the Court to object? |

If you want to object to the settlement, the amount of attorneys' fees, costs and expenses claimed by Class Counsel, or the Incentive Awards for the Class Representatives, you must send the Court a notice of intention to appear, along with any papers for the Court to consider, and you must mail or personally deliver copies of those papers to the attorneys listed below no later than **[DATE]**.

All objections should be sent to the Clerk of Court at:

> United States District Court
> 450 Golden Gate Avenue
> San Francisco, California 94102

Copies of all documents filed with the Clerk of Court also must be sent to the following:

Class/Plaintiffs' Counsel:                    Defendant's Counsel:

    Scott A. Brooks                         Andrew M. Paley
    Daniels, Fine, Israel, Schonbuch &      Seyfarth Shaw LLP
    Lebovits, LLP                           2029 Century Park East, Suite 3500
    1801 Century Park East, 9th Floor       Los Angeles, CA 90067
    Los Angeles, CA 90067

If you object in the manner provided above, then you or your attorney may appear at the Final Approval Hearing, currently set for [INSERT DATE AND TIME] in Courtroom C of the United States District Court of the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California to present any arguments concerning the fairness, reasonableness and adequacy of the settlement, or to the application for the Class Representative Incentive Awards, or the award of attorneys' fees, costs and expenses. However, if you do not object in the manner provided above, your objection will be considered waived and you will not be able to make any other or later objection to the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees, costs and expenses, or the Class Representative Incentive Awards.

If you intend to object to the settlement, but wish to receive your share of the Settlement Proceeds, you must also timely file your Claim Form as stated above. If the Court approves the settlement despite any objections, and you do not have a timely Claim Form on file, you will not receive your share of the Settlement Proceeds.

## THE LAWYERS REPRESENTING YOU

| 17. | Do I have a lawyer in this case? |
|---|---|

The Court decided that the following lawyers are qualified to represent you and all Class Members:

Stephen Glick
Law Offices of Stephen
Glick
1055 Wilshire Blvd.
Suite 1480
Los Angeles, CA  90017

Paul R. Fine
Scott A. Brooks
Daniels, Fine, Israel,
Schonbuch & Lebovits
1801 Century Park East
9th Floor
Los Angeles, CA  90067

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Boulevard
Suite 550
Santa Monica, California
90401

Together the law firms are called "Class Counsel."  They are experienced in handling similar cases against other employers.  More information about these law firms, their practices, and their lawyers' experience is available at www.glicklegal.com and www.dfis-law.com.

| 18. | Should I get my own lawyer? |
| --- | --- |

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| 19. | How will the lawyers be paid? |
| --- | --- |

Class Counsel will ask the Court for fees and expenses. You won't have to pay these fees and expenses.  If the Court grants Class Counsels' request, the fees and expenses will be deducted from the total settlement amount.

## Getting More Information

| 20. | Are more details available? |
| --- | --- |

You can view any of the documents on file with the Court in this lawsuit, including the Complaint and the Court's Order certifying the class at the Office of the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California from 9:00 a.m. to 1:00 p.m., Monday through Friday.  You will need to

LA1 6926252.2

ask the Clerk to view the file for the lawsuit *Stuart v. RadioShack Corp.*, Civil Action No. C-07-4499 EMC.  You may also contact one of the lawyers by calling or writing them at the telephone numbers and addresses listed under Question 17.

## APPENDIX TO NOTICE OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IN
### *STUART v. RADIOSHACK CORPORATION*

The full scope of the release and waiver that Class Members are providing to RadioShack is set forth in Section III, Paragraph 3 of the Settlement Agreement. Those provisions are as follows:

**3.      Release of Claims by Class Members:**

(a)      For, and in consideration of, the mutual promises contained herein, Plaintiffs and the Class Members fully and finally release, as of the date of preliminary approval of the Settlement, RadioShack, and its parents, subsidiaries, affiliated companies and successors, and all of their respective shareholders, officers, directors, employees, administrators, fiduciaries, trustees, and agents (collectively the "Releasees"), from any and all Released Claims. For the purposes of this Agreement, "Released Claims" is defined as:

All claims, demands, rights, liabilities, and causes of action alleged in the Complaint, including (1) any and all claims that RadioShack or any Releasee failed to reimburse the Class Members for mileage and/or other expenses arising from the use of their personal vehicles to transfer merchandise between stores during the Settlement Period; and (2) any and all claims that RadioShack or any Releasee owes the Class Members any penalties pursuant to the California Private Attorneys General Act of 2004, California Labor Code sections 2699 et seq., interest, attorneys' fees, arising from the claims alleged in the Complaint.

(b)      With respect to the Released Claims defined above, Plaintiffs and the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code to the extent it is applicable (or any other similar provision under any federal, state or local law to the extent any such provision is applicable). Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of this Agreement, even if Plaintiffs and/or the Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the facts alleged in the Complaint or the Released Claims, each Plaintiff and Class Member, upon the Effective Date, shall be deemed to have and by operation of the Final Judgment shall have, fully, finally, and forever settled and released all of the Released Claims. This is true whether such Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of different or additional facts.

LA1 6926252.2

**EXHIBIT  B**

## CLAIM FORM
### Stuart v. RadioShack Corporation
United States District Court for the Northern District of California Case No. C-07-04499

### THIS FORM MUST BE COMPLETED AND POSTMARKED NO LATER THAN [__].

## I.  CLAIMANT IDENTIFICATION

|||||||||||||||||||||||||||||| Claim #: 123456-7

&lt;&lt;First&gt;&gt; &lt;&lt;Last&gt;&gt;
&lt;&lt;Address1&gt;&gt;
&lt;&lt;Address2&gt;&gt;
&lt;&lt;City&gt;&gt; &lt;&lt;State&gt;&gt; &lt;Zip&gt;&gt;

Please Make any Name/Address Corrections Below:

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Daytime Telephone Number*

( ___ ___ ___ ) ___ ___ ___ - ___ ___ ___ ___
*Evening Telephone Number*

## II.  YOUR TIME IN JOB ACCORDING TO RADIOSHACK'S RECORDS:

According to payroll records maintained by RadioShack, between June 3, 2003 and October 1, 2009 (the "Recovery Period") you were employed by RadioShack in the State of California as a retail store employee for a total of **xxxx** weeks (excluding leaves of absence).

## III. IF YOU DISPUTE THE INFORMATION ABOVE:

Please complete this Section III only if you disagree with the information listed in Section II above.  If you do not dispute the information listed above then skip to Section IV.  By submitting this Claim Form based on the information in Section II, you agree that it is accurate, and waive any right to challenge its accuracy later.

1.  If you believe that the number of weeks you worked as a retail store employee during the Recovery Period as listed in Section II is incorrect, please write the number of weeks you believe to be correct in this space:  _____

2.  If you dispute the total number of workweeks above, please attach to this Claim Form any records in your possession that you believe support the number of weeks you have indicated above (such as pay stubs, employment records, etc.)  Please be advised that the number of weeks set forth in Section II  is presumed to be correct unless the documents you submit establish that the number is incorrect.

3.  If you dispute the total number of workweeks above, the dispute will be resolved as provided in Section III, Paragraph 8 of the Settlement Agreement.  RadioShack will be given the opportunity to respond to your dispute.  The Claim Administrator will review the information provided by you and by RadioShack and issue a final, non-appealable decision.

## IV.  ESTIMATED SETTLEMENT PAYMENT

Based on the number of weeks you were employed during the Recovery Period as set forth above, and assuming the Court approves Plaintiffs' counsel's requests for Plaintiffs' Attorney's Fees and Expenses, Class Representative Enhancements and Settlement Expenses, your estimated Settlement Payment is $_____.  Please note, this is only an estimate.  Your actual Settlement Payment may vary depending on several factors, including whether the Court approves the terms of the Settlement Agreement and the amounts requested by Plaintiffs' counsel for Plaintiffs' Attorney's Fees and Expenses, Class Representative Enhancements and Settlement Expenses.

## V. MAILING YOUR CLAIM FORM:

If you wish to file a claim, you must complete and mail the **original** of this Claim Form, signed under penalty of perjury and postmarked no later than **[insert date]**, to:

By U.S. Mail:

    Claim Administrator
    *Stuart v. RadioShack Corporation.*
    c/o Simpluris
    P.O. _____
    Irvine, CA _____

By Commercial Carrier (e.g., FedEx) or
In Person:
    Claim Administrator
    *Stuart v. RadioShack Corporation*
    c/o Simpluris
    _____
    Irvine, CA ____

## VI. VOLUNTARY DONATION OF SETTLEMENT PAYMENT

If you wish, you may voluntarily donate your individual Settlement Payment to the charities designated in the Settlement Agreement. If you elect to donate your Settlement Payment to the charities designated in the Settlement Agreement, you will not receive a check from the Claim Administrator. Instead, your Settlement Payment will be distributed to the following charities as indicated below:

    a. Twenty-five percent (25%) to the City of Hope;
    b. Twenty-five percent (25%) to the American Cancer Society; and
    c. Fifty percent (50%) to the Lance Armstrong Foundation.

If you chose to voluntarily donate your individual Settlement Payment to the charities designated in the Settlement Agreement, you will receive a receipt for your donation. You should consult with your tax advisor concerning any deductions you may be entitled to take on your tax returns for donating your Settlement Payment.

If you wish to donate your Settlement Payment to the charities designated in the Settlement Agreement, please fill out the information below, and return this form to the Claim Administrator.

    I, _____[write your full name], wish to donate my Settlement Payment to the charities designated in the Settlement Agreement. I understand that by doing so, I will not receive a check for my Settlement Payment. Instead, my Settlement Payment will be donated to the charities designated in the Settlement Agreement. I understand that I will receive a receipt for my donation, and that it is my responsibility to consult with my tax advisor to determine what deductions, if any, I may be entitled to take on my tax returns for donating my Settlement Payment.

    [__] Check box if you wish to donate your Settlement Payment

**YOU SHOULD <u>ONLY</u> CHECK THE BOX ABOVE IF YOU WISH TO DONATE YOUR SETTLEMENT PAYMENT TO THE CHARITIES DESIGNATED IN THE SETTLEMENT AGREEMENT. <u>HOWEVER, IF YOU DO NOT SUBMIT A CLAIM FORM YOUR SETTLEMENT PAYMENT WILL BE DONATED TO THE DESIGNATED CHARITIES.</u>**

## VII: RELEASES:

**A. I understand that, pursuant to the terms of the Settlement Agreement, whether or not I submit this Claim Form, and whether or not I receive a Settlement Payment, as a Class Member I am fully releasing all Released Claims (including Unknown Claims) against the Releasees.**

"Released Claims" means: All claims, demands, rights, liabilities, and causes of action alleged in the Complaint, including (1) any and all claims that RadioShack or any Releasee failed to reimburse the Class Members for mileage and/or other expenses arising from the use of their personal vehicles to transfer merchandise between stores during the Settlement Period; and (2) any and all claims that RadioShack or any Releasee owes the Class Members any penalties pursuant to the California Private Attorneys General Act of

LA1 6919991.1

2004, California Labor Code sections 2699 *et seq.*, interest, attorneys' fees, arising from the claims alleged in the Complaint.

"Releasees" means RadioShack, and its parents, subsidiaries, affiliated companies and successors, and all of their respective shareholders, officers, directors, employees, administrators, fiduciaries, trustees, and agents.

"Unknown Claims" means any and all causes of action and claims alleged in the Litigation and/or arising from the facts alleged in the operative complaint and which I do not know or suspect to exist at the time of the release of the Releasees which, if known, might affect my release of any or all of the Releasees, or might affect my decision not to object to the Settlement Agreement.

B.   With respect to any and all Released Claims (including Unknown Claims) only, I understand that I have expressly waived the provisions, rights, and benefits of California Civil Code Section 1542, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

I understand that I may discover facts in addition to or different from those which I now know or believe to be true with respect to any or all of the Released Claims (including Unknown Claims), but I expressly fully, finally, and forever compromise, release, resolve, relinquish, discharge and settle any and all of the Released Claims (including Unknown Claims) without regard to the subsequent discovery or existence of such different or additional facts.

C.   I understand that I shall be permanently enjoined and forever barred from prosecuting any and all Released Claims (including Unknown Claims) against the Releasees.

D.   I understand that the Judgment entered by the Court in the Order of Final Approval of the Settlement Agreement shall have every preclusive effect permitted by law, and be final and binding, upon me regardless of whether I submit a Claim Form.

E.   I acknowledge that the foregoing waiver and release was separately bargained for and is a material element of the Settlement Agreement for which this release is a part.

F.   I further understand that the precise terms of the proposed Settlement are contained in the Settlement Agreement filed with the Court.

I have read and understand the foregoing releases.

*[You must sign and submit this original Claim Form under penalty of perjury, or your claim will be subject to denial.]*

I certify under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Dated: _____          _____
                                        SIGNATURE


                                        _____
                                        PRINT FULL NAME

## VIII. **IMPORTANT CLAIM DELIVERY INFORMATION:**

You may deliver the Claim Form to the Claim Administrator in person, or send it via first class United States mail or third party commercial carrier. *However, if the Claim Administrator determines that your Claim Form was not received or was postmarked after [INSERT DATE], the sole acceptable proof that you submitted the Claim Form to the Claim Administrator within the time period allowed shall be an original time stamp by the Claim Administrator demonstrating that it received the Claim Form, an original receipt from the United States Postal Service evidencing the mailing of such Claim Form by certified or registered mail, or an original receipt from the third-party commercial carrier (such as Federal Express) showing shipment by that carrier. As a result,*

*you may wish to consider sending this Claim Form to the Claim Administrator by certified or registered mail, or by third-party commercial carrier, and retaining the receipt. If you personally deliver the Claim Form you should obtain a receipt from the Claim Administrator.*

LA1 6919991.1

**EXHIBIT  C**

## NOTICE OF CLASS ACTION SETTLEMENT AND PRELIMINARY
## APPROVAL OF PAYMENT OF PAGA PENALTIES

To Whom It May Concern:

     This letter is intended to provide notice of the terms of a class action settlement and a payment to be made to the Labor and Workforce Development Agency in resolution of a claim brought under the Private Attorneys General Act of 2004 (Labor Code § 21699 et seq.).

     The parties in the matter *Richard Stuart v. RadioShack Corp.*, United States District Court for the Northern District of California Case No. C-07-04499 have entered into a settlement agreement of claims alleging that RadioShack failed to reimburse employees for mileage incurred in transporting products between stores in California, for the period from June 3, 2003,through October 1, 2009.  The proposed settlement was granted preliminary approval by United States District Court Judge Edward M. Chen and a hearing on final approval has been set for ___, 2010.

     The total settlement amount is $4.5 Million which includes all attorney's fees and costs, class representative enhancements and notice and claim administration costs.  A total of $66,666.00 of the total settlement has been allocated as penalties to resolve the plaintiffs' claims alleged under PAGA.  Of the $66,666, 75% of that amount or $50,000 will be paid to the Labor and Workforce Development Agency.

     If you have any questions regarding the foregoing, please contact Class Counsel, Scott A. Brooks of Daniels, Fine, Israel, Schonbuch & Lebovits LLP, 1801, Century Park East, 9th Floor, Los Angeles, California 90067, 310-556-7900, or Defendant's counsel, Andrew M. Paley of Seyfarth Shaw, 2029 Century Park East, Suite 3500, Los Angeles, California 90067, 310 277-7200.

**EXHIBIT  D**

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

10

| | |
|---|---|
| RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive, | ) ) ) ) Case No. C07-04499 EMC ) [Assigned to Magistrate Judge Edward M. Chen, Courtroom C] |
| Plaintiffs, | ) ) |
| v. | ) **CLASS ACTION** ) ) **[PROPOSED] ORDER** |
| RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive, | ) **GRANTING FINAL APPROVAL** ) **OF CLASS SETTLEMENT,** ) **AWARD OF ATTORNEY'S FEES** ) **AND EXPENSES, AND RELEASE** ) **OF ALL CLAIMS BY CLASS** |
| Defendants. | ) **MEMBERS** ) |

18
19
20

The Court has received and reviewed the application for final approval of the settlement of this class action and an award of plaintiffs' attorneys fees and reimbursement of expenses. In addition, the Court has received and reviewed the proposed Class Action Settlement Agreement.

GOOD CAUSE APPEARING, this Court makes the following ORDER:

1.    The Class covered by this Order is defined as:

All persons employed by RadioShack within the State of California, at any time from June 3, 2003, to October 1, 2009 (the "Settlement Period"), who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who

1    were not reimbursed for mileage, and who did not opt out of the Litigation in

2    response to the Notice of Class Certification.

3         2.    The Settlement Agreement is granted final approval.  It appears, and

4    this Court finds, that the Settlement Agreement has no obvious defects, is fair,

5    reasonable and adequate, was negotiated in good faith and at arms' length and is in

6    the best interests of the Class as a whole.  The Court further orders the parties to

7    carry out the provisions of the Settlement Agreement.

8         3.    The Court hereby grants and approves the application presented by

9    Plaintiffs' Attorneys for an award of attorneys fees in the amount of

10   $_____.

11        4.    The Court hereby grants and approves the application presented by

12   Plaintiffs' Attorneys for reimbursement of expenses in the sum of $_____.

13   The Court notes and understands that a portion of this sum represents an estimate

14   of future costs related to the administration of the Settlement Agreement, and

15   orders that any such costs not incurred shall remain as a portion of the "Settlement

16   Proceeds" (as defined in Section II, Paragraph 19 of the Settlement Agreement)

17   and shall be available for distribution to Settlement Class Members in accordance

18   with the terms of the Settlement Agreement.

19        5.    As of _____, 2010, the Court hereby dismisses with

20   prejudice all actions, complaints and claims and any lawsuit against RadioShack

21   and/or the "Released Parties" or "Releasees" (as defined in Section III, Paragraph

22   (3) of the Settlement Agreement) arising out of, or related to, any of the causes of

23   actions or events complained of in the Complaint filed herein.

24        6.    As of _____, 2010, the Court adjudges that:

25             (a)    all Settlement Class Members are conclusively deemed to have

26   released the Released Parties from the "Released Claims" (as defined in Section

27   III, Paragraph (3)(a) of the Settlement Agreement).

28

1       7.    The Court bars and permanently enjoins each Settlement Class

2 Member from prosecuting against the Releasees any and all of the settled claims

3 which the Settlement Class Members have or may have in the future, arising out

4 of, based upon, or otherwise related to any of the settled claims, or any of the

5 allegations contained in the Litigation.

6       8.    The Court bars and permanently enjoins each person in the Class who

7 opted not to participate in the settlement from participating in any future class

8 action regarding the claims raised in the Litigation.

9       9.    The Court reserves continuing jurisdiction to enforce the terms of the

10 Judgment.

11       IT IS SO ORDERED

12

13 DATED: _____

14

15 _____
Honorable Edward Chen
Honorable Judge of the District Court

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[PROPOSED ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARD OF ATTORNEY'S FEES AND EXPENSES, AND RELEASE OF ALL CLAIMS BY CLASS MEMBERS

LA1 6916443.2                         CASE NO. C07-04499 EMC

**EXHIBIT E**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| RICHARD STUART, individually, and on behalf of all others similarly situated and the California general public; and DOES 1 through 1000, inclusive,<br><br>   Plaintiffs,<br><br>v.<br><br>RADIOSHACK CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. C07-04499 EMC<br><br>[Assigned to Magistrate Judge Edward M. Chen, Courtroom C]<br><br>**CLASS ACTION**<br><br>**[PROPOSED] JUDGMENT** |

The Court, on _____, 2010, issued its Order Granting Final Approval of Class Settlement, Award of Attorney's Fees and Expenses, and Release of All Claims by Class Members ("Order Granting Final Approval") granting approval to the Class Action Settlement Agreement in this matter.

The Court hereby ORDERS ENTRY OF JUDGMENT as follows:

1. The Class as to whom this judgment applies is defined as:

All persons employed by RadioShack within the State of California, at any time from June 3, 2003, to October 1, 2009 (the "Settlement Period"), who drove their personal vehicles to and from RadioShack stores to carry out ICSTs and who

were not reimbursed for mileage, and who did not opt out of the Litigation in response to the Notice of Class Certification.

2.     Persons who requested exclusion from the Class (a) will not participate in the recovery obtained through the Settlement Agreement, and (b) are entitled to prosecute an individual lawsuit, or an individual claim with the California Labor Commission, in accordance with California law, but may not pursue any claim alleged in the Complaint as part of a class action.

3.     The parties shall comply with the terms and conditions of the Settlement Agreement and of the Order Granting Final Approval.  Upon such compliance, and in accordance with the terms of the Order Granting Final Approval, the matter and the Complaint on file herein shall be dismissed in its entirety, with prejudice.  The Court shall retain jurisdiction over the parties to enforce the terms of this Judgment.

DATED:  _____

_____
Honorable Edward Chen
Honorable Judge of the District Court

LA1 6916551.2

**PROOF OF SERVICE**

State of California       )
County of Los Angeles    )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1801 Century Park East, Ninth Floor, Los Angeles, California 90067. On February 24, 2010, I served the within document(s):

DECLARATION OF SCOTT A. BROOKS IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

by placing a true copy thereof in sealed envelopes as stated on the attached mailing list.

| XX | **BY MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice a true copy would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

|  | **BY PERSONAL SERVICE** I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached mailing list. |

|  | **BY OVERNIGHT DELIVERY SERVICE** I caused such envelope to be deposited with an overnight delivery service (Overnite Express/Federal Express) for delivery the next court day, or at most, within two court days of the above date. |

| XX | **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

| XX | (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |

|  | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed on February 24, 2010, at Los Angeles, California.

_Christine_ _____
Christine Tucker

## SERVICE LIST

Ian Herzog, Esq.
Law Offices of Ian Herzog
233 Wilshire Boulevard
Suite 550
Santa Monica, California 90401

Stephen Glick, Esq.
Law Offices of Stephen Glick
1055 Wilshire Boulevard
Suite 1480
Los Angeles, California 90017

Andrew M. Paley, Esq.
David D. Jacobson, Esq.
Seyfarth Shaw, LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067-3063


2637-002